CASREF, CLOSED, JURY, PATENT, STAGE1

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Sherman)
## CIVIL DOCKET FOR CASE #: 4:06-cv-00486-MHS-DDB

Luv N' Care, LTD. v. Bamed AG
Assigned to: Judge Michael H. Schneider
Referred to: Magistrate Judge Don D. Bush
Cause: 35:145 Patent Infringement

Date Filed: 12/01/2006
Date Terminated: 04/10/2008
Jury Demand: Plaintiff
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Luv N' Care, LTD.**

represented by **Morris E Cohen**
Law Office of Morris E Cohen, PC
1122 Coney Island Ave.
Ste 216-217
Brooklyn, NY 11230
718/859-8009
Fax: 718/859-3044
Email: mcohen@ipcases.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joe D Guerriero**
Joe D. Guerriero
Luv N' Care Ltd
3030 Aurora Ave
Monroe, LA 71201
318-338-3603
Fax: 318-388-5892
Email: joed@luvncare.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bamed AG**

represented by **P Branko Pejic**
Greenblum & Bernstein - Reston
1950 Roland Clarke Place
Reston, VA 20191
703/716-1191
Fax: 703/716-1180
Email: bpejic@gbpatent.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lance Lee**

Young Pickett & Lee
4122 Texas Blvd
PO Box 1897
Texarkana, TX 75504-1897
903/794-1303
Fax: 19037945098
Email: wlancelee@aol.com
*ATTORNEY TO BE NOTICED*

**Michael J Fink**
Greenblum & Bernstein - Reston
1950 Roland Clarke Place
Reston, VA 20191
703/716-1191
Fax: 703/716-1180
Email: mfink@gbpatent.com
*ATTORNEY TO BE NOTICED*

**Neil F Greenblum**
Greenblum & Bernstein - Reston
1950 Roland Clarke Place
Reston, VA 20191
703/716-1191
Fax: 703/716-1180
Email: ngreenblum@gbpatent.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/01/2006 | 1 | COMPLAINT with Jury Demand against Bamed AG (Filing fee $ 350. Receipt #4-1-1332) , filed by Luv N' Care, LTD. (Attachments: # 1 Civil Cover Sheet)(ttm, ) (Entered: 12/04/2006) |
| 12/01/2006 | 2 | CORPORATE DISCLOSURE STATEMENT filed by Luv N' Care, LTD. (ttm, ) (Entered: 12/04/2006) |
| 12/05/2006 | 3 | CASE REFERRED to Magistrate Judge Don D. Bush pursuant to Standing Order. (ttm, ) (Entered: 12/05/2006) |
| 12/05/2006 | 4 | Magistrate Consent Form emailed to attorney for Luv N' Care, LTD with (Attachments: # 1 Notice of Case Assignment form) (ttm, ) (Entered: 12/05/2006) |
| 12/05/2006 | 5 | Form mailed to Commissioner of Patents and Trademarks with copy of complaint. (ttm, ) (Entered: 12/05/2006) |
| 04/24/2007 | | Notified Attorney, Joe D Guerriero, Per GO 04-12, this court no longer accepts pleadings in paper form. The Clerk will no longer mail or fax notices or orders to parties. All notices and orders generated by this court shall be sent electronically. (mailed original pleading back to attorney is SASE) (ttm, ) (Entered: 04/24/2007) |

| | | |
|---|---|---|
| 04/24/2007 | 6 | MOTION Extension of time to have summons issued and served. by Luv N' Care, LTD. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) Additional attachment(s) added on 4/24/2007 (ttm, ). (Entered: 04/24/2007) |
| 07/06/2007 | 7 | ORDER granting 6 Motion extension of time for 90 days from the date of this Order to obtain summons and make service on Dft Bamed AG. Signed by Judge Don D. Bush on 75/07. (ttm, ) (Entered: 07/06/2007) |
| 07/26/2007 | 8 | E-GOV SEALED SUMMONS Issued as to Bamed AG and emailed to attorney for service. (ttm, ) (Entered: 07/26/2007) |
| 10/04/2007 | 9 | MOTION for Extension of Time to File *Service* by Luv N' Care, LTD.. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) (Entered: 10/04/2007) |
| 11/06/2007 | 10 | Supplemental MOTION Extension of Time *for making service upon Defendant* by Luv N' Care, LTD.. (Attachments: # 1 Text of Proposed Order)(Guerriero, Joe) (Entered: 11/06/2007) |
| 11/09/2007 | 11 | ORDER granting 9 Motion for Extension of Time to File, granting 10 Supplemental Motion for extension of time to obtain summons and make service upon Defendant Bamed AG. IT IS ORDERED that Luv n' care, Ltd. be GRANTED thirty days from date of this order within which to obtain summons and make service upon Defendant Bamed AG. . Signed by Judge Don D. Bush on 11/09/07. (lhj, ) (Entered: 11/09/2007) |
| 11/26/2007 | 12 | E-GOV SEALED SUMMONS Returned Executed by Luv N' Care, LTD. Bamed AG served c/o Nicklaus Schertenleib on 10/26/2007, answer due 11/15/2007. (kls, ) (Entered: 11/28/2007) |
| 01/15/2008 | 13 | MOTION to Dismiss by Bamed AG. (Attachments: # 1 Declaration of P. Branko Pejic# 2 Exhibit A to Pejic Dec.# 3 Exhibit B to Pejic Dec.# 4 Exhibit C to Pejic Dec.# 5 Exhibit D to Pejic Dec.# 6 Exhibit E to Pejic Dec.# 7 Exhibit F to Pejic Dec.# 8 Exhibit G to Pejic Dec.# 9 Exhibit H to Pejic Dec.# 10 Exhibit I to Pejic Dec.# 11 Exhibit J to Pejic Dec.# 12 Exhibit K to Pejic Dec.# 13 Text of Proposed Order)(Lee, Lance) (Entered: 01/15/2008) |
| 01/18/2008 | 14 | CORPORATE DISCLOSURE STATEMENT filed by Bamed AG identifying none as Corporate Parent. (Lee, Lance) (Entered: 01/18/2008) |
| 01/18/2008 | 15 | APPLICATION to Appear Pro Hac Vice by Attorney P Branko Pejic for Bamed AG, Michael J Fink for Bamed AG. (Attachments: # 1 PHV Michael J Fink# 2 RECEIPT 5-1-1216 for Michael Fink & Branko Pejic) (rml, ) (Entered: 01/18/2008) |
| 01/18/2008 | 16 | APPLICATION to Appear Pro Hac Vice by Attorney Neil F Greenblum for Bamed AG. (Attachments: # 1 RECEIPT 5-1-1215)(rml, ) (Entered: 01/18/2008) |
| 01/30/2008 | 17 | RESPONSE in Opposition re 13 MOTION to Dismiss *filed by Luv N' Care, LTD..* (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 |

|  |  | Exhibit I)(Cohen, Morris) Additional attachment(s) added on 1/31/2008 (kls, ). (Entered: 01/30/2008) |
|---|---|---|
| 02/11/2008 | 18 | REPLY to Response to Motion re 13 MOTION to Dismiss *REPLY OF BAMED IN SUPPORT OF ITS MOTION TO DISMISS filed by Bamed AG*. (Attachments: # 1 Declaration of P. Branko Pejic# 2 Exhibit A to Pejic Declaration# 3 Exhibit B to Pejic Declaration# 4 Exhibit C to Pejic Declaration# 5 Exhibit D to Pejic Declaration# 6 Exhibit E to Pejic Declaration)(Lee, Lance) (Entered: 02/11/2008) |
| 03/11/2008 | 19 | Joint MOTION for Entry of an Order Transferring Case by Bamed AG. (Attachments: # 1 Exhibit A# 2 Text of Proposed Order)(Lee, Lance) (Entered: 03/11/2008) |
| 03/17/2008 | 20 | ORDER granting 19 Joint Motion for Order Transferring Case. ORDERED that this matter is Transferred to the District of Delaware. It is further ORDERED that any and all pending Motions are DENIED. Signed by Judge Michael H. Schneider on 3/13/2008. (kls, ) (Entered: 03/17/2008) |
| 04/10/2008 |  | Interdistrict transfer to the District of Delaware. (kls, ) (Entered: 04/10/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/14/2008 15:11:10 | | |
| **PACER Login:** | ud0037 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 4:06-cv-00486-MHS-DDB |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telephone: 718-859-8009
Facsimile: 718-859-3044
Email: mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telephone: 318-338-3603
Facsimile: 318-388-5892
Email: joed@luvncare.com

Attorneys for Plaintiff

FILED-CLERK
U.S. DISTRICT COURT

2006 DEC -1  PM 1:24

TEXAS-EASTERN

BY_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| LUV N' CARE, LTD.<br><br>                    Plaintiff,<br><br>          v.<br><br>BAMED AG,<br><br>                    Defendant. | Civil Action No.:  4:06 cv 486<br><br><br><br>JURY TRIAL |

## **COMPLAINT**

Plaintiff Luv n' care, Ltd. ("Luv n' care") by and through their counsel, hereby complains against Defendant Bamed AG ("Bamed") as follows:

## BACKGROUND AND FACTS

1.  The following are Luv n' care's claims for a declaratory judgment of patent invalidity and non-infringement pursuant to 28 U.S.C. §2201 and §2202.

2.  These claims arise under the United States Patent Laws, 35 U.S.C. §1 et seq. The Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §1331 and §1338.

3.  Venue in proper in this judicial district for the present counterclaims under 28 U.S.C. §1391 and §1400.

4.  Plaintiff Luv n' care, Ltd. ("Luv n' care") is a corporation which is organized and existing under the laws of Louisiana, with a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

5.  Defendant Bamed AG ("Bamed") is a corporation organized and existing under the laws of Switzerland, with a place of business at Wilenstrasse 17, 8832 Wollerau, Switzerland.

6.  By letter dated November 7, 2006 and forwarded to Luv n' care, Bamed has alleged that it is the owner of U.S. Patent No. 6,514,275 B2 ("the '275 patent") and U.S. Patent No. D441,083 S ("the '083 patent") (collectively, "the Bamed patents"), and has alleged that pacifiers offered for sale by Luv n' care infringe the Bamed patents.

7.  Due to Bamed's letter, an actual controversy exists with Bamed with respect to the Bamed patents and Luv n' care's activities, giving rise to the present action. Accordingly, the present action has been filed by Luv n' care due to the invalidity and noninfringement of the Bamed patents, as set forth below.

## FIRST CAUSE OF ACTION
## PATENT INVALIDITY AND UNENFORCEABILITY

8.    The asserted claims of the Bamed patents are invalid and unenforceable as they do not

comply with the conditions and requirements for patentability set forth in the patent statutes

and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1 et seq.

9.    The claims of the Bamed patents are invalid pursuant to 35 U.S.C. §102 and §103.

10.    The claims of the Bamed patents are further invalid pursuant to 35 U.S.C. §112.

11.    Upon information and belief, the claims of the Bamed patents are further unenforceable due

to Bamed's inequitable conduct before the U.S. Patent Office.

## SECOND CAUSE OF ACTION
## NONINFRINGEMENT

12.    Luv n' care has not engaged in any acts of infringement, nor directly infringed, actively

induced, or contributed to infringement, of any valid claim of the Bamed patents under 35

U.S.C. §271.

13.    Bamed is not entitled to any injunctive relief under the standards applicable thereto, nor to

any equitable relief, or to any other form of relief.

## THIRD CAUSE OF ACTION
## FAILURE TO COMPLY WITH 35 U.S.C. §287

14.    Upon information and belief, Bamed has failed to comply with the marking requirements of

35 U.S.C. §287, and is therefore precluded from requesting or recovering damages for any

alleged actions that occurred prior to any alleged date of actual notice to Luv n' care of

Bamed's claims of alleged infringement of the Bamed patents.


15.    Luv n' care reserves the right to assert any further claims, causes of action, positions and

defenses that it becomes aware of during discovery or at trial, as applicable.

## REQUEST FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Luv n' care hereby requests a jury trial in this action as to all issues of fact triable by jury.

WHEREFORE, Plaintiff Luv n' care, Ltd. hereby prays for judgment as follows:

A.    That the Bamed patents be declared invalid, void, and unenforceable, and that Luv n' care be granted a declaratory judgment of the same;

B.    That Luv n' care has not directly infringed, actively induced, or contributed to infringement of any valid claim of the Bamed patents, and has not otherwise committed any acts that constitute infringement under 35 U.S.C. §271, and that it be granted a declaratory judgment of the same;

C.    That Bamed and its counsel, officers, agents, directors, and employees, and all persons in active concert or participation with any of them, be enjoined from directly or indirectly asserting or threatening to assert the Bamed patents against Luv n' care, or any of its agents, officers, directors, employees, suppliers, or customers;

D.    That this case be deemed exceptional pursuant to 35 U.S.C. §285, that Luv n' care be awarded its reasonable attorneys' fees, costs and expenses, and that such award to Luv n' care be trebled; and,

E.    That the Court grant Luv n' care such other and further relief and damages as it may deem just and proper.

Dated: November 30, 2006                      Respectfully submitted,


Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telephone:  718-859-8009
Facsimile:  718-859-3044
Email:  mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telephone:  318-338-3603
Facsimile:  318-388-5892
Email: joed@luvncare.com

Attorneys for Plaintiff
Luv n' care, Ltd.

4019 / 40BH

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

4:06cv 486

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Luv n' care, Ltd.

**DEFENDANTS**

Bamed AG

**(b)** County of Residence of First Listed Plaintiff   **Ouachita Parish, LA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Switzerland
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Office of Morris E. Cohen, P.C., 1122 Coney Island Avenue, Stes 216-217, Brooklyn, New York, 11230; 718-859-8009

Attorneys (If Known)

4:06W486

*(stamp: CLERK, U.S. DISTRICT COURT RECEIVED DEC 1 2006 EASTERN DIST. OF TEXAS)*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. §1 et seq. (pursuant to 28 USC §2201 and 2202);

Brief description of cause:
Declaratory Judgment of Patent Invalidity and Noninfringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11/30/2006

SIGNATURE OF ATTORNEY OF RECORD   *(signature)*  MORRIS E. COHEN

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. | **Civil Action No.:** |
| Plaintiff, | 4:06cv 486 |
| v. | |
| BAMED AG, | |
| Defendant | JURY TRIAL |

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
DEC - 4 2006
DAVID J. MALAND, CLERK
BY
DEPUTY

## DISCLOSURE OF INTERESTED PARTIES

To enable Judges and Magistrate Judges to evaluate possible disqualification or recusal, the

undersigned counsel for Luv n' care, Ltd. (a private non-governmental party) hereby certifies that

the following are corporate parents, affiliates, and/or subsidiaries of Luv n' care, Ltd. which are

publicly held:

None.

Dated: November 30, 2006                          Respectfully submitted,


Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telephone: 718-859-8009
Facsimile: 718-859-3044
Email: mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telephone: 318-338-3603
Facsimile: 318-388-5892
Email: joed@luvncare.com

Attorneys for Plaintiff
Luv n' care, Ltd.

# UNITED  STATES  DISTRICT  COURT
# EASTERN  DISTRICT  OF  TEXAS

**MAGISTRATE REFERRAL**

CIVIL ACTION NO.  4:06cv486

Luv N' Care, LTD

v.

Bamed AG

Pursuant to a Standing Order, certain civil suits are referred at the time of the filing equally among magistrate judges.   Therefore, the above-entitled action has been referred to:

Magistrate Judge  Don DBush

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF TEXAS
_____ SHERMAN DIVISION

| | | |
|---|---|---|
| Luv N' Care, LTD | § | |
| | § | |
| vs. | § | CASE NO.   4:05cv486 |
| | § | |
| Bamed AG | § | |
| | § | |

**CONSENT TO PROCEED BEFORE UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. Section 636(c), you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment.  Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.   You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's trial jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

**NOTICE**

In accordance with the provisions of 28 U.S.C. 636(c), the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

Signatures                              Party Represented                    Date

_____        _____        _____
_____        _____        _____
_____        _____        _____

Dated:_____

# UNITED  STATES  DISTRICT  COURT
# EASTERN  DISTRICT  OF  TEXAS

### NOTICE OF CASE ASSIGNMENT

Judge  Michael H. Schneider

CAUSE STYLE:                                              CAUSE NO:

Luv N' Care, LTD.                                                    4:06cv485
        V.
Bamed AG

       This is to advise you that the above cause has been filed/transferred and bears the above case number and style.  All future instruments should be referred to by this number and filed with the appropriate divisional office of the Eastern District of Texas.

       You are further advised that this case has been assigned to the above named judge.

Date:  December 5, 2006                              DAVID J. MALAND, CLERK

✎ AO 120 (Rev. 3/04)

| TO: Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Eastern District of Texas___ on the following ☑ Patents or ☐ Trademarks:

| DOCKET NO. 4:06-cv-00486 | DATE FILED 12/1/2006 | U.S. DISTRICT COURT Eastern District of Texas |
|---|---|---|
| PLAINTIFF<br><br>Luv n' care, Ltd. | | DEFENDANT<br><br>Bamed AG |

| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  6,514,275 B2 | 2/4/2003 | |
| 2  D441,083 S | 4/24/2001 | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment     ☐ Answer     ☐ Cross Bill     ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK   *David Malone* | (BY) DEPUTY CLERK | DATE 12/5/06 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director     Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director     Copy 4—Case file copy

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                              Civil Action No.:    4:06cv486

      Plaintiff,

   v.

BAMED AG,                                     JURY TRIAL

     Defendant.

## MOTION

Luv n' care, Ltd. was advised by this Honorable Court that no summons had been issued nor service made on the Defendant in this matter.

The principals of the respective parties, Plaintiff and Defendant, have been negotiating directly with each other toward an amicable resolution of the claims presented herein by Plaintiff, and counterclaims presented verbally by Defendant.

No attorney for either side has partaken in any of these negotiations and while it is the goal of both parties to try to amicably resolve this matter, as of this date no final agreement has been reached as to all matters between the parties although substantial progress has been made since negotiations began.

In light of the time that has transpired, Luv n' care, Ltd. asks leave of Court for a ninety (90) day extension within which to have summons issued and service made on the Defendant, and the reason for the amount of time requested is that service must be made on the Defendant under the Hague Convention, which requires that the pleadings be translated and served under the rules and regulations of said Convention.

Wherefore, Luv n' care, Ltd. prays that this motion be duly filed and that after due consideration of same by this Honorable Court, that this Court grant to Luv n' care, Ltd. ninety (90) days from the date of any Order signed within which Luv n' care, Ltd. must obtain summons and make service upon Defendant or have its case dismissed.

Further prays for full, general and equitable relief.

Respectfully submitted,

Joe D. Guerriero
3030 Aurora Avenue, Second Floor
Monroe, Louisiana 71201
Telephone:     (318) 338-3603
Facsimile:     (318) 388-5892
Email:         joed@luvncare.com

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue
Suites 216-217
Brooklyn, New York 11230
Telephone:     (718) 859-8009
Facsimile:     (718) 859-3044
Email:         mcohen@ipcases.com

Attorneys for Luv n' care, Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                          Civil Action No.:        4:06cv486

      Plaintiff,

  v.

BAMED AG,                                          JURY TRIAL

      Defendant.

## **ORDER**

Considering the above and foregoing Motion for Extension of Time (Dkt. No. 6),

IT IS ORDERED that Luv n' care, Ltd. be GRANTED ninety (90) days from the date

of this Order within which to obtain summons and make service upon Defendant Bamed

AG

    **SIGNED this 5th day of July, 2007.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

# SEALED

# DOCUMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                              Civil Action.:    4:06cv486

        Plaintiff,

   v.

BAMED AG,                                      JURY TRIAL

        Defendant

## **MOTION**

    Luv n' care, Ltd. had previously filed a motion asking for an extension of

time within which it makes service on the defendant Bamed AG and this court

graciously signed an order on July 5th, 2007 granting an additional 90 days to

make said service.

    Luv n' care, Ltd. shows, however, that despite the fact that it immediately

had the summons and complaint transcribed into Swiss and sent off for service

through Process Forwarding International to make said service, it learned today

that the papers had been sent back from Switzerland as being "Non-translated";

Process Forwarding International could not figure out why the papers had been

sent back since there was a complete translation of the summons and the

complaint into Swiss, but upon inquiry being made it was discovered that the

Canton (state) in Switzerland is a Germany speaking province and the papers had

to be translated into German, a fact not know to either plaintiff or to Process

Forward International at the time the service was requested.

Mover shows that in light of the above set of facts and that the 90 days

previously granted extension expires today, plaintiff reluctantly asks this

Honorable Court for an additional 90 day extension within which to have the

summons issued and service made on the defendant according to the International

Rules required for said service.

Respectfully submitted,

Joe D. Guerriero
3030 Aurora Avenue, Second Floor
Monroe, Louisiana 71201
Telephone:    (318) 338-3603
Facsimile:    (318) 388-5893
E-mail:       joed@luvncare.com

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue
Suites 216-217
Brooklyn, New York 11230
Telephone:    (718) 859-8009
Facsimile:    (718) 859-3044
E-mail:       mcohen@ipcases.com

Attorneys for Luv n' care, Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                              Civil Action.:    4:06cv486

          Plaintiff,

     v.

BAMED AG,                                         JURY TRIAL

          Defendant

## **ORDER**

Considering the above and foregoing Motion for Extension of Time (Dkt. No. 6),

IT IS ORDERED that Luv n' care, Ltd. be GRANTED ninety (90) days from the

date of this order within which to obtain summons and make service upon Defendant

Bamed AG.

**SIGNED this _____ day of _____, 2007.**


_____

UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                                    Civil Action.:    4:06cv486

       Plaintiff,

  v.

BAMED AG,                                           JURY TRIAL

       Defendant

## **ORDER**

Considering the above and foregoing Motion for Extension of Time (Dkt. No. 6),

IT IS ORDERED that Luv n' care, Ltd. be GRANTED ninety (90) days from the

date of this order within which to obtain summons and make service upon Defendant

Bamed AG.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                                    Civil Action No.:      4:06cv486

                    Plaintiff,

        v.

BAMED AG,                                                JURY TRIAL

                    Defendant.

## SUPPLEMENT TO MOTION TO EXTEND TIME

    Mover, Luv n' care, Ltd. has been informed by Process Forwarding International (PFI), the service agency who handled service of process in this matter, that delivery of service of process upon BAMED AG has been completed as of October 26, 2007 via service on Nicklaus Schertenleib from BAMED AG; moreover, attorney for said Defendant has discussed response time and subject to this Court's consideration of same, Plaintiff has no objection to allowing Defendant until January 15, 2008 to respond.

    Mover therefore asks this Court to take the above facts into consideration in furtherance of its original Motion to Extend Time for making service upon Defendant.

    WHEREFORE, Mover prays that this Motion be filed and that after due consideration of it and Mover's original Motion that this Court grant an extension of time as prayed for in Mover's original Motion.

                                        Respectfully submitted,

                                        Joe D. Guerriero        Bar #06391
                                        3030 Aurora Avenue, Second Floor
                                        Monroe, Louisiana  71201
                                        Telephone:    (318) 338-3603
                                        Facsimile:    (318) 388-5892
                                        Email:        joed@luvncare.com

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue
Suites 216-217
Brooklyn, New York  11230
Telephone:     (718) 859-8009
Facsimile:     (718) 859-3044
Email:          mcohen@ipcases.com

Attorneys for Luv n' care, Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by U.S.

Mail, postage prepaid, to the following counsel of record on this the 6TH day of

November, 2007:

P. Branko Pejic
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191

Joe D. Guerriero

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                           Civil Action No.:      4:06cv486

      Plaintiff,

   v.

BAMED AG,                                  JURY TRIAL

      Defendant.

## **ORDER**

Considering the above and foregoing Motion:

IT IS ORDERED that Luv n' care, Ltd. be granted ninety (90) days from the date
of this Order within which to obtain summons and make service upon Defendant Bamed
AG, or in default thereof that its case be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD                              Civil Action.:    4:06cv486

        Plaintiff,

    v.

BAMED AG,                                     JURY TRIAL

        Defendant

## **ORDER**

Considering the above and foregoing Motion for Extension of Time (Dkt. No. 9),

IT IS ORDERED that Luv n' care, Ltd. be GRANTED thirty (30) days from the

date of this order within which to obtain summons and make service upon Defendant

Bamed AG.

Defendant's answer shall be due in accordance with the Rules of Civil Procedure.

**SIGNED this 9th day of November, 2007.**

_Don D. Bush_

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

SEALED
DOCUMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## <u>MOTION TO DISMISS PURSUANT TO RULES 12, 19 AND</u>
## <u>THE FEDERAL DECLARATORY JUDGMENT ACT</u>

Defendants move to dismiss pursuant to Rules 12(b)(1), (b)(2), (b)(4), (b)(5), (b)(7) and/or 19 of the Federal Rules of Civil Procedure, and/or the Federal Declaratory Judgment Act.

### I.    **Introduction**

This case should be dismissed for lack of jurisdiction, insufficient process and failure of service, and/or failure to join a necessary and indispensable party.  The Court should also decline to exercise jurisdiction over the instant declaratory judgment action under the broad discretionary powers of the Federal Declaratory Judgement Act.  In the alternative, the Court should consolidate this declaratory judgment action with the patent infringement action pending in Delaware, involving the same parties and patents.[1]

Plaintiff Luv n' care, Ltd. ("Luv n' care") filed the present declaratory judgment action in bad faith.  Upon assertion of the patents, Plaintiff Luv n' care feigned interest in negotiations, and suggested that involvement of counsel was not necessary.  Simultaneously, Luv n' care

---

[1]    The pending action in Delaware also includes another accused infringer, Munchkin, Inc., who has answered.  As such, the Delaware action will go forward regardless of this Court's ruling on Bamed's Motion to Dismiss.

consulted counsel, and surreptitiously filed the present declaratory judgment complaint ("DJ complaint") seeking a finding of noninfringement, invalidity and/or unenforceability of United States Patent No. 6,514,275[2] ("the Bamed '275 patent") and United States Patent No. D441,083[3] ("the MAM '083 design patent") ("the Texas DJ action").

Luv n' care's declaratory judgment action, however, suffers from multiple fatal defects. Bamed AG ("Bamed") does not manufacture or sell products into the State of Texas, has no contacts with the State of Texas and is not subject to personal jurisdiction in this District. Moreover, Luv n' care failed to join a necessary and indispensable party to the case; namely MAM Babyartikel, GmbH ("MAM") the owner of the MAM '083 design patent.  MAM has no continuous, systematic or ongoing contacts with the State of Texas, and is, likewise, not subject to personal jurisdiction in this District.

Thereafter, while Bamed was negotiating in good faith, Luv n' care engaged in a pattern of deceit and inexcusable neglect in failing to serve the DJ complaint.  After filing suit, on December 1, 2006, Luv n' care allowed the 120 day period to lapse.  Luv n' care did not seek a summons until July 6, 2007, eight (8) months after filing the DJ complaint.  At that time, Luv n' care also requested a first extension to serve the complaint.

Despite citing the Hague Convention as a basis for seeking its first extension and the passage of eight (8) months within which to prepare the service papers, Luv n' care's first attempt to serve the DJ complaint failed to comply with the requirements of the Hague Convention.  Rather than translate the papers into German as required in the Canton (Swiss state) where Bamed is located, Luv n' care inexplicably translated the DJ complaint into Swedish.  As

---

[2]     The '275 Bamed patent is assigned to Bamed AG.

[3]     The MAM '083 design patent is assigned to non-party MAM Babyartikel, GmbH.

such, the Swiss authorities properly returned the Swedish language DJ complaint to Luv n' care without serving it.

Luv n' care then filed a motion seeking a second extension, on October 4, 2007, the very day the first extension expired. Luv n' care then compounded its bad faith by misrepresenting the basis for seeking a second extension. Luv n' care asserted that the attempted service was refused because Luv n' care <u>inadvertently</u> translated the DJ complaint into <u>Swiss</u>, instead of German. Luv n' care attributed this defect to Luv n' care[4] being unaware that the Hague Convention required German language service papers in the Canton, where Bamed is located.

These statements are simply not credible. Luv n' care had ample time to familiarize itself with the Hague Convention rules, and properly prepare the necessary papers. Moreover, these requirements are readily available, *inter alia*, on the U.S. State Department's web page. <u>But more importantly, there is no such language as Swiss.</u> The official languages of Switzerland are German, French, Italian and Romansh.

Bamed discovered Luv n' care's bad faith in seeking negotiations as a pretext to gain an improper advantage as a result of Luv n' care's attempted service of the Swedish language DJ complaint. Bamed promptly contacted counsel, and a patent infringement complaint was prepared and filed in the U.S. District Court for the District of Delaware ("Delaware complaint" or "action") on October 4, 2007, upon the expiration of the time for proper service of the Texas DJ complaint. The Delaware action mirrors this action including all claims asserted by Luv n' care herein, such that all disputes may be fully litigated in Delaware. But there are important differences. The Delaware action includes all necessary and indispensable parties: both Bamed

---

[4]    Luv n' care also asserted, without any supporting documentation, that Process Forwarding International, a professional process server, was unaware of this requirement, which is suspect.

and MAM, who are both subject to personal jurisdiction in Delaware, unlike this District.  In addition, the Delaware action includes another accused infringer, Munchkin.

Furthermore, service of the Delaware complaint on Luv n' care was perfected before the Texas DJ complaint was served on Bamed.  Service of the Delaware complaint was perfected, on October 5, 2007, three weeks before the Texas DJ complaint was served on Bamed.  (Delaware Notice; Ex. A).  Moreover, the DJ complaint was served after the first granted extension of time had expired, and before the second extension was retroactively granted.

After Luv n' care was served, in-house counsel for Luv n' care requested a sixty (60) day extension to respond to the Delaware complaint.  Luv n' care then continued its pattern of deception by filing a misleading supplemental motion for a second extension on November 6, 2007.  In the supplemental motion, Luv n' care failed to disclose the Delaware action, and the Court, without knowledge of Luv n' care's charade or the pending Delaware action, retroactively granted Luv n' care's second request for an extension to serve the Texas DJ complaint.

In view of the lack of personal jurisdiction and of Luv n' care's continuous bad faith throughout the eleven (11) months prior to serving the DJ complaint, the Court should dismiss the Texas DJ action, or in the alternative, consolidate this DJ action with the Delaware action.

## II.    The Texas DJ action should be dismissed because Bamed has no contacts with the State of Texas and is not subject to personal jurisdiction in this District

As the declaratory judgment plaintiff, Luv n' care bears the burden of establishing that the Court has personal jurisdiction over Bamed.  *Arriaga v. Imperial Palace, Inc.*, 252 F.Supp.2d 380, 383 (S.D. Tex. 2003)(citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000)).  Here, the acts giving rise to Luv n' care's claims did not occur in the State of Texas. As such, Luv n' care must establish that the Court may properly exercise general jurisdiction

over Bamed.  *Jones v. Petty-Ray Geophysical Geosource, Inc.*,  954 F.2d 1061, 1068 (5th Cir. 1992);  *Williams v. Wilson*, 939 F.Supp. 543, 547 (W.D. Tex. 1995).

Here, Bamed has no contacts with the State of Texas, let alone continuous, systematic and ongoing contacts with this District.  *Electric & Gas Tech., Inc. v. Universal Commun. Sys.*, 2003 WL 22838719 *5 (N.D. Tex. 2003).  Bamed does not manufacture or sell products in the State of Texas; does not maintain an office or other business establishment in the State of Texas; does not own property in the State of Texas; does not have any bank accounts in the State of Texas; and has no registered agent in the State of Texas.  (Peter Röhrig Declaration; Ex. B).  As such, the Texas DJ action should be dismissed because Bamed is not subject to personal jurisdiction in this District.  *Electric & Gas Tech.*, 2003 WL 22838719 *5; *McZeal v. Fastmobile, Inc.*, 2006 WL 801175 *1 (S.D. Tex. 2006).

**III.  The Court should dismiss Luv n' care's Texas DJ complaint and allow the Delaware action to go forward because Luv n' care filed and concealed the Texas DJ complaint**

While a first-filed action should normally proceed, the Court upon finding "compelling circumstances" may "choose to dismiss the first-filed action allowing instead the second-filed action to proceed."  *Chapa v. Mitchell*, 2005 WL 2978396 *2 (W.D. Tex. 2005)(citing *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971); *Igloo Prods. Corp. v. The Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D. Tex. 1990)).

"'Compelling circumstances' exist, *inter alia*, where a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that [it] could file a preemptive lawsuit, *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967), and/or where desirable parties are absent from the first-filed lawsuit, but are present in the

second-filed lawsuit."  *Chapa*, 2005 WL 2978396 *2 (citing *Genetech, Inc. v. Eli Lilli & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993)).

Assuming arguendo that the Court may exercise jurisdiction over Bamed here, both categories of "compelling circumstances" are present warranting dismissal.  Luv n' care induced Bamed into negotiations in bad faith to delay Bamed from bringing suit, while Luv n' care simultaneously filed the Texas DJ complaint.  Moreover, a necessary and indispensable party, MAM (the owner of the MAM '083 design patent), is absent from this DJ action, and, like Bamed, is not subject to personal jurisdiction in this District.  MAM, however, is a party to the pending Delaware action.

### A.    Luv n' care induced Bamed to negotiate and filed the Texas DJ complaint in bad faith

In letters dated November 6 and 22, 2006, counsel asserted the Bamed '275 patent, and the MAM '083 design patent, against Luv n' care.  (November 7 & 22, 2006 letters; Ex. C). Thereafter, Luv n' care induced Bamed to enter into negotiations as a pretext to gain an improper advantage by preventing Bamed from filing a complaint in a jurisdiction of its choosing.  (Hakim November 24, 2006 letter and February 5, 2007 letter; Ex. D).  As Bamed prepared to negotiate in good faith, Luv n' care  preemptively filed the DJ complaint, but did not serve it.  Rather, Luv n' care concealed the pending Texas DJ action for months.  Indeed, a full five (5) months after filing the DJ complaint and after expiration of the 120 day period for service, Mr. Hakim, CEO of Luv n' care wrote that:

> We also believe that it is quite clear that <u>the patents would be declared invalid if litigated in the U.S.</u>
>
> ****
>
> We would withdrawal our objection to [Bamed's] European patent as per our previous agreement and also we would not move to invalidate [Bamed's] US

6

patents … <u>Luv n care would simply let [Bamed's US patents] stand here in the USA rather than moving to invalidate it.</u>

(Hakim April 11, 2007 letter; Ex. E) (emphasis added).  These statements are demonstrably false.  Luv n' care's preemptive Texas DJ complaint, *inter alia*, challenging the validity of the Bamed '275 patent and the MAM '083 design patent had been pending for months.  Moreover, Bamed did not learn of the Texas DJ action until Luv n' care's attempted service of the Swedish language complaint in September 2007.  (Peter Röhrig Declaration; Ex. B).  As such, Luv n' care's bad faith conduct is indisputable.

**B.    MAM, a necessary and indispensable party, is absent from the Texas DJ action and, like Bamed, not subject to personal jurisdiction in this District**

"The presence of the owner of the patent as a party is indispensable, not only to give jurisdiction under the patent laws, but also in most cases to enable the alleged infringer to respond in one action to all claims of infringement for his act, and thus either to defeat all claims in the one action, or by satisfying one adverse decree to bar all subsequent actions."  *Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, 504 F.3d 1371, 1374 (Fed. Cir. 2007)(citing *Independent Wireless Telegraph Co. v. Radio Corp. of America*, 269 U.S. 459, 468 (1926)).

Here, necessary and indispensable party MAM, the owner of the MAM '083 design patent, is absent.  (USPTO Assignment Records, Ex. F).  Luv n' care inexplicably failed to name MAM as a party despite, *inter alia*, challenging the validity and enforceability of the MAM design '083 patent.  More importantly, MAM, a private Austrian foundation, has no continuous, systematic or ongoing contacts with the State of Texas, and is not subject to personal jurisdiction in this District.  MAM has made a total of seven (7) sales into the State of Texas.  (Susanna Wagner Declaration; Ex. G)  These unconnected and isolated sales are insufficient to establish jurisdiction over non-party MAM.  *Hanson Pipe & Prods., Inc. v. Bridge Tech., LLC*, 351

F.Supp.2d 603, 6140 (E.D. Tex. 2004)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)("isolated items of activities in a state …are not enough to subject it to suit on causes of action unconnected with the activities there.")).

> **C.    Dismissing the Texas DJ action in favor of the Delaware action would serve the interests of judicial economy**

The interests of judicial economy would be served by dismissing the Texas DJ action and allowing the Delaware action to proceed.  Unlike the present action, both Bamed and MAM are subject to personal jurisdiction in Delaware.  Moreover, both the Bamed '275 patent and the MAM '083 design patent are directed to baby pacifiers (one is a utility patent and the other a design patent), such that the resolution of any dispute involving either patent necessarily involves issues relating to the other.  For example, the accused products are the same, the accused infringer (Luv n' care) is the same, and a majority of the alleged prior art would be the same.  However, the two patents are owned by different parties, both of whom are necessary and indispensable to any action involving these two patents.  *Schwarz Pharma*, 504 F.3d at 1374.  As such, this Texas DJ action can only resolve issues relating to the Bamed '275 patent (assuming arguendo that the Court may exercise jurisdiction over Bamed) because MAM, the owner of the MAM '083 design patent, is not subject to jurisdiction in this District.  As such, all issues relating to the MAM '083 design patent would be left unresolved, should the present DJ action go forward.

By contrast, allowing the pending Delaware action, with both Bamed and MAM as parties, to proceed instead would permit all pending claims asserted herein by Luv n' care to be fully litigated.  Moreover, the Delaware action includes another accused infringer, Munchkin, who has answered.  As such, the Delaware action will go forward and address both patents independently of this Court's ruling on the instant Motion to Dismiss.  This DJ action should

accordingly be dismissed in favor of the Delaware action because following the first-filed rule

would result in duplicative litigations in two separate courts.  *Texas Instruments v. Micron*

*Semiconductor*, 815 F.Supp. 994, 997 (E.D. Tex. 1993)(the purpose of the first-filed rule is to

promote judicial efficiency).[5]

**IV.    The Chapa court's reasoning is instructive in dictating that this DJ action should
be dismissed in favor of the Delaware action**

In the *Chapa* case, the court found "compelling circumstances" under the precise

scenario present in this DJ action, and properly dismissed the first-filed action in favor of the

second-filed.

In *Chapa*, the declaratory judgment plaintiff Chapa, like Luv n' care, "as evidenced by

the parties' correspondence, … preemptively [filed] the First-Filed Action by inducing

Defendants into believing that he was committed to resolving [the] dispute out of court.

Specifically, when threatened with a lawsuit by Defendants, [Chapa and Luv n' care both]

expressed [a] desire to settle."  *Chapa*, 2005 WL 2978396 *2.  Based upon these actions, the

*Chapa* court found, as this Court should, that "relying on Plaintiff's expressed willingness to

settle, Defendants [like Bamed] obliged Plaintiff [while] Plaintiff took advantage of Defendants'

deferral and filed [the] preemptive declaratory judgment action."  *Id.*  A necessary party was,

likewise, absent in *Chapa*.  *Id.*

Based upon the *Chapa* plaintiff's bad faith conduct, which is identical to Luv n' care's

conduct, the *Chapa* court dismissed the declaratory judgment action.  *Chapa*, 2005 WL 2978396

*4.  In so doing, the *Chapa* court observed, as this Court should, that "in determining the

---

[5]      In this regard, Bamed notes that Luv n' care has filed a motion to dismiss in the Delaware
action challenging jurisdiction and venue.  Although Bamed expects the Delaware court to deny
Luv n' care's motion, Bamed submits that, to the extent this Court exercises jurisdiction over
Bamed,  the Court may condition a dismissal of Luv n' care's Texas DJ action, upon the
Delaware court properly exercising jurisdiction over Luv n' care

applicability of 'first-filed' rule, some courts consider an action for declaratory relief filed preemptively as a 'red flag' signaling the existence of 'compelling circumstances.'" *Id.* (citing *Boatmen's First Nat'l Bank of Kansas City v. Kansas Public Employees Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995); *Northwest Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1007 (8th Cir. 1993)).

**V.    This DJ action should also be dismissed in favor of the Delaware action pursuant to the Court's broad discretionary powers under the Federal Declaratory Judgment Act**

The *Chapa* court also addressed the issue of whether the declaratory judgment action should be dismissed under the Declaratory Judgment Act and reached the same conclusion. *Chapa*, 2005 WL 2978396 *2-4. A court may dismiss a first-filed action and allow the second-filed to proceed based upon its broad discretion under the Federal Declaratory Judgment Act. 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.*, 127 S.Ct. 764, 776 (2007)(quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *see Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 391 (5th Cir. 2003).[6] Pursuant to the Federal Declaratory Judgment Act, a court may entertain an action for declaratory judgment, but the court is not required to provide declaratory judgment relief. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). It is a matter solely within the court's sound discretion to exercise jurisdiction over a declaratory judgment action. *Id.*

In deciding whether to entertain a declaratory judgment action, a court must address and balance the following nonexclusive factors: (1) whether there is a pending ... action in which all

---

[6]    The test and the result is identical under Federal Circuit jurisprudence. *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813 (Fed. Cir. 1996) ((quoting *Wilton*, 515 U.S. at 286-87) "Simply because there is an actual controversy between the parties does not mean that the district court is required to exercise that jurisdiction. . . . The Supreme Court recently reaffirmed that the Declaratory Judgment Act thereby accords district courts a "unique breadth of . . . discretion to decline to enter a declaratory judgment.").

of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities exist in allowing the declaratory plaintiff to gain precedence in time or to change forums; (5) whether the federal court is a convenient forum for the parties and witnesses; and (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)(citations omitted).

Based upon an analysis of these factors, the *Chapa* court dismissed the declaratory judgment action because all of the matters in question could be fully litigated in the pending second-filed action, which was not only the mirror-image of the first-filed, but it also included a necessary party, absent in the first-filed action.

Here, as in *Chapa*, the factors weigh in favor of dismissal of the Texas DJ action. Namely, all disputes may be fully litigated in the pending Delaware action, Luv n' care improperly engaged in forum shopping in filing this preemptive Texas DJ action, and judicial economy would be served by dismissing the Texas DJ action in favor of the Delaware action.

## VI.    The present DJ action should be dismissed for failure of service

Luv n' care's preemptive Texas DJ complaint should, likewise, be dismissed for failure to timely serve. Luv n' care furtively filed the Texas DJ complaint, and concealed the existence of the DJ action through a pattern of deception and neglect in failing to serve the DJ complaint for eleven (11) months. The Texas DJ complaint was filed December 1, 2006, and Luv n' care, while ostensively negotiating, silently allowed the 120 day service period to expire. [Dkt. 1]. Luv n' care did not seek an extension, nor a summons, for eight (8) months. [Dkt. 6 & 7]. This alone warrants dismissal of Luv n' care's DJ complaint. *Porter v. Beaumont Enterprise and*

*Journal*, 743 F.2d 269, 272 (5th Cir. 1984); *see Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 419 n. 7 (5th Cir. 2006) (courts also have affirmed dismissals with prejudice for failure to serve process, even where the delay was as short as four months.)(citing *Geiger v. Allen*, 850 F.2d 330 (7th Cir. 1988)).

However, Luv n' care did not merely delay eight (8) months before attempting to serve the DJ complaint. [Dkt. 8]. Luv n' care twice misrepresented its ulterior motives for seeking an extension to serve the DJ complaint, and ultimately did not serve it for eleven (11) months. This is inexcusable. The Delaware complaint was filed and served within a month, and more noteworthy, the Delaware complaint was served before the Texas DJ complaint.

Returning to Luv n' care's misrepresentations to the Court, Luv n' care, in its first request for an extension, informed the Court that the parties were in negotiations, but Luv n' care failed to disclose that the Texas DJ action was kept secret from Bamed. [Dkt. 6]. Clearly, Luv n' care was not acting in good faith.

Thereafter, Luv n' care misrepresented to the Court, in its second motion for an extension, that service had not been perfected because Luv n' care had inadvertently translated the DJ complaint into Swiss, and that only upon the papers being returned, did Luv n' care learn that the Canton where Bamed was located required the papers be translated into German. [Dkt. 9]. These statements are demonstrably false.

First, the DJ complaint was translated into Swedish. (Verification of Translation; Ex. H). Second, there is no such language as "Swiss." (Swiss Federal Statistical Office, Language; Ex. I). Moreover, a mere review of the U.S. State Department's web page on Hague Service clearly indicates that Schwyz, the Canton where Bamed is located, requires service to be in German. (*Id.*, p. 26; Ex. J). Yet, Luv n' care was purportedly unable to discovery this readily available

information in the eight (8) months Luv n' care was concealing the Texas DJ action.  Such statements are simply untenable.

Further compounding matters, Luv n' care, after being served with the Delaware complaint, requested a sixty (60) day extension to respond.  (Guerriero November 1, 2007 email; Ex. K).  Luv n' care was undoubtedly concerned that its scheme would unravel if Luv n' care answered in the Delaware action, while the second motion for extension was pending before this Court.  This second extension was critical to Luv n' care's plan because the DJ complaint had not been served within the time period allowed by the granted first extension.  Had the Court not granted Luv n' care the second motion for a retroactive extension, the Texas DJ action would have expired, and only the Delaware action would be pending.

With the sixty (60) day extension as a reprieve, Luv n' care filed a supplemental motion for a second extension, noting that the DJ complaint had finally been served, and that Luv n' care had extended Bamed the courtesy of an extension to respond.  [Dkt. 10].  However, Luv n' care inexplicably omitted any reference to the Delaware action.  [*Id*.].  Luv n' care also neglected to advise the Court that it was Luv n' care that sought additional time.  (Guerriero November 1, 2007 email; Ex. K).  Luv n' care's carefully crafted omissions likely led the Court to grant Luv n' care's second request for an extension retroactively; thereby requiring Bamed to bring this Motion to Dismiss.

In view of the above, Bamed submits that the Texas DJ action should be dismissed for Luv n' care's bad faith and neglect in failing to timely serve the DJ complaint, which has prejudiced Bamed.  "Delay in serving a complaint affects every aspect of a defendant's trial preparations."  *Porter*, 743 F.2d at 272 (citing *Veazey v. Young's Yacht Sale & Service, Inc.*, 644 F.2d 475, 478 (5th Cir. 1981)).  And, "[a] delay between filing and service ordinarily is to be

viewed more seriously than a delay of a like period of time occurring after service of process."
*Id.*

Moreover, allowing Luv n' care to maintain this DJ action improperly "divests the true plaintiff" Bamed of the right to seek redress in the forum of its choosing. *Pennsylvania General Ins. Co. v. CaremarkPCS*, 2005 WL 2041969 *7 (N.D. Tex. 2005)(citing *Kinetic Concepts, Inc. v. Connetics Corp.*, 2004 WL 2026812 *3-4 (W.D. Tex. 2004) (concluding that the declaratory judgment plaintiff filed suit for the improper reason of subverting the real plaintiff's advantage); *Capco Intern'l, Inc. v. Haas Outdoors, Inc.*, 2004 WL 792671 *4 (N.D. Tex. 2004) (holding that the declaratory plaintiff's suit was brought "not for reasons supported by the purposes of the Declaratory Judgment Act, but for the improper reason of 'subverting the real plaintiff's advantage' in a forum of [the plaintiff's] choosing"); *Peyman v. Optobionics Merger Corp.*, 2003 WL 193443 *3 (E.D. La. 2003) ("[M]isuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.").

A dismissal, by contrast, will not prejudice Luv n' care. Luv n' care will have an opportunity to fully litigate its claims against both necessary and indispensable parties in the Delaware action, which will serve the interest of judicial economy by avoiding unnecessary duplicative litigations.

## V.    The Texas DJ action should be dismissed for failure to join MAM, a necessary and indispensable party

"The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) (citing Fed. R. Civ. P. 19 advisory committee note). In the event that a necessary party cannot be joined, the Court must

consider whether the necessary party is also an "indispensable party"—namely, a necessary party who cannot be joined and without whom the suit should be dismissed. *See* Fed. R. Civ. P. 12(b)(7).

Here, MAM, the owner of the MAM '083 design patent is a necessary and indispensable party. *Schwarz Pharma*, 504 F.3d at 1374. And, MAM cannot be joined to the Texas DJ action because MAM has no continuous, systematic or ongoing contacts with Texas, and is therefore not subject to personal jurisdiction in this District. (Susanna Wagner Declaration; Ex. G); *Electric & Gas Tech., Inc.*, 2003 WL 22838719 *5; *Hanson Pipe*, 351 F.Supp.2d 603 (quoting *International Shoe*, 326 U.S. at 319). As such, the Texas DJ action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). *See, e.g., JLM Investments v. Acer Petroleum Corp.*, 2001 WL 376331 *2 (N.D. Tex. 2001); *Cooper v. Digital Processing Sys., Inc.*, 182 F.R.D. 242 (N.D. Ohio 1998), *aff'd*, 215 F.3d 1342 (Fed. Cir. 1999).

## VI.    Conclusion

For the foregoing reasons, Bamed submits that this Motion to Dismiss Luv n' care's preemptive declaratory judgment action should be granted, and the instant DJ action dismissed in favor of the Delaware action.

Respectfully submitted,

**YOUNG, PICKETT & LEE**
4122 Texas Blvd.-P.O. Box 1897
Texarkana, TX-AR 75504-1897
Telephone:    (903) 794-1303
Facsimile:    (903) 794-5098

By:    _/s/ Lance Lee_____
Lance Lee
Texas Bar No. 24004762

Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
**GREENBLUM & BERNSTEIN, P.L.C.**
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to FED.R.CIV.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail this15th day of January, 2008.

_/s/ LanceLee_____

# EXHIBIT A

{J403203 00345714.DOC}

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH, and | ) | |
| BAMED AG | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 07-608 |
| | ) | |
| LUV N' CARE, LTD., and | ) | |
| MUNCHKIN, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE**

TO:   LUV N' CARE, LTD.
      3030 Aurora Avenue
      Monroe, Louisiana 71201

PLEASE TAKE NOTICE that there has been served upon the Secretary of State of the State of Delaware the original of a Summons and Complaint, copies of which are attached, in which you are named as a defendant in an action brought by MAM Babyartikel GmbH, and Bamed AG, in the United States District Court of the State of Delaware.

The Summons and Complaint were served upon the Secretary of State of the State of Delaware on October 5, 2007.  Under the provisions of 10 *Del. C* § 3104,  service of the original Summons and Complaint upon the Secretary of State as aforesaid is as effectual to all intents and purposes as if it had been made upon you personally within the State of Delaware.

Failure on your part to obey the command of the within writ could result in a default judgment being taken against you.



YOUNG CONAWAY STARGATT &
TAYLOR, LLP

Adam W. Poff (No. 3990)
Chad S.C. Stover (No. 4919)
The Brandywine Building,
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

*Attorneys for MAM Babyartikel GmbH and
Bamed AG*

OF COUNSEL:
Neil F. Greenblum
Michael J. Fink
Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191


Dated: October 10, 2007

# EXHIBIT
# D

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
JOSEPH BAKER           10/24/07

1. Article Addressed to:

LUV N' CARE, LTD.
3030 Aurora Avenue
Monroe, Louisiana
        71201

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☒ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
(Transfer from service label)    RE 11 088 531 4 US

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

Lexie Axsom
Young, Conaway, Stargatt & Taylor
The Brandywine Bldg
1000 West St., 17th Floor
Wilmington, De  19801

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### Declaration of Peter Röhrig

I, Peter Röhrig, declare upon personal knowledge that the following is true and correct:

1.  Bamed AG is a Swiss holding company.  Bamed AG does not manufacture nor sell products in the State of Texas.

2.  Bamed AG has no contacts with the State of Texas.

3.  Bamed AG does not transact business in the State of Texas.

4.  Bamed AG has never maintained an office or other business establishment in the State of Texas.

5.  Bamed AG owns no property in the State of Texas.

6.  Bamed AG maintains no bank accounts in the State of Texas.

7.  Bamed AG has no registered agents in the State of Texas.

8.  Bamed AG's first knowledge of the Luv n' care declaratory judgment lawsuit in Texas was the attempted service of the Swedish language complaint in September 2007.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: January 15, 2008

Peter Röhrig

# EXHIBIT C



# SONN & PARTNER

SINCE 1851

**REGISTERED**

Luv n' care
3030 Aurora Avenue
Monroe, LA 71201

European and Austrian Patent,
Trademark & Design Attorneys

Riemergasse 14
1010 Wien, Austria
T +43 (0) 1-512 84 05
F +43 (0) 1-512 98 05

office@sonn.at
www.sonn.at

DI Helmut Sonn
DI Arnulf Weinzinger
DI Peter Pawloy
Mag. Dr.rer.nat. Daniel Alge
DI Dr.techn. Georg Heger
DI Dr.techn. Rainer Beetz, LL.M.

Dr.phil. Heinrich Pawloy
DI Johann Köhler-Pavlik

Your Ref:
Our Ref:    J 3288/2 RB/cs

*Friedenbuch*
*27. 11.06* me
*→ Antwort*
*6. 11.0 6*
*→ EV - DE ?*

Vienna, 07.11.2006

**US Patent 6, 514,275 B2**
**US Patent D441,083 S**

Dear Sirs,

our client Bamed AG is proprietor of US-patents 6,514,275 B2 and US D441,083 S.

Our client has become aware of your newly-offered pacifiers which comprise a lemniscate shaped shield provided with retractions on its longer sides and having lateral openings provided on each side of a central shield opening for fastening a nipple reaching to an edge of said shield while merely leaving a shield frame portion on each side of the central opening. Additionally the shield frame comprises indentations located in the middle of each shorter shield side.

The offer for sale of such patented pacifiers infringes our client's exclusive patent rights. Thus, our clients would be entitled to a seize and desist order, damages etc.

Thus, we ask you to inform us whether in your opinion there are any reasons for neglecting our client's patent rights.

We are looking forward to receive your response until

**27 November 2006.**

Kind regards

Rainer Beetz
Patent Attorney

Bank Austria, Wien
BLZ 12000, Konto Nr. 697-255-800
IBAN AT791200000697255800
BIC BKAUATWW

Bankhaus Löbbecke & Co., Berlin
BLZ 100 305 00, Konto Nr. 00.161 861.00
IBAN DE651003050000016186100
BIC LOEBDEBB

Citibank New York
ABA# 021000089
Account No.26426157

Sonn & Partner Patentanwälte
Handelsgericht Wien, FN 230295 w
UID-Nr./VAT-No. ATU10469401
DVR: 0795232



Mr.
**Jack R. Hakim**
**c/o Luv n'care**

**3030 Aurora Avenue**
**Monroe, LA 71201**
**USA**

Vienna, 22. November 2006

**Re: Patent**

Dear Mr. Hakim,

We have never been in direct contact up to now, but we do think that as competing companies in the same market, it might be sometimes reasonable to establish such a direct communication. Patent matters are certainly such a case, which definitely will not violate any anti-trust laws.

We herewith would like to send you in the enclosure the English translation of a letter written by our patent attorney to your patent attorney. We are sending this to you directly and in English translation, because we do not know whether your attorneys have informed you about the contents of this letter.

We would particularly like to point out that the expense situation in Germany is as described by our patent attorney. In addition, some costs will remain with the respective consignor. We are definitely sure that both our companies are able to bear such costs, but should the money really be spent on lawyers and legal proceedings?

We are convinced that our patent will remain valid either totally or that it will only be restricted to the extent proposed in the compromise suggested by us. Essentially we have proposed that you keep the current shape on a worldwide basis, but would be obliged not to have a rough surface zone on the top of the teat in future new models. We really think that it is very improbable that the outcome of our patent dispute would come up with a better result for you. Please also see this in the enclosed letter. Further details will, of course, have to be clarified by our respective lawyers.

*MAM Babyartikel GesmbH, Lorenz-Mandl-Gasse 50, 1160 Wien, Austria*
*Phone +43-1-49 141-0, Telefax +43-1-49 141 404*
*email:* office@mambaby.com, *web:* http://www.mambaby.com/
*Bank affiliation; Bank Austria 255-106-002/00, FN 110465Z, HG Wien*



We are sure that it is good to be competitors on the market. But on the other hand we are convinced that, as colleagues on the market, we should be able to settle such a dispute in a fair and amicable way between our two companies.

We are looking forward to receiving a positive reply as soon as possible.


Doris Fiala
Technical Manager

Susanna Wagner
Chief Operating Officer

# EXHIBIT D



November 24, 2006

<u>FOR SETTLEMENT PURPOSES</u>

MAM Babyartikel GesmbH
Lorenz-Mandl-Gasse 50
1160 Wien, Austria

Attn:  Susanna Wagner
Chief Operating Officer

Re.   -German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
       -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
       -Your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I am in receipt of your letter dated November 22, 2006 as well as the November 6, 2006 letter from Sonn & Partner to Bird and Bird to the attention of Boris Kreye.  Your letter was addressed to my brother Jack Hakim in our New Jersey office.  In the future, please address your correspondence to myself, Ed Hakim.  My e-mail address is eddieh@luvncare.com and my physical address is 3030 Aurora Ave, Monroe, LA 71201.

In response to your letter, we will be more than happy to work directly with you for the purpose of attempting to settle all of the above cases on friendlier terms.  If, in fact, you would have contacted me personally first before going through the expensive route (the injunction), then matters could have been handled much differently; however, you and your company chose to take a hard line position, which, to its chagrin, you were met by an unexpected hard defeat.

In any event, to put things on a lighter basis, I am a very level headed individual who will compromise when possible provided I am dealing with reasonable people.  I believe that we can settle our differences amicably, and feel that the pending issues can be settled provided we work out a global settlement that resolves all of our differences on both the German and the US patent claims at the same time.

With respect to the German proceedings, I have read and understand your point of view.  I believe that we can reach some type of settlement even though quite honestly our belief is that we will win hands down due to the fact that we were simply the first out on the market; however, we would entertain dropping our proceedings against MAM with respect to the German Patent and limiting our product to be textured within a range below the bulb or more specifically, below 10 mm from the top end of the pacifier baglet.  I hasten to add that this agreement would only be for those countries in which MAM has an alleged patent or patent rights, would not include any admissions of validity or infringement, and would be contingent upon resolving the issues on the US patents as well.

CORPORATE OFFICE: P.O. Box 6050 • Monroe, LA 71211 • 3030 Aurora Avenue • Monroe, LA 71201 • Phone: (318) 388-4916 • FAX: (318) 323-1899
SALES OFFICE: 257 Monmouth Road, Building B, Suite # 5 • Oakhurst, NJ 07755 • Phone: (732) 531-5757 • FAX: (732) 531-5331

With respect to the attorneys' fees for the German injunction proceedings, I understand that there is a standard fee schedule that the German courts go by. We would be willing to work within that fee schedule provided we are compensated for the cancellation action we had to file as well, since we have had to spend unnecessary funds to protect our interest. You indicated a willingness to do this, so I believe that we will be able to settle this in principle provided we can reach agreement on the specific numbers. I will ask our attorneys in Europe to determine what fees we have expended to date in the cancellation proceedings, and what we would be entitled to receive in those proceedings.

With regards to the two US Patents, since we have certain and specific prior art that would invalidate your US Patent 6,514,275 B2, and since our products do not look like your design in Patent D441083S, we strongly believe that if were to litigate those claims we would win on them also. We do not believe that any reasonable jury or judge would hold against us on those US patents, and would request our attorneys fees if that case had to go forward as well. The bottom line is, if we can come to an agreement on the US patents, and you would permanently drop your claim against our design, then I believe that we could move forward with a global settlement on all of the products listed above.

Feel free to contact me any time either in writing or by phone to discuss settlement. I will advise our attorneys that I have decided to negotiate with you directly, but I have instructed them to proceed forward until I think a settlement between the two of us is realistic. You may contact me by phone at 318-388-4916 extension 3127.

In closing, I would certainly like to say that the world is a large market and that there is a lot of room for both companies to operate as friendly competitors. I would suggest that in the future if either side has a problem with the other side that prior to filing suits the doors of communication should be opened. It makes for a much easier and less expensive resolution even though both sides can well afford attorneys' fees and or a loss; moreover, I think the road that both companies are going down currently is only going to lead to a constant filing of law suits by both sides. Instead, I feel that we should be in the business to create and sell products rather than constantly litigate. Unfortunately, litigation is part of the every day business in America and this is why we have attorneys on staff, but we certainly would prefer to have our attorneys spend time writing contracts and directing our business rather than engaging in litigation.

Awaiting your response, I remain.

Sincerely,


Ed Hakim
CEO


NEH/kf



# Luv n' care. Ltd.

```
701258    FEB 5, 2007      ACT WT  LTR        #PK 1
SERVICE XPR                 BILL WT  LTR
TRACKING# 127012586676371100   ALL CURRENCY USD
INVOICE NO.: TAMMY BANKS
PURCHASE NO.: TAMMY BANKS        MAM  Susanna
                                       Wagner
HANDLING CHARGE 0.00          FRT: SHP
SHIPMENT REF RATE CHARGES:      SVC 10.64 USD
DV 0.00                  COD  0.00    RS  0.00
DC 0.00                  DG   0.00    SD  0.00
AH 0.00                  PR   0.00    SP  0.00
TOT REF CHG  10.64       REF+HANDLING   10.64
TOT PUB CHG  47.09       PUB+HANDLING   47.09
```

February 5, 2007

**FOR SETTLEMENT PURPOSES**

MAM
Attn: Susanna Wagner
Chief Operating Officer

Re: German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
   -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
   -your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I have now had ample time since your last letter to study the situation more carefully and make this proposal. I think there are virtually two options outside of protracted litigation. The first option would be to withdraw our action against you in Germany with regards to the textured teat. We would additionally agree to the terms in our previous letter with regards to our texture and its location. Under these circumstances, you could then proceed and have your patent upheld with no objection from Luv n' care.

Along with option one, what we would receive in return would be the right to continue selling our pacifiers here in the U.S.A. which would mean you withdrawing your objection to those pacifiers. I believe that this would be a win/win situation for both of us. As you know the alternative would be protracted litigation in Germany of which I believe you would have to agree we would most likely win, due to the fact of our prior sales, and the prior Court decision in our favor. Additionally, with respect to your pacifier patent here in the US, we feel that, after protracted and expensive litigation, we would be successful in invalidating that patent also. When your patent was pursued, the Patent Office was not informed of numerous references and products which are directly relevant to what you patented. If you review the Kip First Years pacifier, for example, you will see that it is invalidating prior art to your patent, and that is just one example of numerous items of prior art that we would rely on and produce to the Court if it were necessary to litigate. However, if we settle on the basis of option 1, we would not contest your patent in exchange for your agreement to not contest our sales.

The second option my suggestion would be that we continue to contest and litigate your baglet in Germany, and also we will change the shape of our shield by adding two additional small holes within the larger hole on each side of our shield. That change

would eliminate any possible claim you might have in the US, and is shown in the design being sent to you and marked as # 4. But in view of the fact that we will be forced to change our line, we would reserve all rights to invalidate your U.S. patents.

Susanna, if you will check out our range, you will see that we have been selling butterfly shaped soothers identical to this but without the large hole for more than 15 years. I think the record will speak for itself as to how long we have had this exact shape of shield in the market both in the U.S.A. and worldwide.

With regards to the above two options, please let us have your comments as I think surely one of these two options is quite workable but option number one is the safest for both sides. We will obviously both be giving up something in the spirit of settlement.

As you know, we have our own in-house staff of attorneys so the cost of the litigation here in the U.S.A. will be minimal to us; however, the litigation for both of us in Europe will be very expensive along with costly litigation for you here in the U.S.A. I think in the spirit of cooperation we should both choose option one. It may not be exactly what we both want, as the ideal situations are never etched in stone for each of us. What this would do is let us both continue to operate on a global basis with the understanding that when situations arise we can work them out together without protracted costly litigation.

Please let me have your comments with regards to the above, and awaiting your response, I remain.

Sincerely,

Ed

NEH/kf

cc: Morris Cohen
    Joe D. Guerriero
    Blake Deshotels

**EXHIBIT E**



April 11, 2007

**FOR SETTLEMENT PURPOSES**

MAM
Attn: Susanna Wagner
Chief Operating Officer

Re:   German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
      -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
      -Your US Patent 6514275B2 and US Patent D441083S


Dear Ms. Wagner,

I sincerely thank you for your time and patience as we have taken this time to look at
every option on how to best settle both cases. I would like to ask you one more time to
consider one of the previous options for the following reason and I really and sincerely
wish you would look at this in as unbiased a fashion as possible when making your
determination.

I really do not wish to discuss too much the merits of both cases, being the one in
Germany and the one in here in the US, as you will certainly say that you will win both
and we will certainly say that we will win both cases. Please consider though that the
facts are very simple. As you know, we won the previous decision in Germany and we
then moved to invalidate your existing patent. If the patent office holds true with what
the courts found, then your patent will automatically be ruled invalid in Germany with
respect to the cancellation action.

With respect to the US patents, I have checked with our attorneys further and they all
agree that our new model marked exhibit #4 with the three holes on each side and in the
butterfly shape, which would be one of our options, does not infringe. Your patents
require a maximum of one hole on each side of the shield, whereas the model of exhibit
#4 includes three. (A copy of the exhibit is attached for your convenience. It is shown in
an enlarged view as #2 or in a smaller view as #4, but is the same design).

We also believe it is quite clear that the patents would be declared invalid if litigated in the US. There are many patents in this field which so demonstrate. As a further example, I am attaching a copy of another patent for your review (US 3,662,756). If you will look at the name of the inventor, you will find that it was my father and after checking the same, it clearly shows the features of your patents. As you can see there is a single large hole on each side of the shield, and even your L and H dimensions as depicted in your patent are of the same dimensions and scope of that of my father's 1972 patent.

The pacifier shields in your two patents are merely figure 8 or "lemniscate" shaped versions of the shield in the '756 patent. However, figure 8 shaped pacifier shields have been around in our industry for a long time. To take a long existing design like that of the '756 patent and make it in a figure 8 shape (a shape very well known in the pacifier industry), does not meet the legal requirements for a patent. This is very clear even to a layman like myself, but our attorneys have confirmed this.

In view of this and other documents that are in our possession, I think that the agreement could be structured as follows. We would withdraw our objection to your European patent as per our previous agreement and also we would not move to invalidate your US patents even though we believe we would win due to my father's 1972 patent as well as other information that we have uncovered. We would simply let your patent stand here in the USA rather than moving to invalidate it.

I hope that this meets with your approval as it may not be what we both want but it certainly gives you a partial win on both cases. Ultimately, if not settled, I certainly think that you will absolutely lose in Germany as well as the USA and you would open your company up to long protracted litigation where you would have to pay your attorneys as well as ours for the foreign actions. In the interest of settlement, this would allow us to resolve all of the pending cases and spend our time on our respective businesses rather than lawsuits.

Susanna, please consider the above and let me have your favorable comments.

Sincerely,


Ed

NEH/kaf

cc: Morris Cohen
    Joe D. Guerriero
    Blake Deshotels

**EXHIBIT F**



### United States Patent and Trademark Office

Home│Site Index│Search│Guides│Contacts│eBusiness│eBiz alerts│News│Help



## Assignments on the Web > Patent Query

# Patent Assignment Abstract of Title

**NOTE:Results display only for issued patents and published applications.
For pending or abandoned applications please consult USPTO staff.**

## Total Assignments: 2

**Patent #:** D441083  **Issue Dt:** 04/24/2001  **Application #:** 29127383  **Filing Dt:** 08/03/2000
**Inventor:** Peter Roehrig
**Title:** Pacifier

## Assignment: 1

**Reel/Frame:** 010982/0497  **Recorded:** 08/03/2000  **Pages:** 2
**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
**Assignor:** ROEHRIG, PETER  **Exec Dt:** 07/20/2000
**Assignee:** MAM BABYARTIKEL GESELLSCHAFT M.B.H.
DEGENGASSE 70
A-1160 VIENNA, AUSTRIA
**Correspondent:** ABELMAN, FRAYNE & SCHWAB
JAY S. CINAMON
150 EAST 42ND STREET
NEW YORK, NEW YORK 10017

## Assignment: 2

**Reel/Frame:** 020261/0321  **Recorded:** 12/18/2007  **Pages:** 3
**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
**Assignor:** BERANEK, ERNST W.  **Exec Dt:** 12/07/2007
**Assignee:** MAM BABYARTIKEL GESELLSCHAFT M.B.H.
DEGENGASSE 70
VIENNA, AUSTRIA A-1160
**Correspondent:** GREENBLUM & BERNSTEIN, P.L.C.
1950 ROLAND CLARKE PLACE
RESTON, VA 20191

Search Results as of: 01/14/2008 02:54 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX| SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |

### Declaration of Susanna Wagner

I, Susanna Wagner, declare upon personal knowledge that the following is true and correct:

1. I am currently the Chief Operating Officer of MAM Babyartikel GesmbH ("MAM"). I have held this position since MARCH 1st, 1993

2. MAM has made seven (7) sales total into the State of Texas, which sales occurred in the years between 2004 to 2007.

3. MAM has no systematic or ongoing contacts with the State of Texas.

4. MAM has no systematic or ongoing business transactions in the State of Texas.

5. MAM has never maintained an office or other business establishment in the State of Texas.

6. MAM owns no property in the State of Texas.

7. MAM maintains no bank accounts in the State of Texas.

8. MAM has no registered agents in the State of Texas.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed: January/15, 2008

_____
Susanna Wagner

{J403203 00345557.DOC}

1

# EXHIBIT H

## VERIFICATION OF TRANSLATION

I,     Bo-Gunnar Dahlstrom


of     22 Andrew Drive, #70
       Tiburon, CA 94920


declare that I am well acquainted with both the Swedish and English languages, and that the attached documents entitled "Dokument 1-1," "Dokument 6-1," and Dokument 7" are Swedish language documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed:  January 10, 2008

                                    Name

Mål 4:06-cv-00486-MHS-DDB    Dokument 1-1    Inlämnad den 1    Sida 1 av 5
december 2006

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telefon: 718-859-8009
Fax: 718-859-3044
E-post: mcohen@ipcases.com

[Stämpel]
INLÄMNAD TILL TJÄNSTEPERSON
PÅ DISTRIKTSDOMSTOL I USA

1 DECEMBER 2006, KLOCKAN 13:24
ÖSTRA TEXAS

AV:_____

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telefon: 318-338-3603
Fax: 318-388-5892
E-post: joed@luvncare.com

Advokater för kärande

DISTRIKTSDOMSTOL I USA
ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

| LUV N' CARE, LTD., | Civilmålsnr.: *4:06cv486* |
|---|---|
| kärande | |
| mot | |
| BAMED AG, | JURYRÄTTEGÅNG |
| svarande | |

## KLAGAN

Kärande, Luv n' care, Ltd., genom kärandes advokat, anför härmed klagan mot svarande,
Bamed AG, enligt följande:

## BAKGRUND OCH FAKTA

1. Följande utgör Luv n' cares rättsanspråk gällande fastställelsebeslut avseende patents ogiltighet och icke gällande intrång i enlighet med 28 U.S.C. §2201 och §2202.

2. Dessa rättsanspråk anförs enligt amerikanska patentlagar, 35 U.S.C. §1 och följande. Domstolen äger jurisdiktion över innehållet i dessa genkäromål i enlighet med 28 U.S.C. §1331 och §1338.

3. Lämplig ort i detta rättsdistrikt gällande föreliggande genkäromål i enlighet med 28 U.S.C. §1391 och §1400.

4. Kärande Luv n' care, Ltd. är ett bolag som organiserats och bedriver verksamhet enligt lagstiftning i Louisiana, med huvudplats för affärsverksamhet på 3030 Aurora Avenue, Monroe, Louisiana 71201.

5. Svarande Bamed AG är ett bolag som organiserats och bedriver verksamhet enligt lagstiftning i Schweiz, med huvudplats för affärsverksamhet på Wilenstrasse 17, 8832 Wollerau, Schweiz.

6. Enligt brev med datum den 7:e november 2006, vilket vidarebefordrats till Luv n' care, påstår Bamed att företaget äger amerikanskt patent med nummer 6,514,275 B2 och amerikanskt patent med nummer D441,083 S. Bamed påstår att nappar som säljs av Luv n' care gör intrång på patenten som ägs av Bamed.

7. Som en följd av Bameds brev föreligger tvist med Bamed gällande Bameds patent och Luv n' cares verksamhet, vilket givit upphov till föreliggande process. Följaktligen har föreliggande process inletts av Luv n' care på grund av oglitighet och icke gällande intrång avseende patenten som ägs av Bamed, enligt följande.

Mål 4:06-cv-00486-MHS-DDB      Dokument 1-1   Inlämnad den 1       Sida 3 av 5
                                              december 2006

## FÖRSTA RÄTTSGRUND
## PATENTS OGILTIGHET OCH PATENT SOM INTE KAN GÖRAS GÄLLANDE

8.  Rättsanspråken som anförts gällande Bamed-patenten är ogiltiga och kan inte
    göras gällande eftersom de inte uppfyller villkoren och kraven för patentabilitet
    som framlagts i patentbestämmelserna, 35 U.S.C. §1-376 och 37 C.F.R. §1.1 och
    följande.

9.  Rättsanspråken gällande Bamed-patenten är ogiltiga i enlighet med 35 U.S.C.
    §102 och §103.

10. Rättsanspråken gällande Bamed-patenten är vidare ogiltiga i enlighet med 35
    U.S.C. §112.

11. Enligt uppgift och övertygelse anses rättsanspråk gällande Bamed-patenten vidare
    utan möjlighet att göras gällande på grund av Bameds orättvisa uppträdande
    gentemot amerikanska patentverket.

## ANDRA RÄTTSGRUND
## INTRÅNG HAR INTE ÄGT RUM

12. Luv n' care har inte begått intrång, direkt intrång, aktivt orsakat eller bidragit till
    intrång vad gäller giltigt rättsanspråk gällande Bamed-patenten i enlighet med 35
    U.S.C. §271.

13. Bamed äger inte rätt till gottgörelse enligt gällande bestämmelser, sedvanerättslig
    gottgörelse eller annan typ av gottgörelse.

## TREDJE RÄTTSGRUND
## UNDERLÅTELSE ATT FÖLJA 35 U.S.C. §287

14. Enligt uppgift och övertygelse har Bamed underlåtit att följa märkningskraven i
    enlighet med 35 U.S.C. §287 och får därför inte begära eller erhålla skadestånd
    för påstådda handlingar innan det påstådda datumet för det verkliga meddelandet
    till Luv n' care gällande Bameds rättsanspråk gällande kränkning av Bamed-
    patenten.

15. Luv n' care har rätt att hävda vidare rättsanspråk, rättsgrunder, positioner och
    försvar som företaget blir varse under framläggande av bevis eller rättegång i
    förekommande fall.

Mål 4:06-cv-00486-MHS-DDB      Dokument 1-1   Inlämnad den 1      Sida 4 av 5
                                              december 2006

## BEGÄRAN OM JURYRÄTTEGÅNG

I enlighet med bestämmelse 38, Federal Rules of Civil Procedure (federala amerikanska bestämmelser gällande förfarande vid civilmål) begär Luv n' care härmed juryrättegång för detta rättsanspråk gällande samtliga faktafrågor som kan handläggas av en jury.

Kärande Luv n' care, Ltd. yrkar därför på beslut enligt följande:

A. Att Bamed-patenten förklaras ogiltiga utan möjlighet att göras gällande, samt att Luv n' care beviljas fastställelsebeslut gällande desamma.

B. Att Luv n' care inte direkt begått intrång, aktivt orsakat eller bidragit till intrång gällande giltig klagan avseende Bamed-patenten, samt har inte på annat sätt begått handlingar som utgör intrång i enlighet med 35 U.S.C. §271, och att det beviljas fastställelsebeslut gällande desamma.

C. Att Bamed och företagets advokater, direktörer, agenter, ledamöter och anställda, eller individer i aktivt samarbete eller deltagande med dessa, förbjuds att direkt eller indirekt hävda eller hota att hävda Bamed-patenten mot Luv n' care eller företagets agenter, direktörer, ledamöter, anställda, leverantörer eller kunder.

D. Att detta mål bedöms utgöra undantagsfall i enlighet med 35 U.S.C. §285, att Luv n' care tilldöms i skälig omfattning arvoden, kostnader och utgifter för advokater, samt att tilldömda skadestånd till Luv n' care tredubblas.

E. Att domstolen tilldömer Luv n' care vidare upprättelser och skadestånd enligt vad domstolen anser vara rättvist och lämpligt.

-4-

Mål 4:06-cv-00486-MHS-DDB       Dokument 1-1   Inlämnad den 1        Sida 5 av 5
                                               december 2006

Datum: 30 november 2006                 Dokumentet inlämnas härmed

                                        [Underskrift]

                                        Morris E. Cohen
                                        Law Office of Morris E. Cohen, P.C.
                                        1122 Coney Island Avenue, Suites 216-217
                                        Brooklyn, New York 11230
                                        Telefon: 718-859-8009
                                        Fax: 718-859-3044
                                        E-post: mcohen@ipcases.com

                                        Joseph D. Guerriero
                                        Luv n' Care, Ltd.
                                        3030 Aurora Avenue
                                        Monroe, Louisiana 71201
                                        Telefon: 318-338-3603
                                        Fax: 318-388-5892
                                        E-post: joed@luvncare.com

                                        Advokater för kärande
                                        Luv n' care, Ltd.

Mål 4:06-cv-00486-MHS-DDB    Dokument 6-1    Inlämnad den 24    Sida 1 av 2
                                             april 2007

DISTRIKTSDOMSTOL I USA
ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

| | | |
|---|---|---|
| LUV N' CARE, LTD., | **Civilmålsnr.:** | [Stämpel] |
| | | INLÄMNAD TILL |
| kärande | *4:06cv486* | DISTRIKTSDOMSTOL I USA |
| | | ÖSTRA DISTRIKTET I TEXAS |
| mot, | | [oläsligt] DEC. 2006 |
| | | DAVID J. MALAND, |
| BAMED AG, | JURYRÄTTEGÅNG | TJÄNSTEPERSON |
| svarande | | ASSISTENT: |

### AVSLÖJANDE AV BERÖRDA PARTER

För att domare och fredsdomare ska kunna bedöma om diskvalificering eller

avsägande av dömande uppdrag skall ske, intygar undertecknad advokat för Luv n' care,

Ltd. (privat icke statsanställd part) härmed att följande är moderbolag, filial och/eller

dotterbolag till Luv n' care, vilka är börsnoterade:

Inga.

Datum: 30 november 2006                Dokumentet inlämnas härmed

[Underskrift]

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telefon: 718-859-8009
Fax: 718-859-3044
E-post: mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telefon: 318-338-3603
Fax: 318-388-5892
E-post: joed@luvncare.com

Advokater för kärande
Luv n' care, Ltd.

Mål 4:06-cv-00486-MHS-DDB    Dokument 6-1    Inlämnad den 24    Sida 1 av 2
april 2007

DISTRIKTSDOMSTOL I USA
ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

LUV N' CARE, LTD.,                    Civilmålsnr.: 4:06cv486

        kärande

    mot,

BAMED AG,
                       JURYRÄTTEGÅNG
    svarande

## HEMSTÄLLAN

Luv n' care, Ltd. meddelades av denna domstol att ingen delgivning med kallelse utfärdats eller överlämnats till svarande i detta ärende.

Huvudpersonerna för respektive part, kärande och svarande, har förhandlat direkt med varandra för att komma fram till en uppgörelse i godo gällande rättsanspråk som framförts häri av kärande, vilket även gäller genkäromål som framförts av svarande.

Advokater för kärande och svarande har inte deltagit i dessa förhandlingar. Trots att målet för båda parter är att försöka komma fram till en uppgörelse i godo har hittills inget slutavtal nåtts gällande samtliga ärenden mellan parterna, även om betydande framsteg gjorts sedan förhandlingarna inleddes.

Med tanke på den tid som förflutit begär Luv n' care, Ltd. tillstånd av domstolen om en förlängning med 90 dagar med att delge svarande delgivning med kallelse. Skälet till förlängningen som begärs är att delgivning av svarande måste ske enligt Haag-konventionen, vilken kräver att rättegångshandlingar översätts och delges i enlighet med bestämmelser i förutnämnda konvention.

Luv n' care yrkar därför på att denna hemställan snarast inlämnas, och efter noggrann prövning av denna domstol, att domstolen beviljar tillstånd om att Luv n' care, Ltd., efter 90 dagar från datum då eventuell order undertecknats, att Luv n' care, Ltd. måste överlämna delgivning med kallelse till svaranden. Annars läggs målet ner.

Vidare begärs fullständig, allmän och rättvis upprättelse.

Dokumentet inlämnas harmed

[Underskrift]
Joseph D. Guerriero
3030 Aurora Avenue, Våning 2
Monroe, Louisiana 71201
Telefon: (318)-338-3603
Fax: (318)-388-5892
E-post: joed@luvncare.com


Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue,
Suites 216-217
Brooklyn, New York 11230
Telefon: (718)-859-8009
Fax: (718)-859-3044
E-post: mcohen@ipcases.com

Advokater åt Luv n' Care, Ltd.

Mål 4:06-cv-00486-MHS-DDB    Dokument 7    Inlämnad den 6 juli 2007    Sida 1 av 1

DISTRIKTSDOMSTOLEN I USA
FÖR ÖSTRA DISTRIKTET I TEXAS
DIVISIONEN SHERMAN

LUV N' CARE, LTD.,                    Civilmålsnr.:              4:06cv486

        kärande

    mot,

BAMED AG,                            JURYRÄTTEGÅNG

      svarande

## ORDER

I beaktande av ovanstående och föregående begäran om förlängning av tiden (dokumentnr. 6) beordras att Luv n' care, Ltd. beviljas 90 dagar från och med datum för denna order, att överlämna delgivning med kallelse till svarande Bamed AG

**Underskrivet idag den 5 juli 2007.**

[Underskrift]

DON D. BUSH
FREDSDOMARE I USA

# EXHIBIT I



Schweizerische Eidgenossenschaft
Confédération suisse
Confederazione Svizzera
Confederaziun svizra

Homepage | Search | Site Map | Contact | Help |

**News      Topics      Regional Data      World Data      Data Library      Services      Institutio**

| Population |
| --- |
| Overview |
| Panorama |
| Population - Key figures |
| Agenda |
| Current population and population growth |
| Families, households |
| Languages and religions |
| Data, indicators |
| Look it up! |
| Press Releases |
| Publications |
| Statistical Encyclopedia |
| Interactive data |
| Statistical sources and concepts |
| Enquiries, Sources |
| Nomenclatures, Inventories |
| Definitions |
| **Show all** |

Swiss Federal Statistical Office > Topics > Population > Languages and religions > Data
Languages

## Languages and religions – Data, indicators

## Languages

### Resident population according to main language

in '000

|  | 1990 | 2000 |
| --- | --- | --- |
| Total | 6873.7 | 7288.0 |
| German | 4374.7 | 4640.4 |
| French | 1321.7 | 1485.1 |
| Italian | 524.1 | 471.0 |
| Romansh | 39.6 | 35.1 |
| Spanish | 116.8 | 77.5 |
| Serbo-Croatian | 109.0 | 111.4 |
| Other Slavic languages | 18.6 | 23.3 |
| Portuguese | 93.8 | 89.5 |
| Turkish | 61.3 | 44.5 |
| English | 60.8 | 73.4 |
| Albanian | 35.9 | 94.9 |
| Other languages | 117.4 | 142.0 |

Source: Federal Population Census

© Federal Statistical Office, Neuchâtel 2007
Terms and conditions

# EXHIBIT J

# JUDICIAL AND EXTRA-JUDICIAL DOCUMENTS IN CIVIL AND COMMERCIAL MATTERS

**DISCLAIMER:** THE INFORMATION IN THIS CIRCULAR RELATING TO THE LEGAL REQUIREMENTS OF SPECIFIC FOREIGN COUNTRIES IS PROVIDED FOR GENERAL INFORMATION ONLY AND MAY NOT BE TOTALLY ACCURATE IN A PARTICULAR CASE. QUESTIONS INVOLVING INTERPRETATION OF SPECIFIC FOREIGN LAWS SHOULD BE ADDRESSED TO FOREIGN COUNSEL OR THE FOREIGN CENTRAL AUTHORITY FOR THE CONVENTION.

Law, Regulations & Public Policy

Information for Americans Abroad

Consular Notification and Access

Citizenship and Nationality

Legal and Public Policy Information

Family Issues

Law Enforcement Issues

**IN FORCE** :..ANGUILLA [3] , ANTIGUA AND BARBUDA, ARGENTINA [7] , ARUBA [5] , BAHAMAS, BARBADOS, BELARUS, BELGIUM, *BELIZE* [1] , BERMUDA [3] , BOTSWANA, BRITISH VIRGIN ISLANDS [3] , BULGARIA [7,13] , CANADA, CAYMAN ISLANDS [3] , CHINA [2,7] , CYPRUS, CZECH REPUBLIC [2,7] , DENMARK, *DJIBOUTI (formerly Afars and Issas)* [1] , EGYPT [7] , ESTONIA, FALKLAND ISLANDS AND DEPENDENCIES [3] , *FIJI* [1,3] , FINLAND, FRANCE (including French Overseas Departments), FRENCH POLYNESIA [4] , GERMANY [7,8,9] , GIBRALTAR [3] , GREECE [10] , GUERNSEY [3] , HONG KONG SAR [3] , IRELAND, ISLE OF MAN [3] , ISRAEL, ITALY, JAPAN, JERSEY [3] , *KIRIBATI (formerly Gilbert Islands and Central and Southern Line Islands)* [1,3] , KOREA, Republic of (SOUTH KOREA) [7,14] , LATVIA, LITHUANIA [7] , LUXEMBOURG [11] , MACAU SAR [6] , MALAWI, MEXICO, MONTSERRRAT [3] , NETHERLANDS, *NEVIS* [1] , NORWAY [7] , PAKISTAN, PITCAIRN [3] , POLAND, PORTUGAL, RUSSIAN FEDERATION, *ST. CHRISTOPHER (KITTS)* [1] , ST. HELENA AND DEPENDENCIES [3] , *ST. LUCIA* [1] , *ST. VINCENT AND THE GRENADINES* [1] , SEYCHELLES, SLOVAK REPUBLIC [2,7] , *SLOVENIA* , *SOLOMON ISLANDS* [1] , SPAIN, SRI LANKA [7] , SWEDEN, SWITZERLAND [7] , TURKEY [7] , TURKS AND CAICOS ISLANDS [3] , *TUVALU (formerly Ellice Islands)* [1] , UKRAINE, UNITED KINGDOM,

**SLOVAK REPUBLIC:**
Ministerstvo Spravodlivosti Slovenskej
Republicky
Zupne namestie 13, 813 11 Bratislava
Slovak Republic
Fax: (00427) 5316035

**SLOVENIA:**
Signatory: September 18, 2000
Accession: May 15, 2001
Entry into Force: June 1, 2001
the Ministry of Justice of the Republic of
Slovenia
Zupanciceva 3
1000 LJUBLJANA
tel.: +386 1 478 5244
fax: +386 1 426 1050

***SOLOMON ISLANDS:***
*Unknown. Now Independent. No formal*
*confirmation to depository government that*
*Convention applies. Former Central Authority:*
*Registrar of the High Court, Honiara*

**SPAIN:**
Secretaria General Tecnica
Subdireccion de Cooperacion Juridica
Internacional
Ministerio de Justicia
San Bernardo, 45
28015 Madrid, Spain
tel: (34)(1) 390-2328

**SWEDEN:**
Ministry of Justice
Division for Criminal and International Judicial
Cooperation
Central Authority
SE-103 33 Stockholm, Sweden
tel: (46)(8) 405-5057
fax: (46)(8) 405-4676

**SWITZERLAND:**
Switzerland designates the cantonal authorities
listed below as Central Authorities as referred
to in the respective conventions. Requests for
the service of documents may also be
addressed to:

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial
Assistance
Bundesrain 20
3003 Bern
Switzerland
Tel. 011-41-31-322-4310
Fax 011-41-31-322-5380

Requests for service under the Hague
Convention may also be sent directly to the
Central Authority for the appropriate Canton.
The following list provides the canton, official
language of the canton, address and telephone
number.

**Authorized Swiss Central Authorities for
each Canton**

*Cantonal Central Authorities (list up to date as
per 14 September 2001)*
The competent cantonal Central Authority to
whom a request may be addressed can be
ascertained on-line at the following address:
http://www.elorge.admin.ch/

Official Language(s) (G=German F=French
I=Italian)

| Canton | Language | Address | Phone/Fax |
|--------|----------|---------|-----------|
| Aargau (AG) | G | Obergericht des Kantons Aargau Obere Vorstadt 40 5000 Aarau | tel.: +41.62-835.3850 fax: +41.62-835.3949 |
| Appenzell Ausserrhoden (AR) | G | Kantonsgericht Appenzell A.Rh. 9043 Trogen | tel.: +41.71-343.6399 fax: +41.71-343.6359 |
| Appenzell Innerrhoden (AI) | G | Kantonsgericht Appenzell I.Rh. 9050 Appenzell | tel.: +41.71-788.9551 fax: +41.71-788.9554 |
| Basel-Landschaft (BL) | G | Obergericht des Kantons Basel-Landschaft 4410 Liestal | tel.: +41.61-925.5111 fax: +41.61-925.6964 |
| Basel-Stadt (BS) | G | Appellationsgericht Basel-Stadt 4051 Basel | tel.: +41.61-267.8181 fax: +41.61-267.6315 |
| Bern (BE) | G/F | Justiz-, Gemeinde- und Kirchendirektion des Kantons Bern Münstergasse 2 3011 Bern | tel.: +41.31-633.7676 fax: +41.31-633.7626 |
| Fribourg (FR) | F/G | Tribunal cantonal 1700 | tel.: +41.26- |

| Genève (GE) | F | Parquet du Procureur général 1211 Genève 3 | tel.: +41.22-319.2797 fax: +41.22-781.4365 |
|---|---|---|---|
| Glarus (GL) | G | Obergericht des Kantons Glarus 8750 Glarus | tel.: +41.55-645.2525 fax: +41.55-645.2500 |
| Graubünden (GR) | G | Justiz-, Polizei- und Sanitätsdepartement Graubünden 7001 Chur | tel.: +41.81-257.2121 fax: +41.81-257.2166 |
| Jura (JU) | F | Département de la Justice Service juridique 2800 Delémont | tel.: +41.32-421.5111 fax: +41.32-421.5555 |
| Luzern (LU) | G | Obergericht des Kantons Luzern Hirschengraben 16 6003 Luzern | tel.: +41.41-228.6262 fax: +41.41-228.6264 |
| Neuchâtel (NE) | F | Département de la justice, de la santé et de la sécurité Service de la justice Château 2001 Neuchâtel | tel.: +41.32-889.4110 fax: +41.32-889.6064 |
| Nidwalden (NW) | G | Kantonsgericht Nidwalden 6370 Stans | tel.: +41.41-618.7950 fax: +41.41-618.7963 |
| Obwalden (OW) | G | Kantonsgericht Obwalden Postfach 1260 6061 Sarnen | tel.: +41.41-666.6222 fax: +41.41-660.8286 |
| St. Gallen (SG) | G | Kantonsgericht St. Gallen Klosterhof 1 9001 St. Gallen | tel.: +41.71-229.3898 fax: +41.71-229.3787 |
| Schaffhausen (SH) | G | Obergericht des Kantons Schaffhausen Postfach 568 8201 Schaffhausen | tel.: +41.52-632.7422 fax: +41.52-636.7836 |
| Schwyz (SZ) | G | Kantonsgericht Schwyz 6430 Schwyz | tel.: +41.41-819.1124 |

| | | | 627.2298 |
|---|---|---|---|
| Tessin (TI) | I | Tribunale di appello 6901 Lugano | tel.: +41.91-815.5111 fax: +41.91-815.5478 |
| Thurgau (TG) | G | Obergericht des Kantons Thurgau 8500 Frauenfeld | tel.: +41.52-722.3121 fax: +41.52-722.3125 |
| Uri (UR) | G | Landgericht Uri Am Rathausplatz 2 6460 Altdorf | tel.: +41.41-875.2244 fax: +41.41-875.2277 |
| Valais (VS) | F/G | Tribunal cantonal 1950 Sion | tel.: +41.27-322.9393 fax: +41.27-322.6351 |
| Vaud (VD) | F | Tribunal cantonal 1014 Lausanne | tel.: +41.21-316.1511 fax: +41.21-316.1328 |
| Zug (ZG) | G | Obergericht des Kantons Zug Rechtshilfe 6300 Zug | tel.: +41.41-728.3154 fax: +41.41-728.3144 |
| Zürich (ZH) | G | Obergericht des Kantons Zürich, Rechtshilfe 8023 Zürich | tel.: +41.1-257.9191 fax: +41.1-261.1292 |

**TURKEY:**
General Service of Civil Affairs
Ministry of Justice
Ankara, Turkey

(Adalet Bakanligi Hukuk Isleri Genel
Mudurlugu, Ankara, Turkey)

**TURKS & CAICOS:**
The Registrar of the Supreme Court
Turks and Caicos Islands

**TUVALU:**
*Now Independent. No formal confirmation to
depositary government that Convention
applies. Former Central Authority: Registrar of
the High Court.*

**EXHIBIT K**

** Forwarded on Thu 11/1/2007 03:36 PM **

From:  Joe D. Guerriero (joed@luvncare.com)
Sent:  Thu 11/1/2007 03:33 PM
Rcvd:  Thu 11/1/2007 03:33 PM
To:  BRANKO PEJIC (BRANKOP)
CC:  Morris Cohen (MCohen@ipcases.com); Eddie Hakim (eddiehak49@yahoo.com); Joseph
Hakim (josephh@luvncare.com); Kathryn Fendall (kathrynf@luvncare.com)
Subject:  RE: Filings in the MAM/BAMED v. LUV N CARE - J403203

=================================================

Hi Branko,

I am enclosing the revised and executed (by our CEO) version of the 408 Agreement with the
modifications I had mentioned to you on the phone. While we appreciate your extending the time for our
response to Nov. 30th, we would  request that you allow us until December 31st to do so...that will give us
more time to see if settlement is possible and also will allow the Federal Court in Texas to rule on our
request for a second  extension of time to make service, which will tell us if we have any opposition to the
case being tried in Delaware should trial become necessary. Please give me your thoughts on this and if
the modifications are agreeable. .

Best Regards,

Joe D.

---

**From:** BRANKO PEJIC [mailto:BPEJIC@gbpatent.com]
**Sent:** Wednesday, October 31, 2007 6:54 PM
**To:** Joe D. Guerriero
**Cc:** Joseph Hakim; Morris Cohen; Kathryn Fendall; BRANKO PEJIC; MICHAEL FINK; LORI EATMON
**Subject:** Filings in the MAM/BAMED v. LUV N CARE - J403203

Joe,

Further to our previous communications, please find attached courtesy copies of
the papers filed with the Court regarding service of the Complaint on Luv N' Care; these
documents supplement the courtesy copies of the Complaint and other papers that we
previously provided.  That said, please note that it appears that Luv N' Care's response
and/or answer to the Complaint is due this week.  Also, now that all of the formalities of
service on Luv N' Care have been completed, please let us know if Luv N' Care is
interested in exploring settlement discussions.  If so, please execute and return the
previously provided Rule 408 Agreement executed by MAM/Bamed.

We look forward to your timely response.

Best regards,
Branko


P. Branko Pejic
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA  20191
Tele: 703-716-1191
Fax:  703-716-1180
*************************************************************************

The information contained in this e-mail message is intended only for
the personal and confidential use of the recipient(s) named above. This
message may be an attorney-client communication and as such is
privileged and confidential.  If the reader of this message is not the
intended recipient or an agent responsible for delivering it to the
intended recipient, you are hereby notified that you have received this
document in error and that any review, dissemination, distribution, or
copying of this message is strictly prohibited.  If you have received
this communication in error, please notify us immediately by e-mail,
and delete the original message.
**In rare cases, our spam scanners may eliminate legitimate
email from clients unnoticed. Please immediately advise
us if you receive an error notification from our server.**
*************************************************************************

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## DECLARATION OF P. BRANKO PEJIC IN SUPPORT OF BAMED'S MOTION TO DISMISS PURSUANT TO RULES 12, 19 AND THE FEDERAL DECLARATORY JUDGMENT ACT

I, P. Branko Pejic, hereby declare as follows:

    1.      I am one of the attorneys representing BAMED AG. ("BAMED") in this matter, and have personal knowledge of the facts described herein.

    2.      This declaration is being filed to certify the Exhibits to Defendant BAMED's Motion To Dismiss Pursuant To Rules 12, 19 And The Federal Declaratory Judgment Act.

    3.      Exhibit A is a true and correct copy of NOTICE of The Summons and Complaint and Registered Receipt from the US Postal Service in the MAM BABYARTIKEL and BAMED v. LUV N' CARE and MUNCHKIN litigation In The United States District Court For The District of Delaware.

    4.      Exhibit B is a true and correct copy of the Declaration of Peter Röhrig, dated January 15, 2008.

    5.      Exhibit C are true and correct copies of two letters to Luv n' care, dated November 7, 2006 and November 22, 2006.

    6.      Exhibit D are true and correct copies of two letters from Luv n' care, dated November 24, 2006 and February 5, 2007.

    7.      Exhibit E is a true and correct copy of the letter from Ed Hakim, Luv n' care, dated April 11, 2007.

    8.      Exhibit F is a true and correct copy of the United States Patent and Trademark Office Patent Assignment Records of US Design Patent No. D441,083.

    9.      Exhibit G is a true and correct copy of the Declaration of Susanna Wagner, dated January 15, 2008.

10.     Exhibit H is a true and correct copy of the Verification of Translation of the Swedish language documents in the Luv n'care v. BAMED case, Civil Action No. 4:06-486 before this Court.

11.     Exhibit I is a true and correct copy of the Swiss Statistics on Languages taken from the web page of the Swiss Federal Statistical Office, Neuchâtel 2007.

12.     Exhibit J is a true and correct copy of portions of the U.S. State Department's Hague Convention on Service Abroad regulations web page regarding Judical and Extra-Judicial Documents in Civil and Commercial Matters and the Swiss Official Languages.

13.     Exhibit K is a true and correct copy of an e-mail from Joe D. Guerriero, dated November 1, 2007.

I hereby declare under penalty of perjury that the foregoing is true and correct.  Executed this 15th day of January, 2008.

By:_____
P. Branko Pejic

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### FED. R. CIV. P. 7.1(a) DISCLOSURE OF BAMED AG

I, the undersigned counsel for Defendant Bamed AG ("Bamed"), hereby certify the following corporate disclosures pursuant to Fed. R. Civ. P. 7.1(a).  To the best of my knowledge and belief, Röhrig Privatstiftung, a private foundation, owns an interest in MAM Babyartikel.  To the best of my knowledge and belief, BAMED Babyartikel GmbH is the only corporate entity owning an interest in Bamed.

Dated: January 18, 2007

Respectfully submitted,

YOUNG, PICKETT & LEE
4122 Texas Blvd.-P.O. Box 1897
Texarkana, TX-AR 75504-1897
Telephone:   (903) 794-1303
Facsimile:    (903) 794-5098

By:    _/s/ Lance Lee_____
Lance Lee
Texas Bar No.  24004762

Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, Virginia 20191
(703) 716-1191

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A). Pursuant to FED.R.CIV.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail this 18th day of January, 2008.

_/s/ LanceLee_____

**Appendix K**                                              Revised: 1/24/07

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION
## APPLICATION TO APPEAR PRO HAC VICE

1.This application is being made for the following: Case#___4:06-cv-00486_____
Style:__Luv n'care, Ltd. v. BAMED AG_____
2. Applicant is representing the following party/ies:__BAMED AG_____
3.Applicant was admitted to practice in_____District of Columbia (state) on July 16, 2007_____(date).
4. Applicant is in good standing and is otherwise eligible to practice law before this court.
5. Applicant is not currently suspended or disbarred in any other court.
6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.
7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.
8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.
9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.
10. There are no pending grievances or criminal matters pending against the applicant.
11. Applicant has been admitted to practice in the following courts:

| State Court & Date of Admission | U.S. Court & Date of Admission |
|---|---|
| Arkansas– 1997 | U.S. District Court/Northern District of Oklahoma - 1998 |
| District of Columbia – 2007 | Court of Appeals for the Federal Circuit -2003 |
| | U.S. District Court/District of Columbia - 2007 |

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."
13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).
14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.


**Application Oath:**

I,_____P. Branko Pejic_____do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.


Date__January 16, 2009_____    Signature _____

{J403203 00346876.DOC}

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**APPLICATION TO APPEAR PRO HAC VICE** (Continued)

Name (please print) _____ P. Branko Pejic _____

State Bar Number _____ DC, 975174 _____

Firm Name: _____ Greenblum & Bernstein, P.L.C. _____

Address/P.O. Box: _____ 1950 Roland Clarke Place _____

City/State/Zip: _____ Reston, Virginia 20191 _____

Telephone #: _____ 703 716-1191 _____

Fax #: _____ 703 716-1180 _____

E-mail Address: _____ bpejic@gbpatent.com _____

Secondary E-Mail Address: _____ gbpatent@gbpatent.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This application has been approved for the court on: _January 18, 2008_

DAVID J. MALAND

David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _Mac Velvin_
Deputy Clerk

{J403203 00346876.DOC}

**Appendix K**                                                                    Revised: 1/24/07

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION
## APPLICATION TO APPEAR PRO HAC VICE



1. This application is being made for the following: Case#___4:06-cv-00486___
Style:_Luv n'care, Ltd. v. BAMED AG_____
2. Applicant is representing the following party/ies:__BAMED AG_____
3. Applicant was admitted to practice in ___Virginia___ (state) on___November 5, 1990___ (date).
4. Applicant is in good standing and is otherwise eligible to practice law before this court.
5. Applicant is not currently suspended or disbarred in any other court.
6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.
7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.
8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.
9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.
10. There are no pending grievances or criminal matters pending against the applicant.
11. Applicant has been admitted to practice in the following courts:

| State Court & Date of Admission | U.S. Court & Date of Admission |
|---|---|
| Virginia – 1990 | U.S. Supreme Court – 2002 |
| New York - 1985 | Court of Appeals for the Federal Circuit -1985 |
| District of Columbia – 1988 | U.S. District Court/District of Columbia - 1989 |
|  | U.S. District Court/Eastern District of Virginia - |

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."
13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).
14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.

**Application Oath:**

I, ___Michael J. Fink_____do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.

Date ___January 16, 2008_____ Signature _____

{J403203 00346934 DOC}

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**APPLICATION TO APPEAR PRO HAC VICE** (Continued)

Name (please print) _____ Michael J. Fink _____
State Bar Number _____ 32056 _____
Firm Name: _____ Greenblum & Bernstein, P.L.C. _____
Address/P.O. Box: _____ 1950 Roland Clarke Place _____
City/State/Zip: _____ Reston, Virginia  20191 _____
Telephone #: _____ 703 716-1191 _____
Fax #: _____ 703 716-1180 _____
E-mail Address: _____ mfink@gbpatent.com _____
Secondary E-Mail Address: _____ gbpatent@gbpatent.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This

application has been approved for the court on: _January 18, 2008_

DAVID J. MALAND
_____
David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By _Mac Velvin_
_____
Deputy Clerk

{J403203 00346934.DOC}

**Receipt for Payment**

# United States District Court

for the

Eastern District of Texas at Texarkana

Date:                **Friday, January 18, 2008**

Received from:

| Account | | Description |
|---|---|---|
| 085000 | – | Attorney Admission Fees |
| 086400 | – | New Case Fee |
| 086900 | – | Filing Fees |
| 121000 | – | Conscience Fund |
| 129900 | – | Gifts |
| 143500 | – | Interest |
| 322340 | – | Sale of Publications |
| 322350 | – | Copy Fees |
| 322360 | – | Miscellaneous Fees |
| 322380 | – | Recoveries of Court Costs |
| 322386 | – | Cost of Prosecution |
| 504100 | – | Crime Victims Fund |
| 508800 | – | Immigration Fees |
| 510000 | – | Civil Filing Fee (1/2) |
| 5100PL | – | Partial Filing Fee (PLRA) |
| 510100 | – | Registry Fee |
| 604700 | – | Registry Funds/General and Special Funds |
| 613300 | – | Unclaimed Monies |
| 6855XX | – | Deposit Funds |

**Young Pickett & Lee**

**4122 Texas Boulevard**

**P O BOX 1897**

**Texarkana  TX  75504**

| Account | Amount |
|---|---|
| 6855XX | **$50.00** |
| | |
| **Total** | **$50.00** |

Payment method:        **Check**

Case or other reference:  **4:06-cv-486**

Comments:            **PHV for P Branko Pejic and Michael J Fink; CHECK #011938**

Received by:          **MV**

**Appendix K**                                                    Revised: 1/24/07

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**
**APPLICATION TO APPEAR PRO HAC VICE**

FILED-CLERK
U.S. DISTRICT
08 JAN 18 AM 10: 02
TEXAS-EASTERN
BY

1. This application is being made for the following: Case#__4:06-cv-00486_____

Style:_____Luv n'care, Ltd. v. BAMED AG_____

2. Applicant is representing the following party/ies:__BAMED AG_____

3. Applicant was admitted to practice in ____District of Columbia__ (state) on _____1977_____ (date).

4. Applicant is in good standing and is otherwise eligible to practice law before this court.

5. Applicant is not currently suspended or disbarred in any other court.

6. Applicant has/has not had an application for admission to practice before another court denied (please circle appropriate language). If so, give complete information on a separate page.

7. Applicant has/has not ever had the privilege to practice before another court suspended (please circle). If so, give complete information on a separate page.

8. Applicant has/has not been disciplined by a court or Bar Association or committee thereof that would reflect unfavorably upon applicant's conduct, competency or fitness as a member of the Bar (please circle). If so, give complete information on a separate page.

9. Describe in detail on a separate page any charges, arrests or convictions for criminal offense(s) filed against you. Omit minor traffic offenses.

10. There are no pending grievances or criminal matters pending against the applicant.

11. Applicant has been admitted to practice in the following courts:

| State Court & Date of Admission | U.S. Court & Date of Admission |
|---|---|
| Virginia - 1990 | U.S. Court of Appeals for the Federal Circuit - 1984 |
| District of Columbia - 1977 | |

12. Applicant has read and will comply with the Local Rules of the Eastern District of Texas, including Rule AT-3, the "Standards of Practice to be Observed by Attorneys."

13. Applicant has included the requisite $25 fee (see Local Rule AT-1(d)).

14. Applicant understands that he/she is being admitted for the limited purpose of appearing in the case specified above only.


**Application Oath:**

I, ____Neil F. Greenblum_____do solemnly swear (or affirm) that the above information is true; that I will discharge the duties of attorney and counselor of this court faithfully; that I will demean myself uprightly under the law and the highest ethics of our profession; and that I will support and defend the Constitution of the United States.


Date ___January 18, 2008_____    Signature _____


{J403203 00346926.DOC}

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**APPLICATION TO APPEAR PRO HAC VICE** (Continued)

Name (please print) _____ Neil F. Greenblum _____
State Bar Number_____ DC  930602 _____
Firm Name:_____ Greenblum & Bernstein, P.L.C. _____
Address/P.O. Box:  1950 Roland Clarke Place _____
City/State/Zip:_____ Reston, Virginia  20191 _____
Telephone #:_____ 703 716-1191 _____
Fax #: _____ 703 716-1180 _____
E-mail Address: _____ ngreenblum@gbpatent.com_____
Secondary E-Mail Address:__ leatmon@gbpatent.com _____

Applicant is authorized to enter an appearance as counsel for the party/parties listed above. This

application has been approved for the court on: *January  18,  2008*

_____ DAVID J. MALAND _____
David J. Maland, Clerk
U.S. District Court, Eastern District of Texas

By *Mae Velvin* _____
Deputy Clerk

{J403203 00346926.DOC}

# United States District Court

for the

Eastern District of Texas at Texarkana

Date:                    **Friday, January 18, 2008**

Received from:

**Young Pickett & Lee**

**4122 Texas Boulevard**

**P O Box 1897**

**Texarkana  TX  75504**

| Account | | Description |
|---|---|---|
| 085000 | - | Attorney Admission Fees |
| 086400 | - | New Case Fee |
| 086900 | - | Filing Fees |
| 121000 | - | Conscience Fund |
| 129900 | - | Gifts |
| 143500 | - | Interest |
| 322340 | - | Sale of Publications |
| 322350 | - | Copy Fees |
| 322360 | - | Miscellaneous Fees |
| 322380 | - | Recoveries of Court Costs |
| 322386 | - | Cost of Prosecution |
| 504100 | - | Crime Victims Fund |
| 508800 | - | Immigration Fees |
| 510000 | - | Civil Filing Fee (1/2) |
| 5100PL | - | Partial Filing Fee (PLRA) |
| 510100 | - | Registry Fee |
| 604700 | - | Registry Funds/General and Special Funds |
| 613300 | - | Unclaimed Monies |
| 6855XX | - | Deposit Funds |

| Account | Amount |
|---|---|
| 6855XX | $25.00 |
| **Total** | **$25.00** |

Payment method:         **Check**

Case or other reference:  **4-06-cv-486**

Comments:                **PHV for Neil F Greenblum; CHECK #011942**

Received by:             **MV**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

LUV N' CARE, LTD.

                 Plaintiff,

       v.

BAMED AG,

               Defendant.

**Civil Action No.:**

4:06-cv-00486 (MHS)(DDB)


**LUV N' CARE'S RESPONSE BRIEF IN OPPOSITION
TO BAMED'S MOTION TO DISMISS**

## Table of Contents

I.      Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Defendant's Claims that Mam is a Necessary and Indispensible Party Go Against
        Bamed's Prior Claims that it Owns the Exclusive Rights to the '083 Patent. . . . . . . . . . 2

III.    Defendant are Not Concerned About Judicial Economy. . . . . . . . . . . . . . . . . . . . . . . . . 4

IV.     Discretionary Dismissal is Not Warranted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        A.      Defendant's Protests that this Suit Was Anticipatory Do Not Change the Legal
                Result. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        B.      Luv n' care Has Fully Acted in Good Faith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

V.      Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Table of Authorities

*Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558 (Fed. Cir. 1994). . . . . . . . . . . . . . 2

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Electronics for Imaging, Inc. v. Coyle,* 394 F.3d 1341 (Fed. Cir. 2005). . . . . . . . . . . . . . . . . . 5, 6

*Luv n' care, Ltd. v. Insta-Mix,* 438 F.3d 465 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Seitz v. Envirotech Sys. Worldwide Inc.,* 513 F. Supp. 2d 855 (D. Tex. 2007). . . . . . . . . . . . . . . 2

*Serco Services Co., LP v. Kelley Co., Inc.,* 51  F. 3d 1037 (Fed. Cir. 1995). . . . . . . . . . . . . . . . . 5

*Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383 (5th Cir. 2003). . . . . . . . . . . . . . . . . . . . 5

*World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 100 S.Ct. 559 (1980). . . . . . . . . . . . . . . . . 3

## I.    Introduction

Knowing that the first-to-file rule is a well established basis for this suit to proceed, Defendant spins false claims regarding Luv n' care to dislodge the present suit in favor of a later one it filed <u>ten months afterwards</u> in Delaware.  Defendant's claims are full of misrepresentations and inaccurate or contradictory statements.

Bamed's allegation that Mam is a necessary and indispensable party contradict Bamed's prior statements in writing that the '083 design patent is its own.  Either its present claims are false or its prior ones are.  Regardless of what its latest story is, Mam can easily be added to this suit since there is plainly jurisdiction over it based on its shipments here, and its regular attendance of the Dallas trade show.  There is similar jurisdiction over Bamed.

Defendant's concerns regarding judicial economy are likewise misplaced.  It can easily pursue its claims in this suit.  In fact, it created the conditions of which it complains by instituting the second suit in Delaware.  Its response papers show no connection between it and Delaware making that particular district a preferable or necessary one for its claims of alleged infringement. In fact, that foreign corporation <u>only</u> sued there after service of Luv n' care's suit here was attempted on it.  The filing in Delaware was intended to maximize the potential inconvenience to Luv n' care when Defendant's claims could have easily been pursued in this first-filed action.  Furthermore, the Delaware court has no basis for jurisdiction over Luv n' care, and has a motion pending for dismissal based on lack of personal jurisdiction.

Likewise, Defendant's allegation that Luv n' care "feigned" interest in settlement negotiations is plainly false.  It is an empty claim invented for the purpose of its motion. Luv n' care attempted to settle for months – in fact, settlement negotiations between Luv n' care, Bamed, and

1

Mam have continued even after service of both the present suit and the Delaware suit. Bamed and Mam are well aware of this. *See*, Exhibit H (referring to Luv n' care's earlier settlement letter of December 13, 2007 and continuing settlement discussions). That Luv n' care would "make believe" it was interested in settlement makes no sense, is ridiculous, and is flatly contradicted by the settlement correspondence between the parties which has continued to date.

## II.    Defendant's Claims that Mam is a Necessary and Indispensible Party Go Against Bamed's Prior Claims that it Owns the Exclusive Rights to the '083 Patent

As far as Defendant's allegations that Mam is a "necessary and indispensable party" for the issues in the '083 design patent, Bamed contradicts itself. Counsel previously told the opposite to Luv n' care; namely, that Bamed is the proprietor of the design patent (US D441,083 S) owning the exclusive rights thereto. *See,* 7 November 2006 letter from Sonn and Partners to Luv n' care (Exhibit A). Luv n' care's choice to sue Bamed and not Mam is not at all "inexplicable" – it was based on Bamed's own representations.

Luv n' care relied on Bamed's representations in naming the defendant here, although it has since become difficult to tell which of Bamed's conflicting claims on this is true and which is false. Either way, however, Mam can be easily added to this suit. This court has jurisdiction over both Mam and Bamed. *See,* Declaration of Nouri E. Hakim submitted in Delaware Action (Exhibit G). To the best of Luv n' care's knowledge, Mam and Bamed's merchandise is shipped to warehouses in Texas to be distributed throughout Texas (*see* Exhibit G, Declaration of N. Edward Hakim). Such shipments to this state are an established basis for jurisdiction. *See, Luv n' care, Ltd. v. Insta-Mix,* 438 F.3d 465 (5th Cir. 2006); *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1566

2

(Fed. Cir. 1994); *Seitz v. Envirotech Sys. Worldwide Inc.,* 513 F. Supp. 2d 855, 862-863 (D. Tex. 2007).

In addition, Mam has regularly displayed and offered its products for sale at the Juvenile Products Manufacturers' Association (JPMA) Trade Show in Dallas. It did so for years until that show was recently moved to Florida.

For example, attached hereto are articles referring to Mam's exhibition in 1997 and to its exhibition in 2004. *See,* Exhibit E. These are merely two examples; in fact, it is Luv n' care's understanding and recollection that Mam has exhibited every year at that show. Its purpose for attending the trade show is to display and offer for sale its products in Texas – including, to our knowledge, the products related to the patents in this case. Mam has regularly done business in Texas and has had systematic contacts with this forum.

Accordingly, there is a clear basis for jurisdiction over both Defendants. When a corporation purposefully avails itself of the privilege of conducting activities within the forum State it has clear notice that it is subject to suit there. *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559 (1980). Defendants should have reasonably anticipated being haled into court in this State. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474-475 (1985).

In short, Defendant's statements that the parties have no connection with this State are no more than an attempt to mislead this Court. Should further evidence of documentation of these facts be desired, or should the Court wish that the parties address these issues further, jurisdictional discovery is respectfully requested since the pertinent evidence is mainly in Bamed and Mam's possession.

3

**III.    Defendant are Not Concerned About Judicial Economy**

Bamed's allegations that it is concerned about judicial economy ring completely hollow.  In fact, as its papers show in the Delaware case, it instituted the action against Luv n' care and Munchkin in Delaware <u>after</u> it became aware that Luv n' care had filed this suit in Texas.  *See,* Bamed's Response from Delaware action at p.10 (excerpted) (Exhibit I).  It could have easily pursued its alleged claims against Luv n' care in this suit.  It could have likewise sued Munchkin here.  Texas would have been the most appropriate venue in view of the fact that all of the parties in the Delaware action are believed to have been regular exhibitors at the JPMA trade show held in Dallas each year.

But Bamed and Mam did not do so.  Instead, they chose to sue at a significant distance from Luv n' care's location.  Neither of those parties was forced to sue in Delaware when a sister court already had a case pending on these very issues.  Rather, their choice to sue in Delaware only serves to deliberately inconvenience Luv n' care and its witnesses.  They are well aware that LNC's headquarters is less than 150 miles from this court, but is across the country from the district court in Delaware.  Neither Bamed nor Mam – both of whom are foreign corporations – has alleged any legitimate need for its suit to have been filed in the Delaware court.  They can easily proceed here, and it is respectfully submitted that it should.

Furthermore, Luv n' care has since moved to dismiss the Delaware suit since the Delaware court has no jurisdiction over it.  Luv n' care has no agent, or offices in Delaware, and did not ship the accused products to Delaware.  Dismissal of the present action would leave the issues hanging over Luv n' care unresolved.

4

## IV.    Discretionary Dismissal is Not Warranted

### A.    *Defendant's Protests that this Suit Was Anticipatory Do Not Change the Legal Result*

Defendant distorts the record to have this Court dismiss this case in contravention of the well-established rule favoring the first filed action. Its focus on allegations that this suit was anticipatory do not overcome the first-to-file rule, and distracts from the relevant issues. *Electronics for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1347 (Fed. Cir. 2005) (focusing on anticipatory nature of suit is an abuse of discretion); *Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 397 (5th Cir. 2003) (using a declaratory judgment action to resolve a dispute without waiting to be sued or until the statute of limitations expires is a proper purpose, and the mere fact that a declaratory judgment action is brought in anticipation of other potential suits does not require dismissal of the declaratory judgment action by the federal court).

It is well settled that the first-filed action is preferred, even if it is declaratory. *Genentech, Inc. v. Eli Lilly & Co., et seq.*, 998 F. 2d 931 (Fed. Cir. 1993); *Serco Services Co., LP v. Kelley Co., Inc.,* 51 F. 3d 1037 (Fed. Cir. 1995). The declaratory judgment action allows a party "who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side". *Electronics for Imaging,* 394 F.3d at 1345. Before the Declaratory Judgment Act, a competitor was rendered helpless by allegations of a patent holder, and was forced to await the patent holder's decision to sue before it could obtain resolution of its rights. *Id.* at 1346. "After the Act, those competitors were no longer restricted to an *in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of its enterprises; it could clear the air by suing for a judgment

5

that would settle the conflict of interests".  *Id.*   Such a declaratory suit is  particularly important where the allegations cast a cloud over the competitor's business and where the competitor has indicated confidence in its invalidity defense against the patent  holder's meritless allegations, as is the case here.  *Id.* at 1347.

Other factors of relevance are the convenience and availability of the witnesses which favors suit here.  *Id.*  at 1348.  LNC is located in northeast Louisiana and is in close proximity to this district.  In contrast, traveling to the State of Delaware would cause significant inconvenience, with the travel and transfer of all of Luv n' care's witnesses and records halfway across the country.

The purpose of the Declaratory Judgment Act is to provide the allegedly infringing party relief from uncertainty, and to relieve it from having to abandon its enterprises due to a threat of liability hanging over it.  *Id.* at 1346.  That is exactly why this case was filed.  A declaratory judgment action is particularly important when, as here, the threats are not justified.

Furthermore, Defendant's allegations regarding the Delaware suit are mainly irrelevant. When it filed that suit, it were fully aware of this first-filed one and deliberately chose to sue in another district to create the conditions of which it complain.  This was no "race to the courthouse" – Bamed didn't file suit for over ten months after Luv n' care's, and it only did so in response to attempted service here.  Absent that, the meritless threats raised would still be hanging over Luv n' care's head.

The significantly increased convenience and availability of the witnesses to this district, the availability of jurisdiction over all the parties here, the nature of Defendant's misrepresentations to this Court, and the fact that the foreign Defendant have no real connection to Delaware making it necessary for suit to proceed there, all confirm that this suit is warranted and should proceed.

6

**B.    Luv n' care Has Fully Acted in Good Faith**

The allegation that Luv n' care "feigned" interest in negotiation is a complete misstatement and is a knowing distortion of the facts.  In fact, Luv n' care specifically indicated its intent to concurrently both negotiate a settlement and also have its attorneys move forward with the the legal avenues available to them.

The present dispute began when several letters[1] were forwarded to Luv n' care ("LNC") in November 2006 accusing LNC of infringement.  Luv n' care's CEO, N. Edward Hakim, promptly responded by email on November 24, 2006 (see attached Exhibit B) as follows:

> "I will advise our attorneys that I have decided to negotiate with you directly, but I have instructed them to proceed forward until I think a settlement between the two of us is realistic."

(emphasis ours).  The present suit was then filed a week later December 1, 2006.

It is apparent that notice was provided from the very outset that Luv n' care was having its attorneys proceed with legal action while its CEO also pursued a settlement track.  This was stated in LNC's first response and is exactly what Mr. Hakim did:  he had his attorneys file a Declaratory Judgment proceeding in this Court while he attempted to negotiate a settlement.  Luv n' care did not want a meritless suit indefinitely hanging over its head so it promptly filed this declaratory judgment action for invalidity and noninfringement.  *Electronics for Imaging,* at 1346.

Subsequently, Mr. Hakim negotiated in good faith as he said he would, and the parties exchanged repeated correspondence.  It is noteworthy that Bamed's representations here are the

---

[1]  Specifically, an overseas law firm (Sonn & Partner) wrote a letter to Bird and Bird (Bamed's overseas attorneys), on November 6, 2006 and then Susanna Wagner (an officer of one of the Defendant) directly forwarded N. Edward Hakim, CEO of Luv n' care, a letter dated November 22, 2006.

opposite of its representations in a concurrent proceeding in Germany. *See e.g.*, Exhibit C (excerpts of settlement negotiation letters as submitted by Bamed to the German Patent Office). In Germany, Bamed requested an extension of Bamed's time to respond on the grounds that the parties were engaged in *bona fide* settlement discussions, pointing to the very same settlement correspondence it points to in this case. *See*, Exhibit C.

The case in Germany is an invalidity action filed by Luv n' care before the German Patent Office to invalidate a Bamed pacifier patent there, so it served Bamed's interest to take the opposite position. When it wanted an extension in Germany, Bamed took the position that the parties were engaged in *bona fide* negotiations; now that it wants something different here, it represents based on the same correspondence that the negotiations were not.

Bamed's attempt to mischaracterize the sequence of events is deliberately misleading and virtually defamatory. Luv n' care believed that Bamed's patents would be invalidated if it proceeded and specifically told Bamed so. *See e.g.,* Exhibit B. But at the same time, it negotiated settlement in good faith for months. Bamed's claim that the negotiations were a "charade" does not even make sense – if Luv n' care were not interested in settling, there would have been no negotiations and Luv n' care would have just proceeded forward with the complaint here. Offers to settle matters are done every day after suits are filed, and that is exactly what Mr. Hakim did. Indeed, had Bamed accepted Luv n' care's offer, no further court proceedings would have been necessary.

Ultimately, when negotiations were not sufficiently fruitful, LNC worked on attempted service. At the time, counsel was not aware that there is no language such as "Swiss", and as a result of inadvertence or a misunderstanding between Luv n' care's counsel and the translator, the suit was translated into Swedish. That error was obviously unintentional. There is no reason why Luv n' care

8

would spend a great deal of money to have a document translated and served in the wrong language, when it could have just as easily have had the document translated and served in the right one. Defendant's allegations of nefarious conduct here are ludicrous and don't even pass the laugh test.

Exhibit D hereto is a copy of a certified letter to Rick Hamilton of PFI Services Company, a national company that effectuates service via the Hague Convention on out of country Defendant, and which handled the service for Luv n' care. PFI, in fact, conducts service for the U.S. Department of Justice and the U.S. State Department. *See,* https://www.pfiserves.com/ AboutUs.html. It is highly experienced, handles thousands of service requests such as this one every month, and did not catch the error either.

The Court will readily note that Luv n' care promptly and diligently sent the translated version of the Bamed's Summons for Service in Switzerland on August 15, 2007 after it sought an extension from the Court and received the translation back from the translator, and approximately seven weeks before Defendant filed its suit in Delaware. Exhibit D likewise includes an email of September 24, 2007 from Luv n' care's attorneys' office to Rick Hamilton seeking a subsequent status on the aforementioned service as well as a request as to how long it would take to effectuate the service.

After the error in translation, Luv n' care was forced to move for a second extension due to return of the service copy from the Swiss authorities. Again, Defendant attempt to twist the record. The Delaware suit is irrelevant to LNC's attempts to perfect service, which commenced long before that suit was filed. It is also important to note that Luv n' care's request for the second extension was likewise filed on October 4, 2007, whereas Bamed's suit in Delaware was also filed on October 4, 2007. *See,* Exhibit F (cover sheet from Delaware complaint). Luv n' care did not even have

9

knowledge of the Delaware suit when it filed its motion for a second extension. Bamed is well aware that it did not serve Luv n' care until well after Luv n' care filed its motion. Bamed's allegations are just scurrilous.

In regards to the comments regarding Plaintiff's supplement to the motion, Luv n' care correctly informed the Court of the service on the Defendant as of October 26, 2007 and that it had given Defendant time to respond to this action. The supplement in question did not concern itself with jurisdiction, venue or transfer, but was simply a followup to the prior motion regarding service, which service had <u>already</u> been effectuated at the time the supplement was filed.

Defendant's claims for dismissal based on improper service are simply without basis. Although an error was inadvertently made initially with regard to translation, service was subsequently and properly completed upon them by PFI, as discussed above. Defendant does not deny that it were duly and properly served under the Hague Convention. Its claim for dismissal based on lack of service is defective on its face.

Furthermore, the fact that service on Luv n' care was perfected before the Texas complaint was served on Bamed is, again, of little consequence since the present suit for Declaratory Judgment was filed long before the action in Delaware. Luv n' care's counsel respectfully points out that Bamed has not shown one request by Luv n' care asking to have Bamed or Mam delay filing of legal proceedings. On the contrary, as pointed out above, the <u>initial response</u> from Luv n'care's CEO to Bamed's Chief Operating Officer put Bamed on notice that Luv n' care intended to have its attorneys move forward even while settlement was attempted.

It is apparent that Defendant's claim that Luv n' care engaged in "bad faith in seeking negotiations" is totally without merit and is illogical. It should be noted that it was Bamed and Mam

10

who sought to negotiate with Luv n' care, not vice versa.  In fact, the parties still continue to

negotiate.  *See,* Exhibit H.  If Luv n' care was not willing to settle, it would have gone ahead

immediately after filing suit and not wait until months later for service, during which time Luv n'

care carried on regular, repeated, good faith negotiations.  It was actually to Luv n' care's advantage

to serve the complaint immediately so that it could proceed here.  It did not, because of its good faith

attempts to settle this matter.

To recap, it is respectfully pointed out that Luv n' care gave notice of its intention to have

its attorneys proceed forward from the very outset, and it did just that, while nonetheless extending

a courtesy to see if negotiations could work out before it effected service. Defendant's contrary

allegations are totally unprofessional and in fact illogical.  What possible benefit was there to Luv

n' care have in letting the period of time in question elapse and engaging in multiple settlement

proposals if it were not negotiating in good faith to resolve this matter?  For Defendant to make such

allegations when it is well aware of the numerous settlement efforts made between the parties over

months shows that it makes its statements with the sole intent of misleading this Honorable Court,

without concern for what actually happened.

Defendant's statements are meritless, and are further contradicted by the fact that good faith

negotiations still continue to this date.  See, Exhibit H (referring to Luv n' care's earlier settlement

letter of December 13, 2007 and continuing settlement discussions).

**V.    Conclusion**

11

In summary, it is respectfully submitted that Defendant's motion for dismissal should be denied, for the reasons set forth above.

Dated: January 30, 2008                    Respectfully submitted,

*/Morris E. Cohen/*

_____

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telephone:  718-859-8009
Facsimile:  718-859-3044
Email:  mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telephone:  318-338-3603
Facsimile:  318-388-5892
Email: joed@luvncare.com

Attorneys for Plaintiff
Luv n' care, Ltd.

12



**SONN & PARTNER**
SINCE 1851

European and Austrian Patent,
Trademark & Design Attorneys

Riemergasse 14
1010 Wien, Austria
T +43 (0) 1-512 84 05
F +43 (0) 1-512 98 05

office@sonn.at
www.sonn.at

DI Helmut Sonn
DI Arnulf Weinzinger
DI Peter Pawloy
Mag. Dr.rer.nat. Daniel Alge
DI Dr techn. Georg Heger
DI Dr techn. Rainer Beetz, LL.M.

Dr phil. Heinrich Pawloy
DI Johann Köhler-Pavlik

Luv n' care
3030 Aurora Avenue
Monroe, LA 71201

Your Ref:
Our Ref:    J 3288/1, RB/cs

Vienna, 07 11 2006

**US Patent 6, 514,275 B2**
**US Patent D441,083 S**

Dear Sirs,

our client Bamed AG is proprietor of US-patents 6,514,275 B2 and US D441,083 S

Our client has become aware of your newly-offered pacifiers which comprise a lemniscate shaped shield provided with retractions on its longer sides and having lateral openings provided on each side of a central shield opening for fastening a nipple reaching to an edge of said shield while merely leaving a shield frame portion on each side of the central opening. Additionally the shield frame comprises indentations located in the middle of each shorter shield side.

The offer for sale of such patented pacifiers infringes our client's exclusive patent rights. Thus, our clients would be entitled to a seize and desist order, damages etc.

Thus, we ask you to inform us whether in your opinion there are any reasons for neglecting our client's patent rights

We are looking forward to receive your response until

**27 November 2006.**

Kind regards

Rainer Beetz
Patent Attorney

Bank Austria, Wien
BLZ 12000, Konto Nr. 697-255-800
IBAN AT7912000000697255800
BIC BKAUATWW

Bankhaus Löbbecke & Co., Berlin
BLZ 100 305 00, Konto Nr. 00.161 861.00
IBAN DE65100305000016186100
BIC LOEBDEBB

Citibank New York
ABA# 021000089
Account No.26426157

Sonn & Partner Patentanwälte
Handelsgericht Wien, FN 230295 w
UID-Nr./VAT-No. ATU10469401
DVR: 0795232

**From:** Kathryn Fendall
**Sent:** Friday, November 24, 2006 1:03 PM
**To:** 'office@mambaby.com'
**Subject:** Attention Susanna Wagner

November 24, 2006

FOR SETTLEMENT PURPOSES

MAM Babyartikel GesmbH
Lorenz-Mandl-Gasse 50
1160 Wien, Austria

Attn:  Susanna Wagner
Chief Operating Officer

Re:   -German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
       -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
       -Your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I am in receipt of your letter dated November 22, 2006 as well as the November 6, 2006 letter
from Sonn & Partner to Bird and Bird to the attention of Boris Kreye.  Your letter was addressed
to my brother Jack Hakim in our New Jersey office.  In the future, please address your
correspondence to myself, Ed Hakim.  My e-mail address is eddieh@luvncare.com and my
physical address is 3030 Aurora Ave, Monroe, LA 71201.

In response to your letter, we will be more than happy to work directly with you for the purpose of
attempting to settle all of the above cases on friendlier terms.  If, in fact, you would have
contacted me personally first before going through the expensive route (the injunction), then
matters could have been handled much differently; however, you and your company chose to
take a hard line position, which, to its chagrin, you were met by an unexpected hard defeat.

In any event, to put things on a lighter basis, I am a very level headed individual who will
compromise when possible provided I am dealing with reasonable people.  I believe that we can
settle our differences amicably, and feel that the pending issues can be settled provided we work
out a global settlement that resolves all of our differences on both the German and the US patent
claims at the same time.

With respect to the German proceedings,




With regards to the two US Patents, since we have certain and specific prior art that would invalidate your US Patent 6,514,275 B2, and since our products do not look like your design in Patent D441083S, we strongly believe that if were to litigate those claims we would win on them also.  We do not believe that any reasonable jury or judge would hold against us on those US patents, and would request our attorneys fees if that case had to go forward as well.  The bottom line is, if we can come to an agreement on the US patents, and you would permanently drop your claim against our design, then I believe that we could move forward with a global settlement on all of the products listed above.

Feel free to contact me any time either in writing or by phone to discuss settlement.  I will advise our attorneys that I have decided to negotiate with you directly, but I have instructed them to proceed forward until I think a settlement between the two of us is realistic.  You may contact me by phone at 318-388-4916 extension 3127.

In closing, I would certainly like to say that the world is a large market and that there is a lot of room for both companies to operate as friendly competitors.  I would suggest that in the future if either side has a problem with the other side that prior to filing suits the doors of communication should be opened.  It makes for a much easier and less expensive resolution even though both sides can well afford attorneys' fees and or a loss; moreover, I think the road that both companies are going down currently is only going to lead to a constant filing of law suits by both sides. Instead, I feel that we should be in the business to create and sell products rather than constantly litigate.  Unfortunately, litigation is part of the every day business in America and this is why we have attorneys on staff, but we certainly would prefer to have our attorneys spend time writing contracts and directing our business rather than engaging in litigation.

Awaiting your response, I remain.

Sincerely,

Ed Hakim
CEO

NEH/kf

# HANSMANN & VOGESER

MÜNCHEN – FRANKFURT – GÖPPINGEN
– GERMANY –

Tel.:      00 49-(0)89 / 55 292-0
Fax:      00 49-(0)89 / 55 292-292
E-Mail: info@hansmann-vogeser.de
81369 München · Albert-Roßhaupter-Straße 65

Hansmann & Vogeser · Postfach 70 08 60 · 81308 München

An das
Deutsche Patent- und Markenamt
80297 München

München:
Patentanwälte
**Vogeser** Werner, Dipl.-Ing.*▲
**Liedl** Christine, Dipl.-Chem.*▲
**Alber** Norbert*▲
Dipl.-Ing., Dipl.-Wirtsch.-Ing.
**Dr. rer. nat. Strych** Werner*▲
**Müller** Gerald, Dipl.-Ing.▲
**Dr. Brehm** Hans-Peter, Dipl.-Chem.*▲
**Dr. Heigl** Oliver, Dipl.-Chem.▲

Rechtsanwälte
**Groß** Peter, LL. M.
**Graeser** Susanne, LL. M.

Starnberg:
Patentanwalt
**Beck** Alexander, Dipl.-Ing.*/

in Kooperation mit:

Frankfurt:
Patent- und
Rechtsanwalt am OLG
**Dr.-Ing. Boecker**

Göppingen:
Patentanwalt
**Fürst** Siegfried,
Dipl.-Ing. (FH)*▲

\* European Patent Attorneys
▲ European Trademark
  Representative

| Ihr Zeichen<br>Your reference | Unser Zeichen<br>Our Reference<br>60719 ST / BO | Durchwahl<br>Extension | München, den<br>16. April 2007 |
|---|---|---|---|

**Aktenzeichen:**       Gbm 20 2004 005 564
                              Lö I 76/06
**Beteiligte:**              New Valmar b.v.b.a.  ./. BAMED AG

<u>Auf die Mitteilung vom 26. Januar 2007, hier eingegangen am 01. Februar 2007:</u>

Aufgrund der Tatsache, dass die bzgl. des vorliegenden Verfahrens geführten Einigungsverhandlungen auch parallele US-Patente bzw. in den USA sowie in Deutschland anhängige Verletzungsverfahren mit einbeziehen und es demzufolge notwendig ist, die Vorgehensweise mit Vertriebspartnern sowie weiteren beteiligten Dritten in den USA abzusprechen, konnte bis zum jetzigen Zeitpunkt noch keine einvernehmliche Lösung gefunden werden.

Es wird deshalb gebeten, die Frist zur Einreichung der Widerspruchsbegründung um weitere drei Monate, also bis zum

**15. Juli 2007**

zu verlängern.

Bankverbindungen München:
Bank Details:
HypoVereinsbank (Swift: HYVEDEMMXXX)   Deutsche Bank AG (Swift: DEUTDEDBMUC)   Postbank München (Swift: PBNKDEFF)
BLZ 700 202 70 · Konto-Nr. 882 495   BLZ 700 700 24 · Konto-Nr. 82 080 50   BLZ 700 100 80 · Konto-Nr. 1633 97-802
IBAN: DE09 94 0000 0000 8824 95   IBAN: DE 85 7007 0024 0820 8050 00   IBAN: DE03 7001 0080 0163 3978 02

I.D. Nr.
(V.A.T. Registration No.):
DE 13 0497 585

Als Beleg dafür, dass gegenwärtig beide Seiten weiterhin in Einigungsverhandlungen stehen, finden sich als Anlage zu diesem Schreiben

a)    ein Schreiben der Luv n´care Ltd., Monroe, USA, vom 05. Februar 2007

b)    ein Antwortschreiben der MAM Babyartikel GesmbH, Wien, Österreich vom 01. März 2007.

Vorliegend nicht relevante Textstellen wurden hierbei aus Gründen der Vertraulichkeit geschwärzt.

Die New Valmar b.v.b.a, die vorliegend als Löschungsantragsssstellerin auftritt, ist hierbei die für Deutschland zuständige Vertriebsgesellschaft der Luv n´care Ltd., während die MAM Babyartikel GesmbH als österreichischer Vertreiber der Gebrauchsmustergemäßen Sauger wirkt.

Sollte wider Erwarten eine Fristverlängerung als nicht gewährbar erachtet werden oder weitere Dokumente als notwendig erachtet werden, so wird um Mitteilung sowie um Gewährung einer kurzen Nachfrist gebeten.

Dr. Werner Strych
Patentanwalt

**Anlage:**
Schreiben der Luv n´care Ltd. vom 05. Februar 2007
Schreiben der MAM Babyartikel GesmbH vom 01. März 2007
3 Doppel der Eingabe



```
701258    FEB 5, 2007      ACT WT  LTR      #PK 1
SERVICE XPR                 BILL WT  LTR
TRACKING# 12701258676371100        ALL CURRENCY USD
INVOICE NO.: TAMMY BANKS
PURCHASE NO.: TAMMY BANKS      MAM  Susanna
                                        Wagner
HANDLING CHARGE 0.00            FRT: SHP
SHIPMENT REF RATE CHARGES:      SVC  10.64 USD
DV 0.00            COD  0.00    RS  0.00
DC 0.00            DG   0.00    SD  0.00
AH 0.00            PR   0.00    SP  0.00
TOT REF CHG  10.64            REF+HANDLING  10.64
TOT PUB CHG  47.09%           PUB+HANDLING  47.09
```

February 5, 2007

**FOR SETTLEMENT PURPOSES**

MAM
Attn: Susanna Wagner
Chief Operating Officer

Re:  German Utility Model 20 2004 005564.3 "Teat" of Bamed AG
      -Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
      -your US Patent 6514275B2 and US Patent D441083S

Dear Ms. Wagner,

I have now had ample time since your last letter to study the situation more carefully and make this proposal. I think there are virtually two options outside of protracted litigation. The first option would be to withdraw our action against you in Germany with regards to the textured teat. We would additionally agree to the terms in our previous letter with regards to our texture and its location. Under these circumstances, you could then proceed and have your patent upheld with no objection from Luv n' care.



Along with option one, what we would receive in return ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮. I believe that this would be a win/win situation for both of us. As you know the alternative would be protracted litigation in Germany of which I believe you would have to agree we would most likely win,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Additionally, with respect to your pacifier patent here in the US, we feel that,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The second option my suggestion would be that▮▮▮▮▮▮▮▮▮▮▮▮▮▮

CORPORATE OFFICE: P.O. Box 6050 • Monroe, LA 71211 • 3030 Aurora Avenue • Monroe, LA 71201 • Phone: (318) 388-4916 • FAX: (318) 323-1899
SALES OFFICE: 257 Monmouth Road, Building B, Suite # 5 • Oakhurst, NJ 07755 • Phone: (732) 531-5757 • FAX: (732) 531-5331



With regards to the above two options, please let us have your comments as I think surely one of these two options is quite workable but option number one is the safest for both sides. We will obviously both be giving up something in the spirit of settlement.

As you know, we have our own in-house staff of attorneys so the cost of the litigation here in the U.S.A. will be minimal to us; however, the litigation for both of us in Europe will be very expensive along with costly litigation for you here in the U.S.A. I think in the spirit of cooperation we should both choose option one. It may not be exactly what we both want, as the ideal situations are never etched in stone for each of us. What this would do is let us both continue to operate on a global basis with the understanding that when situations arise we can work them out together without protracted costly litigation.

Please let me have your comments with regards to the above, and awaiting your response, I remain.

Sincerely,

Ed

NEH/kf

cc: Morris Cohen
    Joe D. Guerriero
    Blake Deshotels

dated February 5th, 2007

Page 1 of 1

**...ryn Fendall**

| | |
|---|---|
| **From:** | Susanna Wagner [Susanna.Wagner@mambaby.com] |
| **Sent:** | Thursday, March 01, 2007 6:04 AM |
| **To:** | Ed Hakim; Kathryn Fendall |
| **Subject:** | Your letter dated February 5th, 2007 |

**Attachments:** luvncare010307.doc

Dear Mr. Hakim, dear Mrs. Fendall,

Enclosed please find our reply to your above mentioned letter.

With best regards

Susanna
<<luvncare010307.doc>>

3/1/2007



Mr.
Ed Hakim
Luv n'care Ltd.

3030 Aurora Avenue
Monroe, LA 71201
USA

Vienna, 1. März 2007

Re:    German Utility Model 20 2004 005564.3 „Teat" of BAMED AG
       Cancellation Action, official file no.: Lo 1 76/06 of New Valmar B.V.B.A.
       US Patent 6514275B2 and US Patent D441083S

Dear Mr. Hakim:

Many thanks for your letter of February 5, 2007 in which you outlined possible options for an amicable agreement from your point of view. It took us some time to come back to you, as we had to discuss the matter extensively with our exclusive distributor in the USA, ████████, and to find a mutual understanding between ████ and ourselves.

We agree with you that a settlement outside of protracted litigation would be most favourable for both sides. Thus, we are happy to hear that you agree with the terms set out in our previous letters with regard to our dispute concerning baby bottle teats having a rough surface area.

However, since we are bound by contract to ██████ to defend and enforce our intellectual property rights in the U.S., we cannot grant you the right to continue selling your pacifiers with the infringing frame shield. However, we could offer you that w█████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ This would also be an acceptable solution for our exclusive distributor in the U.S. bearing in mind that the First Year's pacifiers referred to by you do not at all anticipate such█████████████████████████████Also whatsoever butterfly shaped pacifier shields having a full surface do not invalidate our U.S. patents.

*MAM Babyartikel GesmbH, Lorenz-Mandl-Gasse 50, 1160 Wien, Austria*
*Phone +43-1-49 141-0, Telefax +43-1-49 141 404*
*email: office@mambaby.com, web: http://www.mambaby.com/*
Bank affiliation: Bank Austria 255-106-002/00, FN 1104652, HG Wien



As your second option basically will lead to further litigation in Germany and the U.S. we do not see how this option could be the basis for an amicable settlement. Additionally, the design being sent to us and marked as No. 4 obviously still falls within the scope of our U.S. patents.

However ████████████████████████████████████████ ████ould be a compromise, our U.S. distributor and you should be able to live with. Therefore, we consider this as a win-win situation for both of us.

I'm looking forward to hearing from you whether this offer does meet with your approval.

Yours sincerely,

Susanna Wagner
Chief Operating Officer

*MAM Babyartikel GesmbH, Lorenz-Mandl-Gasse 50, 1160 Wien, Austria*
*Phone +43-1-49 141-0, Telefax +43-1-49 141 404*
*email:* office@mambaby.com, *web:* http://www.mambaby.com/
Bank affiliation: Bank Austria 255-106-00200, FN 1104657, HG Wien

**Karen Farmer**

---

**From:**    Karen Farmer
**Sent:**    Thursday, September 27, 2007 9:27 AM
**To:**    'rickh@pfiserves.com'
**Subject:** Luv n' care, Ltd. vs. Bamed AG

Rick,

Please give me a status on the service in connection with the above referenced subject as well as an estimate regarding the length of time it will take to perfect service.

Thanks,

*Karen S. Farmer, Paralegal*
*Luv n' care, Ltd*
*3030 Aurora Avenue*
*Second Floor*
*Monroe, Louisiana 71201*
*(318) 338-3084*

**Karen Farmer**

**From:** System Administrator
**To:** Rick Hamilton
**Sent:** Thursday, September 27, 2007 9:28 AM
**Subject:** Delivered:Luv n' care, Ltd. vs. Bamed AG

Your message

To: rickh@pfiserves.com
Subject: Luv n' care, Ltd. vs. Bamed AG
Sent: 9/27/2007 9:27 AM

was delivered to the following recipient(s):

Rick Hamilton on 9/27/2007 9:30 AM

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Rick Hamilton
633 Yesler Way
Seattle, WA 98104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Dan Speck
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

DAN SPECK     8-2-07

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☑ Certified Mail  ☐ Express Mail
- ☐ Registered  ☐ Return Receipt for Merchandise
- ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)

7006 3450 0001 1374 3004

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

RECEIVED AUG 2 4 2007

Joe D. Guerriere
3030 Aurora, 2nd fl.
Monroe La 71201

(BANNED)

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ 1.48 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.28 |

MONROE LA
Postmark
AUG 16 2007
USPS - 71203

Sent To  Rick Hamilton
Street, Apt. No.; or PO Box No.  633 Yesler Way
City, State, ZIP+4  Seattle, WA 98104

7006 3450 0001 1374 3004

PS Form 3800, August 2006     See Reverse for Instructions





**CEO**

Ed Hakim

**President**

Joseph Hakim

**Corporate Office**

P.O. Box 6050
Monroe, LA 71211

3030 Aurora Ave.
Monroe, LA 71201

Phone: 318.388.4916

Fax: 318.388.5892

**Legal Department**

Joe D. Guerriero
*General Counsel*

**U.S. Sales President**

Jack Hakim

257 Monmouth Road
Building B, Suite #5
Oakhurst, NJ  07755

Phone: 732.531.5757

Fax: 732.531.5331

**Int'l Sales President**

Michael Ariel

7276 Sidonia Court
Boca Raton, FL  33433
USA

Phone: 561.338.3034

Fax: 561.391.6261

*www.nuby.biz*

August 15, 2007

CERTIFIED – RETURN RECEIPT REQUESTED
Mr. Rick Hamilton
633 Yesler Way
Seattle, WA  98104

Dear Rick:

As per your instructions, I am enclosing herein the translated version of the Complaint and Summons for service in Switzerland.  The address to be served on the defendant, "BAMED AG" is on the summons, namely:

BAMED AG
Wilenstrasse 17
8832 Wollerau
Schweiz

I am enclosing a check in the amount of $450.00 which I understand represents your charge for making this service through THE HAGUE CONVENTION.

It is my understanding that the translated pleadings do not have to be legalized.

If any of my comments are incorrect please contact me immediately.  My direct line is 318-338-3603.

Best regards,

Joe D. Guerriero

JDG/slr
Enclosures



**Karen Farmer**

| | |
|---|---|
| **From:** | Joe D. Guerriero |
| **Sent:** | Friday, August 10, 2007 10:00 AM |
| **To:** | Karen Farmer |
| **Subject:** | FW: 60372: Translation Delivery: Luv N' Care, Ltd-Petition into Swedish |
| **Attachments:** | LNC.BAMEDAG.PLEADINGS_se.doc; Summons Issued_se.doc |

Karen...Important follow up for Monday morning!   Thanks   Joe D.

---

**From:** Mary Shillue [mailto:mshillue@ricintl.com]
**Sent:** Friday, August 10, 2007 8:11 AM
**To:** Joe D. Guerriero
**Cc:** Amit Johar
**Subject:** 60372: Translation Delivery: Luv N' Care, Ltd-Petition into Swedish

Dear Joe,

Thank you for choosing RIC International for your translation project. Please find your translation attached. Please let me know if you have any questions or concerns on the translation.

Best Regards,

Mary Shillue
Account Executive

RIC International
tel: 617-621-0940 x120
fax: 617-621-2552
mshillue@ricintl.com
www.ricintl.com
Precision Translations for Worldwide Markets

8/13/2007

POWERED BY
BNET.com

FindArticles > Discount Store News > Oct 20, 1997 > Article > Print friendly

**JPMA hops into licensing bus; Pooh, Looney Tunes, Disney and Sesame Street rule - Juvenile Products Manufacturers Association exhibits various products for infants and toddlers featuring Winnie the Pooh, Baby Looney Tunes, Disney Babies and Sesame Street licenses**

Laura Liebeck

DALLAS -- Licensing is big business for the diaper set, even for infants who can't yet hold up their heads. *SEE REFERENCE TO MAM ON PAGE 3*

At last month's Juvenile Products Manufacturers Association annual show in Dallas, hundreds of new products, plus updated existing ones, featured four key licenses that appeared in showroom after showroom: Baby Looney Tunes (now celebrating its first anniversary); Disney Babies (now available in a new 3D-effect process); Sesame Street (thanks to the overwhelming success last year of Tyco's Tickle Me Elmo doll and resulting line extensions); and Winnie the Pooh (both classic and updated versions). The characters were featured on nearly every juvenile product imaginable including bedding, bath, diaper bags and feeding items.

Products designed for the mass market were generally offered in either bright pastels or primary colors, compared to more subdued colors and applications slated for department stores. Soft goods, created for such mid-tier retailers as JCPenney, Sears Burlington Coat Factory and Babies "R" Us, often featured elements of both. This year denim and chambray fabrics graced many products, recreating the Baby Gap and OshKosh looks that are popular in apparel.

In such traditional juvenile products as high chairs. strollers, play yards and car seats, multiple-use themes dominated. Many manufacturers offered products that could be used in a variety of ways, extending the lives of the products. Particularly popular this year were infant car seats that fit into strollers; high chairs that transform from an infant feeding chair to a toddler seat and then into a casual-use chair; play yards with bassinet inserts, and potty seats that double as step stools.

Other trends at this year's show included:

* No-spill sippy cups;

* Color-changing feeding tools to tell parents when the food is too hot (with similar technology used for some bath toys);

* Gift sets that combine bedding, bath, feeding and play in diaper bags, buckets or storage boxes;

* Strollers with all-terrain wheels and other more rugged-looking features, playing off the popularity of mountain bikes;

* Vibrating teethers;

* Walkers with extra safety features.

* Car seats with extra safety features in anticipation of new, stricter federal guidelines, particularly with the car tether.

This year's JPMA show, held Sept. 27 to 30 at the Dallas Apparel Mart, featured 365 exhibitors spanning 600,000 sq. ft. Over 8,000 people were expected, making the event the largest in the association's 28-year history of hosting trade shows. Next year's show is scheduled to begin on Oct. 25, again in Dallas.

Juvenile products is a $4.23 billion industry at retail, a business that has grown over 400% since 1980 when sales were $850 million. Fueling the growth is the large number of births each year, now a bit shy of 4 million.

While thousands of products were on display, JPMA created a program that recognizes creativity and innovation in juvenile products called the "Show Off" Product Competition. Ten winners were selected by an industry panel. The winners were:

* Arm's Reach Bedside Co-Sleeper by Baby Trend: A play yard with insert to keep the infant at bed height for parents, making nighttime feedings within each reach.

* Ready Freddy time-out watch by Camp Kazoo: A timer that can be worn as a watch and which can count down 99 minutes.

* Century Next Step Car Seat: Transitions from infant car seat to adult vehicle seatbelts, adjustable side supports, recline and upright seat position and a lap/shoulder harness clip to keep the belt away from a child's neck.

* Gerry Amuse & Cruise Activity Center Wagon by Evenflo: An activity center and wagon in one. The activity center insert can be removed for easy wagon use.

* Animal Heads Up/Strap Cover by Gold Bug: A car seat cover with straps in assorted animal designs.

* Kelty Kangaroo Infant Carrier by Kelty Pack: An infant carrier that positions baby's weight on an adult's hips and waist instead of shoulder and neck.

* 1-2-3 Discovery Lane by The Maya Group: A three-stage modular play surface for children 3 to 18 months, featuring 10 activities that can be assembled in a variety of configurations.

* Power Strip Cover by Mommy's Helper: A secure cover for electrical strips.

* Teething Blanket by Munchkin: All-cotton blanket with attached pacifier and easy-to-grip edges.

* Bath Mobile by Summer Infant Products: "Noodle" activity arch for the bath attached to tub with suction cups.

Among the many other new products introduced at the show were:

* Century: The Next Step Car Seat; Grow With Me High Chair featuring side feeding tray and infant to toddler uses; Fold-n-Go Care Center, a play yard with bassinet and changing table insert on wheels with side storage.

* Cosco: Travel Vest car seat without the hard shell; Options High Chair/Youth Chair; infant to toddler chair-feeding system;

* Dolly: Musical wall art in popular licenses; diaper bag gift sets; voice activated night crib light.

* Evenflo: Stage cups, which includes nipple, sippy and straw drinking methods, part of the entire new line of feeding products.

* Fisher-Price: Remote Control Soother for crib; Pop Up Play Seat, play quilt and infant seat in one; Grow With Me Patio Table, height-adjustable and collapsible round patio set.

* Gerber Childrenswear: Mini sleeping bag with attached pillow in a see-through plastic tote.

Case 1:08-cv-00213-SLR    Document 20-43    Filed 04/14/2008    Page 8 of 6

* Gerber Products: New bath line of toys; training plate with rounded bowl edges and a suction bottom; one-piece nipple system.

* Graco: Baby Monitor with two receivers and Ultra Clear Monitor with light indicator; Graco Pram, converts from a pram to a stroller with a four-position seat and three height adjustments.

* Kolcraft: Secure car seat with a harness support made of pliable plastic; walker made with a 39-in. base.

* Luv n' Care: Dr. Seuss line of bibs and no-spill cups; six-stage feeding system, wide-mouth bottle that grows with the child.

* Playskool: One-piece spillproof cups with one-piece mechanism with nipple in the lid; Magic Reward Potty Step Stool with a bull's-eye star in the receptacle and an "I did it" door hang; color change bowl and spoon.

* Playtex: Cool Straw, lightly insulated cup with built-in straw; Eazy Feed Drop Ins Nurser with a burping feature gauge.

* Safety First: Musical Baby Gym & Walker; Fold-Up Potty.

 * Sassy/Mam: Dunk & Clunk developmental sorter; teethers that get to the back teeth; new bath toys line.

* Step 2: Snooze 'n Cruise toddler bed.

* The First Years: All-in-One High Chair, infant carrier and multi-position chair and toddler seat; ComforTemp underarm thermometer.

COPYRIGHT 1997 Reproduced with permission of the copyright holder. Further reproduction or distribution is prohibited without permission.
COPYRIGHT 2004 Gale Group


**BabyShop** Worldwide
A companion newsletter to Baby Shop Magazine

**June 2004**

## In This Issue:

• Featuring – 11 Powerful Marketing Tips

• Meet the Maker – Up & Away, Inc.

• Trade Show Info – Read the Latest News About the Juvenile Product Trade Shows

• Baby Buzz – Product News and Press Releases from the Juvenile Product Industry

## Also See:

• Product Update Pages

• Highlights For Next Issue of Baby Shop Magazine

• Baby Shop and eBabyShop Archives

# Trade Show Information

Read news from: Kind + Jugend | JPMA

## Kind + Jugend – World's Largest Children's Outfitting Show

The restructuring of Kind + Jugend with a sharper focus on hardware is gaining widespread acceptance. With seven months to go before the start of the fair, almost all of the renowned hardware manufacturers have already registered to take part. For Markus Oster, Vice President at Koelnmesse GmbH, this is a clear vote of confidence for the new concept and the Cologne exhibition centre: "An additional boost has been provided by turning the conceptual focus more towards hardware and rescheduling Kind + Jugend for September. We have already received a large number of registrations, proving that the children's outfitting sector regards the Cologne event as the most important international trade fair and presentation platform."



Kind + Jugend will take place from 17th to 19th September 2004 and is expected to attract around 500 exhibiting companies, of which more than 400 suppliers will be presenting hardware products from the following segments: children's furniture, child safety seats, prams and buggies, textile outfittings, toys and games, and plastic, electrical and hygiene articles. The participating market leaders include Dorel Juvenile, Britax-Römer and Teutonia, Chicco, Mapa, Avent Cannon, Mam, Geuther, Paidi, Zöllner and Philips. The companies Mattel (Fisher Price), European Nursery Group, SIGG and Gruppo Giordani Giochi Preziosi will be taking part for the first time. What's more, numerous suppliers such as Alvi, Emmaljunga, Hoco, Jane, Tiny Love, MacLaren and Candide have once again expanded their stand areas. IGEKA, the interest group of the children's speciality stores, will also be presenting its products at a larger stand area, thus underlining Kind + Jugend's strong position as the world's largest and most important trade fair of its kind.

Both hardware products and the latest children's fashion will be presented at Kind + Jugend. Jacadi, Versace Young, Celebrity Kids, Jacky, Bondi-Dress, Malerba, Elting, Laufer and Baby-Staab are just some of the companies that have already confirmed their participation at this early stage. Full-range suppliers and related groups in particular will be able to profit from the close proximity to hardware suppliers.

Further information on **Kind + Jugend** and the range of services available can be found at: www.kindundjugend.de

**Kind + Jugend**
17th to 19th September 2004


**TOP**

## 2004 International JPMA Show A Quality Event



The recent 2004 International JPMA Show is proud to have maintained its status as the premier pre-natal to pre-school trade show in North America.

Hosting more than 1,270 buyers (967 ▬▬▬▬▬



domestic and 305 international), representing 772 companies, the 322 exhibitors (115 first time exhibitors) experienced valuable retailer attendance.



*"Many exhibitors have told us more orders were written at this show than any other show in recent history,"* commented Robert Waller, JPMA president. *"And ninety-five percent of retailers and exhibitors participated in Appointment-Only Day - our highest Appointment-Only Day participation ever - which proved the industry came to Dallas to work."*

Robert Omansky, national sales director of Munire Furniture commented, " could not have been more pleased with the response we received. Everyone hoped to see came to visit our showroom. Our showroom was always busy. We have no doubt this show was extremely worthwhile attending."

*"We found the show to be quite beneficial for us, both from the quality buyers that came through our showroom to the peripheral meetings that were held. As marketing manager I was also very pleased with the number of media representatives that took the time to stop by and chat with us,"* said Carole Childs, marketing manager for KidCo.



Retailers also expressed their pleasure - from the quality of exhibitors, thousands of show specials and hundreds of new products, to the many show enhancements. Attendees experienced an enhanced show layout, to the many JPMA greeters and staff, to a variety of seminars, networking events and much more.

Along with the traditional Innovation Awards, Product Showcase, new product and trade show directories, the show hosted the winners of the first Annual JPMA Student Design Competition. Students from colleges and universities across the country competed for cash prizes and the opportunity to display their winning designs and talents.

*"The 2004 JPMA show provided opportunities above and beyond my expectations. I made great connections as well as what I believe will be life-long friendships. I am extremely grateful to JPMA for the honor and the memorable experience,"* said Rebecca Finell, the grand prize winner and a junior at Arizona State University.

The Juvenile Products Manufacturers Association is a national trade organization of more than 340 companies in the United States, Canada and Mexico. These companies manufacture and/or import infant products such as cribs, car seats, strollers, bedding, and a wide range of accessories and decorative items. For more information about JPMA, visit the



Web site at www.jpma.org or call 856-638-0420.



Feature Article | Meet The Maker | Trade Show Info | Baby Buzz

**A Spindle Publishing Company, Inc. Production**
Subscribe | Unsubscribe

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH<br>　　　a Company organized and<br>　　　existing under the laws of Austria, | ) ) ) ) | |
| and | ) ) | |
| BAMED AG<br>　　　a Company organized and<br>　　　existing under the laws of<br>　　　Switzerland, | ) ) ) ) ) | |
| 　　　　　　Plaintiffs, | ) ) | |
| 　　　　v. | ) ) | C.A. No. _____ |
| LUV N' CARE, LTD.,<br>　　　a Louisiana Corporation, | ) ) ) | **JURY TRIAL DEMANDED** |
| and | ) ) | |
| MUNCHKIN, INC.<br>　　　a Delaware Corporation, | ) ) ) | |
| 　　　　　Defendants. | ) ) | |

## COMPLAINT

Plaintiffs MAM Babyartikel GmbH (hereinafter referred to as "MAM Babyartikel) and

Bamed AG (hereinafter referred to as "Bamed"; hereinafter collectively referred to as

"Plaintiffs") by and through their attorneys, hereby demand a jury trial and allege, upon

information and belief, in this Complaint against Defendants Luv N' Care, Inc. hereinafter

referred to as "Luv N' Care")  and Munchkin, Inc. (hereinafter referred to as "Munchkin";

hereinafter collectively referred to as "Defendants"), as follows:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAM BABYARTIKEL GMBH, and BAMED AG,<br><br>                  Plaintiffs,<br>    v.<br><br>LUV N' CARE, LTD. and,<br>MUNCHKIN, INC.<br><br>               Defendants. | Civil Action No.: 07-608-*** |

**Declaration of N. Edward Hakim**

N. Edward Hakim hereby declares the following under penalty of perjury of the laws of the United States:

1.    I am the Chief Executive Officer of Luv n' care, Ltd., one of the Defendants in the above-captioned litigation.

2.    In my field, the baby products industry, there is a well known Juvenile Products Manufacturer's Association (JPMA) trade show each year which attracts international participation. That show was held for many years in Texas, until recently when it was moved (approximately two years ago) to Florida.

3.    I have repeatedly attended that show, and can attest that Plaintiff Mam Babyartikel has regularly displayed and offered its products for sale at that trade show in Dallas, Texas on many occasions over the years.

4.    Likewise, it is my belief that Plaintiff Bamed AG's products, which are related to the subject matter of this suit are regularly shipped to Texas. Specifically, my belief is based on the fact that, to the best of my knowledge, Bamed's products are sold in Texas after they are shipped to the Wal-Mart warehouses in Texas designated for distribution throughout Texas.

Dated: January 28, 2008

                                                      N. Edward Hakim
                                                      CEO, Luv n' care Ltd.



**Mr. Ed Hakim**
**Luv n'Care Ltd.**

**3030 Aurora Avenue**
**Monroe, LA 71201**
**USA**

Vienna, 21 December 2007

**FOR SETTLEMENT PURPOSES ONLY – SUBJECT TO RULE 408**

**Re: Patent Dispute in Delaware – your letter of 13 December 2007**

Dear Mr. Hakim,

Thank you for your letter of 13 December 2007.



{J403203 00331085.DOC}

*MAM Babyartikel GesmbH, Lorenz-Mandl-Gasse 50, 1160 Wien, Austria*
*Phone +43-1-49 141-0, Telefax +43-1-49 141 404*
*email:* office@mambaby.com, *web:* http://www.mambaby.com/
*Bank affiliation; Bank Austria 255-106-002/00, FN 110465Z, HG Wien*





We are absolutely open for a fair proposal from your side, ███████ We are able to be flexible in this way, but ████████████████████████████████

Thus, you may wish to re–consider our proposal of 1 March 2007 ███████████ This compromise would be acceptable to our U.S. distributors. Accordingly, this would also allow us to settle our disputes in the U.S. as well as in Germany.

Looking forward with great interest to hearing from you again, I remain,

with best regards,

Peter Röhrig

CEO

{J403203 00331085.DOC}

*MAM Babyartikel GesmbH, Lorenz-Mandl-Gasse 50, 1160 Wien, Austria*
*Phone +43-1-49 141-0, Telefax +43-1-49 141 404*
*email:* office@mambaby.com, *web:* http://www.mambaby.com/
*Bank affiliation: Bank Austria 255-106-002/00, FN 110465Z, HG Wien*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH,<br>  a Company organized and<br>  existing under the laws of Austria, | ) ) ) ) | |
| and | ) ) | |
| BAMED AG,<br>  a Company organized and<br>  existing under the laws of<br>  Switzerland, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 07-608-*** |
| LUV N' CARE, LTD.,<br>  a Louisiana Corporation, | ) ) ) | |
| and | ) ) | |
| MUNCHKIN, INC.,<br>  a Delaware Corporation, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT LUV N' CARE'S MOTION TO TRANSFER OR IN THE ALTERNATIVE, DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE**

OF COUNSEL
GREENBLUM & BERNSTEIN, P.L.C.
Neil F. Greenblum
Michael J. Fink
P. Branko Pejic
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP
Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19899
Tel: (302) 571-6600
Fax: (302) 571-1253

*Attorneys for Plaintiffs MAM and Bamed*

These statements are simply not credible. Luv n' care had ample time to familiarize itself with the Hague Convention rules, and properly prepare the necessary papers. Moreover, these requirements are readily available, *inter alia*, on the U.S. State Department's web page[5], yet Luv n' care nonetheless translated the complaint into Swedish. (Verification of Translation; Ex. E). But more importantly, there is no such language as Swiss. (Swiss Federal Statistical Office, Language; Ex. F). The official languages of Switzerland are German, French, Italian and Romansh. (*Id.*).

Bamed discovered Luv n' care's bad faith in seeking negotiations as a pretext to gain an improper advantage as a result of Luv n' care's attempted service of the Swedish language DJ complaint. (Peter Röhrig Declaration; Ex. G). Bamed promptly contacted counsel, and filed the present patent infringement action, on October 4, 2007, upon the expiration of the time for Luv n' care to properly effectuate service of the Texas DJ complaint.

After Luv n' care was served, in-house counsel for Luv n' care requested a sixty (60) day extension to respond to the complaint in this action. (Guerriero November 1, 2007 email; Ex. I). Luv n' care then continued its pattern of deception by filing a misleading supplemental motion for a second extension with the Texas Court on November 6, 2007. (Luv n' care supplemental motion; Ex. J). In the supplemental motion, Luv n' care failed to disclose this Delaware action, and the Texas court, without knowledge of Luv n' care's charade or this pending action, retroactively granted Luv n' care's second request for an extension to serve the Texas DJ complaint. (Dkt. 11, Texas Docket Sheet; Ex. C).

---

[5]    *See* U.S. State Department Hague Convention on Service Abroad regulations web page regarding Judicial and Extra-Judicial Documents in Civil and Commercial Matters and the Swiss Official Languages, p. 26; Ex. H.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| Defendant. | ) | |

**REPLY OF BAMED IN SUPPORT OF ITS MOTION TO DISMISS**

The present DJ action should be dismissed, alternatively or transferred and consolidated with the pending Delaware infringement action. Luv n' care failed to provide a justification for improperly filing this preemptive declaratory judgment action, and failing to serve the complaint for eleven (11) months. Luv n' care's attempt to concoct an excuse for its improper actions is a house of cards built upon a faulty foundation, which collapses under inspection. Luv n care's DJ action was not first filed. This DJ action had expired for the second time due to Luv n' care's failure to serve the complaint when the Delaware action was filed and Luv n' care was served with the Delaware complaint. This DJ action only became viable when the second request for an extension was retroactively granted (based upon Luv n' care's misrepresentations) more than a month after service of the Delaware action was perfected.

Further, Luv n' care's assertions do not excuse its failure to exercise diligence in serving the complaint. Most importantly, however, Luv n' care has not provided a shred of evidence that Bamed or non-party MAM are subject to jurisdiction in this District. Luv n' care instead merely advances conclusory statements and unsupported conjecture.

Luv n' care's assertions that allowing the Delaware action to proceed would not promote judicial economy are, likewise, without merit. In the Delaware action, an agreed upon Rule 16 Scheduling Order has been filed, the Rule 26(f) conference has been completed, the parties have

discussed and agreed upon how electronic discovery is to proceed and discovery has been

served.  In comparison, no Answer has been filed in the present action.  Additionally in the

Delaware action, Munchkin (Luv n' care's codefendant) has filed an Answer without contesting

jurisdiction and venue.  Munchkin has also opposed Luv n' care's motion to transfer the

Delaware action to Texas.  Further, Luv n' care, as a Louisiana corporation, with no place of

business in this District, has no connections with this forum.  As such, this action should be

dismissed in favor of the Delaware action to avoid duplicative proceedings, and to promote

judicial economy by allowing all claims to be fully litigated in a single action where all

defendants and all necessary and indispensable parties are present and subject to jurisdiction.

**1.    The present DJ action should be dismissed because Luv n' care did not exercise diligence in attempting to serve the complaint**

Even if Luv n' care's self-serving version of the facts are accepted, Luv n' care's failure

to seek a summons and first attempt to serve the complaint until eight (8) months after filing

requires dismissal of this action.  "[O]ne is required to be diligent in serving process, as well as

pure of heart, before good cause [justifying untimely service of the complaint] will be found."

*Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022 (5th Cir. 1995).  While Luv n' care points

to the negotiations in asserting good faith, Luv n' care does not assert that it took any action or

made any attempt to serve the complaint, including seeking a summons and translations, for

eight (8) months, which is fatal to this action.  *Sealed Appellant v. Sealed Appellee*, 452 F.3d

415, 417 (5th Cir. 2006)(affirming dismissal for failure to timely serve).  Additionally, Luv n'

care's failure to seek the first extension until eight (8) months, and to timely seek a second

extension, is indicia of a lack of diligence.  *Quann v. Whitegate-Edgewater*, 112 F.R.D. 649, 661

(D. Md. 1986)(opinion that timely application for an extension may be indicia of diligence)

(citations omitted).

Likewise, Luv n' care's reliance on the "inadvertent" translation of the complaint into the non-existent Swiss language (in actuality Swedish) does not evidence diligence or excuse Luv n' care's failure to timely serve the complaint. *Winters v. Teledyne Movible Offshore, Inc*., 776 F.2d 1304, 1306 (5th Cir. 1985)("simple inadvertence or mistake of counsel or ignorance of the rules" does not excuse failure to timely serve the complaint).

Moreover, Luv n' care's assertions are contradicted by the undisputed evidence. While Luv n' care asserts that it advised Bamed that its lawyers were "proceeding forward," Luv n' care does not address the extensive correspondence after filing the complaint where Luv n' care prospectively opined on the outcome of any future court challenge to the patents-in-suit; nor does Luv n' care explain why it concealed that it had filed the suit and failed to timely serve the complaint. Additionally, Luv n' care's assertions regarding the unrelated and irrelevant German proceedings do nothing more than establish that Bamed relied in good faith upon Luv n' care's statement seeking negotiations, instead of litigation. Although nothing prevented Luv n' care from filing suit during negotiations, the law requires that the complaint be served. Luv n' care does not dispute this. As such, Luv n' care's contradictory actions and assertions are irreconcilable.

In sum, even if Luv n' care's excuses for failing to serve the complaint for eleven (11) months were true, Luv n' care's assertions conclusively establish that it did not exercise diligence in attempting to timely serve the complaint. The present DJ action should be dismissed.

## 2.    Bamed and MAM are not subject to jurisdiction in this District

Luv n' care bears the burden of establishing that the Court may exercise jurisdiction over Bamed and MAM. *Arriaga v. Imperial Palace, Inc.*, 252 F.Supp.2d 380, 383 (S.D. Tex. 2003).

However, Luv n' care does not cite a single sale of a Bamed or MAM product in this District. Rather, Luv n' care relies on misrepresentations and conclusory statements. Luv n' care cites to the Juvenile Products Manufacturer's Association ("JPMA") trade show in Dallas, and concludes that MAM must have shown products there. Tellingly, Luv n' care does not provide a single exhibitor listing or brochure from the event identifying MAM (or Bamed) as an exhibitor. Luv n' care cannot because neither company was an exhibitor at the show. (Rohrig 2d Dec.; Ex. A & Wagner 2d Dec.; Ex. B). To the extent that MAM products were exhibited, Sassy, Inc., an independent company located in Michigan and exclusive distributor of MAM products in the U.S., was the exhibitor. (Exs. B, C). Neither MAM or Bamed took part at theses shows. (Exs. A, B).

Moreover, Luv n' care's citation to the September 2004 Kind + Jugend show in Cologne, Germany is simply misleading. Luv n' care points to a MAM exhibit at the Kind + Jugend show and then concludes that MAM exhibited at the Texas show based on a separate reference to the JPMA show on the bottom of the page. (Ex. D). These two shows are completely unrelated.

Luv n' care has, likewise, failed to provide any evidence that Bamed or MAM have sold products in this District. Luv n' care instead relies a single unsupported statement by Mr. Hakim. This conclusory statement is contradicted by the Second Declarations of Rohrig and Wagner, and the Sassy and MAM promotional literature. (Exs. A, B, C). "[W]hen unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegations." *In re Norplant Contraceptive Prods. Liab. Litig.*, 899 F.Supp. 315, 317 (E.D. Tex. 1995).

Independent company Sassy, as the exclusive U.S. distributor, negotiates with U.S. retailers, such as Wal-Mart or Target, and sells products. Neither Bamed or MAM engage in any

such activities, and do not have contacts with this forum. "[T]he proper exercise of personal jurisdiction over a nonresident corporation may not be based solely upon the contacts with the forum state of another corporate entity …" *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004).

Accordingly, this DJ action should be dismissed.

**3.    Luv n' care failed to join necessary and indispensable party MAM**

Luv n' care's assertion that it relied upon Bamed's statements in failing to name MAM as a party is irrelevant. Patent owners, such as MAM, are necessary and indispensable parties to patent actions. *Schwarz Pharma, Inc. v. Paddock Labs., Inc.*, 504 F.3d 1371, 1374 (Fed. Cir. 2007). The fact that MAM is the owner of the '083 design patent is publicly available. (Ex. E). Luv n' care did not undertake the slightest diligence to determine the necessary parties to this DJ action, which is inexcusable. *Winters*, 776 F.2d at 1306. Thus, the present DJ action should be dismissed. *See, e.g.*, *JLM Inv. v. Acer Petroleum Corp.*, 2001 WL 376331 *2 (N.D. Tex. 2001); *Cooper v. Digital Processing Sys., Inc.*, 182 F.R.D. 242 (N.D. Ohio 1998), *aff'd*, 215 F.3d 1342 (Fed. Cir. 1999).

**4.    Conclusion**

For the foregoing reasons, Bamed's motion to dismiss should be granted.

**5.    Bamed requests oral argument on this matter**

Dated: February 11, 2008

Respectfully submitted,

YOUNG, PICKETT & LEE
4122 Texas Blvd.-P.O. Box 1897
Texarkana, TX-AR 75504-1897
Telephone:    (903) 794-1303
Facsimile:    (903) 794-5098

By:     /s/ Lance Lee                                
        Lance Lee
        Texas Bar No.  24004762


        Neil F. Greenblum
        Michael J. Fink
        P. Branko Pejic
        **GREENBLUM & BERNSTEIN, P.L.C.**
        1950 Roland Clarke Place
        Reston, Virginia 20191
        (703) 716-1191


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED.R.CIV.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail this 11th day of February, 2008.


        /s/ LanceLee

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### Second Declaration of Peter Röhrig

I, Peter Röhrig, declare upon personal knowledge that the following is true and correct:

1.  Bamed AG does not manufacture nor sell products in, and has no contacts with, the State of Texas.

2.  Bamed AG is a Swiss holding company that does not sell products to retailers or consumers.

3.  Bamed AG has never sold products to any retailer for sale in the United States or Texas.

4.  Bamed AG has never negotiated with or sold products to Target, Wal-Mart or any similar United States retailer.

5.  Bamed AG manufactures products via a subsidiary in Hungary and subcontractors in Asia.

6.  Bamed AG does not sell these products in the United States. To the extent that any such products are ultimately sold in the United States, the products are sold to Sassy, and after taking possession, Sassy imports these products to its facility in Michigan. Sassy alone negotiates the transactions and sells the products to retailers, such as Target and Wal-Mart, in the United States. As such, Sassy is solely responsible for the sale of these products in the United States; Bamed is not involved and does not take part in any of the U.S. negotiations or sales

7.    Bamed AG has never exhibited at a Juvenile Products Manufacturer's Association trade show.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed:  February _M_ , 2008

_____
                         Peter Röhrig

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

<u>Second Declaration of Susanna Wagner</u>

I, Susanna Wagner, declare upon personal knowledge that the following is true and correct:

1.    I am currently the Chief Operating Officer of MAM Babyartikel GesmbH ("MAM"). I have held this position since March 1, 1993.

2.    As I have previously declared, MAM has no systematic or ongoing contacts with the State of Texas, and that MAM has made only seven (7) sales total into the State of Texas, which occurred in the years between 2004 to 2007.

3.    I am familiar with the Juvenile Products Manufacturer's Association ("JPMA") and their annual trade show.

4.    MAM has never exhibited at a JPMA trade show, and specifically, MAM did not exhibit at the 1997 or 2004 JPMA trade show in Dallas, Texas.

5.    To the extent that MAM products were exhibited at the 1997 or 2004 JPMA trade shows, these products were exhibited by Sassy Inc.  Sassy is an independent company that is the exclusive distributor of MAM products in the United States.

6.    Sassy has been the independent exclusive distributor of MAM products in the United States since 1983.

7.    MAM does not negotiate with nor sell products in the United States to retailers such as Target or Wal-Mart.  The sale of MAM products in the United States is limited to isolated and occasional sales to end use consumers.

8.    MAM products are sold to Sassy, and after taking possession, Sassy imports these products to its facility in Michigan.  Sassy alone negotiates the transactions and sells the products to retailers, such as Target and Wal-Mart, in the United States.  As such, Sassy is solely responsible for the sale of these products in the United States; MAM is not involved and does not take part in any of the U.S. negotiations or sales.

9.    I am also familiar with the Kind + Jugend trade show held annually in Cologne, Germany.

10.     MAM Babyartikel GmbH (Germany) which is an affiliated company to MAM
        exhibited at the September 2004 Kind + Jugend trade show, and regularly exhibits at
        this trade show in Cologne, Germany.

        I declare under penalty of perjury under the laws of the United States that the
foregoing is true and correct.

Executed: February ___, 2008        _____
                                    Susanna Wagner

# EXHIBIT C



HOME    ABOUT    PRODUCTS    RESOURCES    AGES & STAGES    WHERE TO BUY    CONTACT US    SHOP ONLINE

**SEARCH:**

 GO

**Login/Register**

**Shopping Cart** 

**PRODUCTS**

**Products by Age**

**Products by Category**



**STORE LOCATOR**

**WISH LIST**

## About Sassy

### Our Commitment

To caring parents, grandparents and gift givers worldwide, Sassy is the company that is constantly innovating and the brand of child products that you can trust for nurturing and developing your child because we have premium quality, unique design and coloration, meaningful and helpful purpose and value added features.

### Our History

The birth of Sassy, Inc. took place in 1982 with the purchase of the Sassy Seat Company of Fort Lauderdale, FL. Sassy initially had headquarters in Northbrook, IL and a manufacturing facility in Grand Rapids, MI.

During the 1980's, Sassy expanded through acquisitions that enhanced the image and sales of the company as a viable force in the juvenile products industry. The product line expanded to include an infant bouncer seat, feeding and nursing items.

In 1996, Sassy launched a line of unique toys created in partnership with developmental experts. Sassy's unique approach focused on stimulating four specific developmental areas during baby's first year of life. This approach, along with insightful designs, bright colors, and superior quality stood out in the infant toy category and the toys became a fast favorite with parents and babies.

 In 2002, Sassy was purchased by Russ Berrie and Company, Inc. Helping people celebrate and commemorate life's milestones, Russ Berrie is a leading manufacturer in the gift and juvenile products industry headquartered in Oakland, NJ. To learn more about Russ Berrie and Company and to view their newest products, please visit www.russberrie.com.

Today, Sassy continues to operate independently out of Kentwood, MI and Bannockburn, IL. Sassy enjoys distribution in all major trade channels, including mass market retailers, food chains, drug stores, catalogs, and independent baby and toy stores in the United States. In addition, Sassy products can be found in 29 countries worldwide. Sassy's extensive product categories have grown to include developmental and attachable toys, infant and toddler bath and feeding products, grooming and hygiene products, teething products, and room organization products. In addition, Sassy is the United States distributor of MAM Oral Development Products.

  

Interested in participating in discussion groups?

Site Map | International Distribution | Retail Account Log-In
Privacy Policy | Return Policy | Shipping Rates

© 2005 Sassy Inc. All Rights Reserved.



Nursery Rhyme Books $10.00 Each



Important News About Pacifiers... Pacifiers can reduce your baby's risk of SIDS. Learn More...



Developmental Playmat



HOME   ABOUT   PRODUCTS   RESOURCES   AGES & STAGES   WHERE TO BUY   CONTACT US   SHOP ONLINE

SEARCH: 

Login/Register

Shopping Cart



**Products by Age**

**Products by Category**





# About MAM



Sassy is the exclusive United States distributor of MAM oral development products. MAM's ever-expanding international presence has significantly contributed towards the worldwide recognition which the MAM group enjoys today. MAM products are available in 28 countries all over the world.

The MAM Company designs baby pacifiers and baby bottles that help prevent common problems like baby colic, baby ear infections, and ease the difficult transition from breast-feeding to bottle feeding. Babies use the sucking instinct to soothe themselves and nourish their bodies. Because the people at MAM understand this basic sucking instinct, they work with internationally known pediatric and dental specialists to design the safest orthodontic and ergonomically correct oral development products, including baby pacifiers, anti-colic infant bottles, and ergonomic nipples.

MAM oral development products are all presented with high baby fashion in mind. With contemporary colors, prints and styles, MAM products are always fashionable. So you can be assured when choosing just the right size and style, or coordinating your babies' wardrobe or clothing, MAM has built all of the necessary science and intelligence into all of your baby products...MAM means Happy Babies.







  

Interested in participating in discussion groups?

Site Map | International Distribution | Retail Account Log-In
Privacy Policy | Return Policy | Shipping Rates

© 2005 Sassy Inc. All Rights Reserved.

POWERED BY
BNET.com

FindArticles > Discount Store News > Oct 20, 1997 > Article > Print friendly

**JPMA hops into licensing bus; Pooh, Looney Tunes, Disney and Sesame Street rule - Juvenile Products Manufacturers Association exhibits various products for infants and toddlers featuring Winnie the Pooh, Baby Looney Tunes, Disney Babies and Sesame Street licenses**

Laura Liebeck

DALLAS -- Licensing is big business for the diaper set, even for infants who can't yet hold up their heads.

*[handwritten annotation: SEE REFERENCE TO M AM ON PAGE 3]*

At last month's Juvenile Products Manufacturers Association annual show in Dallas, hundreds of new products, plus updated existing ones, featured four key licenses that appeared in showroom after showroom: Baby Looney Tunes (now celebrating its first anniversary); Disney Babies (now available in a new 3D-effect process); Sesame Street (thanks to the overwhelming success last year of Tyco's Tickle Me Elmo doll and resulting line extensions); and Winnie the Pooh (both classic and updated versions). The characters were featured on nearly every juvenile product imaginable including bedding, bath, diaper bags and feeding items.

Products designed for the mass market were generally offered in either bright pastels or primary colors, compared to more subdued colors and applications slated for department stores. Soft goods, created for such mid-tier retailers as JCPenney, Sears Burlington Coat Factory and Babies "R" Us, often featured elements of both. This year denim and chambray fabrics graced many products, recreating the Baby Gap and OshKosh looks that are popular in apparel.

In such traditional juvenile products as high chairs. strollers, play yards and car seats, multiple-use themes dominated. Many manufacturers offered products that could be used in a variety of ways, extending the lives of the products. Particularly popular this year were infant car seats that fit into strollers; high chairs that transform from an infant feeding chair to a toddler seat and then into a casual-use chair; play yards with bassinet inserts, and potty seats that double as step stools.

Other trends at this year's show included:

* No-spill sippy cups;

* Color-changing feeding tools to tell parents when the food is too hot (with similar technology used for some bath toys);

* Gift sets that combine bedding, bath, feeding and play in diaper bags, buckets or storage boxes;

* Strollers with all-terrain wheels and other more rugged-looking features, playing off the popularity of mountain bikes;

* Vibrating teethers;

* Walkers with extra safety features.

* Car seats with extra safety features in anticipation of new, stricter federal guidelines, particularly with the car tether.

This year's JPMA show, held Sept. 27 to 30 at the Dallas Apparel Mart, featured 365 exhibitors spanning 600,000 sq. ft. Over 8,000 people were expected, making the event the largest in the association's 28-year history of hosting trade shows. Next year's show is scheduled to begin on Oct. 25, again in Dallas.

Juvenile products is a $4.23 billion industry at retail, a business that has grown over 400% since 1980 when sales were $850 million. Fueling the growth is the large number of births each year, now a bit shy of 4 million.

While thousands of products were on display, JPMA created a program that recognizes creativity and innovation in juvenile products called the "Show Off" Product Competition. Ten winners were selected by an industry panel. The winners were:

* Arm's Reach Bedside Co-Sleeper by Baby Trend: A play yard with insert to keep the infant at bed height for parents, making nighttime feedings within each reach.

* Ready Freddy time-out watch by Camp Kazoo: A timer that can be worn as a watch and which can count down 99 minutes.

* Century Next Step Car Seat: Transitions from infant car seat to adult vehicle seatbelts, adjustable side supports, recline and upright seat position and a lap/shoulder harness clip to keep the belt away from a child's neck.

* Gerry Amuse & Cruise Activity Center Wagon by Evenflo: An activity center and wagon in one. The activity center insert can be removed for easy wagon use.

* Animal Heads Up/Strap Cover by Gold Bug: A car seat cover with straps in assorted animal designs.

* Kelty Kangaroo Infant Carrier by Kelty Pack: An infant carrier that positions baby's weight on an adult's hips and waist instead of shoulder and neck.

* 1-2-3 Discovery Lane by The Maya Group: A three-stage modular play surface for children 3 to 18 months, featuring 10 activities that can be assembled in a variety of configurations.

* Power Strip Cover by Mommy's Helper: A secure cover for electrical strips.

* Teething Blanket by Munchkin: All-cotton blanket with attached pacifier and easy-to-grip edges.

* Bath Mobile by Summer Infant Products: "Noodle" activity arch for the bath attached to tub with suction cups.

Among the many other new products introduced at the show were:

* Century: The Next Step Car Seat; Grow With Me High Chair featuring side feeding tray and infant to toddler uses; Fold-n-Go Care Center, a play yard with bassinet and changing table insert on wheels with side storage.

* Cosco: Travel Vest car seat without the hard shell; Options High Chair/Youth Chair; infant to toddler chair-feeding system;

* Dolly: Musical wall art in popular licenses; diaper bag gift sets; voice activated night crib light.

* Evenflo: Stage cups, which includes nipple, sippy and straw drinking methods, part of the entire new line of feeding products.

* Fisher-Price: Remote Control Soother for crib; Pop Up Play Seat, play quilt and infant seat in one; Grow With Me Patio Table, height-adjustable and collapsible round patio set.

* Gerber Childrenswear: Mini sleeping bag with attached pillow in a see-through plastic tote.

* Gerber Products: New bath line of toys; training plate with rounded bowl edges and a suction bottom; one-piece nipple system.

* Graco: Baby Monitor with two receivers and Ultra Clear Monitor with light indicator; Graco Pram, converts from a pram to a stroller with a four-position seat and three height adjustments.

* Kolcraft: Secure car seat with a harness support made of pliable plastic; walker made with a 39-in. base.

* Luv n' Care: Dr. Seuss line of bibs and no-spill cups; six-stage feeding system, wide-mouth bottle that grows with the child.

* Playskool: One-piece spillproof cups with one-piece mechanism with nipple in the lid; Magic Reward Potty Step Stool with a bull's-eye star in the receptacle and an "I did it" door hang; color change bowl and spoon.

* Playtex: Cool Straw, lightly insulated cup with built-in straw; Eazy Feed Drop Ins Nurser with a burping feature gauge.

* Safety First: Musical Baby Gym & Walker; Fold-Up Potty.

 * Sassy/Mam: Dunk & Clunk developmental sorter; teethers that get to the back teeth; new bath toys line.

* Step 2: Snooze 'n Cruise toddler bed.

* The First Years: All-in-One High Chair, infant carrier and multi-position chair and toddler seat; ComforTemp underarm thermometer.

COPYRIGHT 1997 Reproduced with permission of the copyright holder. Further reproduction or distribution is prohibited without permission.
COPYRIGHT 2004 Gale Group

# EXHIBIT D

 **BabyShop** Worldwide
A companion newsletter to Baby Shop Magazine

**June 2004**

## In This Issue:

- Featuring - 11 Powerful Marketing Tips

- Meet the Maker - Up & Away, Inc.

- Trade Show Info - Read the Latest News About the Juvenile Product Trade Shows

- Baby Buzz - Product News and Press Releases from the Juvenile Product Industry

## Also See:

- Product Update Pages
- Highlights For Next Issue of Baby Shop Magazine
- Baby Shop and eBabyShop Archives

# Trade Show Information

Read news from: Kind + Jugend | JPMA

## Kind + Jugend – World's Largest Children's Outfitting Show

The restructuring of Kind + Jugend with a sharper focus on hardware is gaining widespread acceptance. With seven months to go before the start of the fair, almost all of the renowned hardware manufacturers have already registered to take part. For Markus Oster, Vice President at Koelnmesse GmbH, this is a clear vote of confidence for the new concept and the Cologne exhibition centre: "An additional boost has been provided by turning the conceptual focus more towards hardware and rescheduling Kind + Jugend for September. We have already received a large number of registrations, proving that the children's outfitting sector regards the Cologne event as the most important international trade fair and presentation platform."

Kind + Jugend will take place from 17th to 19th September 2004 and is expected to attract around 500 exhibiting companies, of which more than 400 suppliers will be presenting hardware products from the following segments: children's furniture, child safety seats, prams and buggies, textile outfittings, toys and games, and plastic, electrical and hygiene articles. The participating market leaders include Dorel Juvenile, Britax-Römer and Teutonia, Chicco, Mapa, Avent Cannon, Mam, Geuther, Paidi, Zöllner and Philips. The companies Mattel (Fisher Price), European Nursery Group, SIGG and Gruppo Giordani Giochi Preziosi will be taking part for the first time. What's more, numerous suppliers such as Alvi, Emmaljunga, Hoco, Jane, Tiny Love, MacLaren and Candide have once again expanded their stand areas. IGEKA, the interest group of the children's speciality stores, will also be presenting its products at a larger stand area, thus underlining Kind + Jugend's strong position as the world's largest and most important trade fair of its kind.

Both hardware products and the latest children's fashion will be presented at Kind + Jugend. Jacadi, Versace Young, Celebrity Kids, Jacky, Bondi-Dress, Malerba, Elting, Laufer and Baby-Staab are just some of the companies that have already confirmed their participation at this early stage. Full-range suppliers and related groups in particular will be able to profit from the close proximity to hardware suppliers.

Further information on **Kind + Jugend** and the range of services available can be found at: www.kindundjugend.de

**Kind + Jugend**
17th to 19th September 2004

 TOP

## 2004 International JPMA Show A Quality Event

 The recent 2004 International JPMA Show is proud to have maintained its status as the premier pre-natal to pre-school trade show in North America.

Hosting more than 1,270 buyers (967 ████████████████████████

domestic and 305 international), representing 772 companies, the 322 exhibitors (115 first time exhibitors) experienced valuable retailer attendance.



*"Many exhibitors have told us more orders were written at this show than any other show in recent history,"* commented Robert Waller, JPMA president. *"And ninety-five percent of retailers and exhibitors participated in Appointment-Only Day - our highest Appointment-Only Day participation ever - which proved the industry came to Dallas to work."*

Robert Omansky, national sales director of Munire Furniture commented, *"I could not have been more pleased with the response we received. Everyone hoped to see came to visit our showroom. Our showroom was always busy. We have no doubt this show was extremely worthwhile attending."*

*"We found the show to be quite beneficial for us, both from the quality buyers that came through our showroom to the peripheral meetings that were held. As marketing manager I was also very pleased with the number of media representatives that took the time to stop by and chat with us,"* said Carole Childs, marketing manager for KidCo.



Retailers also expressed their pleasure - from the quality of exhibitors, thousands of show specials and hundreds of new products, to the many show enhancements. Attendees experienced an enhanced show layout, to the many JPMA greeters and staff, to a variety of seminars, networking events and much more.

Along with the traditional Innovation Awards, Product Showcase, new products and trade show directories, the show hosted the winners of the first Annual JPMA Student Design Competition. Students from colleges and universities across the country competed for cash prizes and the opportunity to display their winning designs and talents.

*"The 2004 JPMA show provided opportunities above and beyond my expectations. I made great connections as well as what I believe will be life-long friendships. I am extremely grateful to JPMA for the honor and the memorable experience,"* said Rebecca Finell, the grand prize winner and a junior at Arizona State University.



The Juvenile Products Manufacturers Association is a national trade organization of more than 340 companies in the United States, Canada and Mexico. These companies manufacture and/or import infant products such as cribs, car seats, strollers, bedding, and a wide range of accessories and decorative items.For more information about JPMA, visit the

Web site at www.jpma.org or call 856-
638-0420.



---

Feature Article | Meet The Maker | Trade Show Info | Baby Buzz

**A Spindle Publishing Company, Inc. Production**
Subscribe | Unsubscribe

# EXHIBIT E



**United States Patent and Trademark Office**

Home | Site Index | Search | Guides | Contacts | eBusiness | eBiz alerts | News | Help



## Assignments on the Web > Patent Query

# Patent Assignment Abstract of Title
## *NOTE:Results display only for issued patents and published applications. For pending or abandoned applications please consult USPTO staff.*

**Total Assignments: 2**

**Patent #:** D441083     **Issue Dt:** 04/24/2001     **Application #:** 29127383     **Filing Dt:** 08/03/2000
**Inventor:** Peter Roehrig
**Title:** Pacifier

**Assignment: 1**

**Reel/Frame:** 010982/0497     **Recorded:** 08/03/2000     **Pages:** 2
**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
**Assignor:** ROEHRIG, PETER     **Exec Dt:** 07/20/2000
**Assignee:** MAM BABYARTIKEL GESELLSCHAFT M.B.H.
        DEGENGASSE 70
        A-1160 VIENNA, AUSTRIA
**Correspondent:** ABELMAN, FRAYNE & SCHWAB
        JAY S. CINAMON
        150 EAST 42ND STREET
        NEW YORK, NEW YORK 10017

**Assignment: 2**

**Reel/Frame:** 020261/0321     **Recorded:** 12/18/2007     **Pages:** 3
**Conveyance:** ASSIGNMENT OF ASSIGNORS INTEREST (SEE DOCUMENT FOR DETAILS).
**Assignor:** BERANEK, ERNST W.     **Exec Dt:** 12/07/2007
**Assignee:** MAM BABYARTIKEL GESELLSCHAFT M.B.H.
        DEGENGASSE 70
        VIENNA, AUSTRIA A-1160
**Correspondent:** GREENBLUM & BERNSTEIN, P.L.C.
        1950 ROLAND CLARKE PLACE
        RESTON, VA 20191

Search Results as of: 01/14/2008 02:54 PM
If you have any comments or questions concerning the data displayed, contact PRD / Assignments at 571-272-3350. v.2.0.1
Web interface last modified: April 20, 2007 v.2.0.1

| .HOME | INDEX | SEARCH | eBUSINESS | CONTACT US | PRIVACY STATEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 4:06CV486 |
| | ) | |
| BAMED AG, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## **DECLARATION OF P. BRANKO PEJIC TO REPLY OF BAMED IN SUPPORT OF ITS MOTION TO DISMISS**

I, P. Branko Pejic, hereby declare as follows:

    1.    I am one of the attorneys representing BAMED AG ("BAMED") in this matter, and have personal knowledge of the facts described herein.

    2.    This declaration is being filed to certify the Exhibits to Defendant BAMED's Reply In Support Of Its Motion To Dismiss.

    3.    Exhibit A is a true and correct copy of the Second Declaration of Peter Röhrig, dated February 11, 2008.

    4.    Exhibit B is a true and correct copy of the Second Declaration of Susanna Wagner, dated February 11, 2008.

    5.    Exhibit C are true and correct copies of the About Sassy and About MAM sections of the Sassy web page, printed on February 3, 2008; and the article by Laura Liebeck located on the findarticles.com web page printed on January 27, 2008 (also submitted by Luv n'care as Exhibit E to its Opposition to BAMED's Motion to Dismiss).

    6.    Exhibit D is a true and correct copy the 2004 International JPMA Show A Quality Event advertisement located in the Trade Show Information section of the BabyShop Magazine web page, printed January 27, 2008 (also submitted by Luv n'care as Exhibit E to its Opposition to BAMED's Motion to Dismiss).

    7.    Exhibit E is a true and correct copy of the United States Patent and Trademark Office Patent Assignment Records of US Design Patent No. D441,083.

    I hereby declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of February, 2008.

By:_____

           P. Branko Pejic

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:06CV486 |
| | § | |
| BAMED AG, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## JOINT MOTION FOR ENTRY OF AN ORDER TRANSFERRING CASE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the parties in the above-styled cause of action and for this Joint Motion for Entry of an Order Transferring Case state as follows:

### I.

Presently pending before this Court is Defendant's Motion to Dismiss  (Dkt. #13). In addition, parallel litigation is pending between the parties to this matter in the District of Delaware, said action being styled *Mam Baby Artikel GmbH, et al. v. Luv n' care, Ltd., et al.*; Civ. No.  7-608-SLR. Rather than litigate motions to dismiss and transfer in Texas and Delaware, and in view of the fact that Defendant Munchkin in the Delaware suit has expressed its desire to continue with that Delaware suit, the parties have negotiated a stipulation which would transfer this action to the District of Delaware. The Stipulation is attached hereto as Exhibit A. This Joint Motion seeks Court approval of the negotiated Stipulation and entry of an order transferring this matter to the District of Delaware for resolution of all disputes between the parties.

II.

**WHEREFORE, PREMISES CONSIDERED**, the parties respectfully request that the

Court grant this Joint Motion for Entry of an Order Transferring Case.

Respectfully submitted,

YOUNG, PICKETT & LEE

4122 Texas Blvd.-P.O. Box 1897

Texarkana, TX-AR 75504-1897

Telephone:     903/794-1303

Facsimile:     903/794-5098

By:     */s/ Lance Lee*

Lance Lee

wlancelee@aol.com

Texas Bar No.  24004762

LAW OFFICE OF MORRIS E. COHEN, PC

1122 Coney Island Avenue, Suites 216-217

Brooklyn, NY 11230

Telephone: (718) 859-8009

Facsimile: (718) 859-3044

By:     */s/ Morris E. Cohen*

w/permission */s/ Lance Lee*

Morris E. Cohen

mcohen@ipcases.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to FED.R.CIV.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail this 11th day of March, 2008.


_/s/ Lance Lee_
Lance Lee

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MAM BABYARTIKEL GMBH, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 07-608-SLR |
| | ) | |
| v. | ) | |
| | ) | |
| LUV N' CARE, LTD. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND PROPOSED ORDER

WHEREAS, on December 1, 2006, Luv n' care, Ltd ("Luv n' care") filed a declaratory action in the Eastern District of Texas captioned Luv n' care, Ltd. v. Bamed AG, Civil Action No. 4:06-cv-00486 (MHS)(DDB) ("the Texas suit");

WHEREAS, on October 4, 2007, Mam Babyartikel GmbH ("Mam") and Bamed AG ("Bamed") filed an action in the District of Delaware captioned Mam Babyartikel GmbH and Bamed AG v. Luv n' care, Ltd. and Munchkin, Inc., Civil Action No. 07-608-SLR ("the Delaware suit");

WHEREAS, Luv n' care has filed a motion to dismiss or transfer the Delaware suit, which motion is currently pending;

WHEREAS, Bamed has filed a motion to dismiss the Texas suit, which motion is currently pending;

WHEREAS, Defendant Munchkin in the Delaware suit has expressed its desire to continue with the Delaware suit;

WHEREAS, Luv n' care, Mam, Bamed, and Munchkin, Inc. ("Munchkin") have conferred in an attempt to settle their differences regarding the appropriate district and venue to hear the disputes between the parties; and,

WHEREAS, the Luv n' care, Mam and Bamed have agreed that the pending motions to dismiss and/or transfer in the Texas suit are withdrawn with prejudice.

Therefore, the parties have agreed and stipulate, subject to Court approval, as follows:

1.   All pending motions to dismiss and/or transfer in the Delaware suit are hereby withdrawn with prejudice.

2.   In view of the Delaware court's jurisdiction over Munchkin and Munchkin's desire to proceed therein, and to consolidate both pending suits into proceedings before a single court, all of the parties hereby stipulate to transfer of the declaratory judgment claims in the Texas suit to Delaware, for consolidation with the Delaware suit.  The parties consent to having the Delaware court hear all claims brought within the Texas and Delaware suits, and waive all objections to personal jurisdiction, venue, or service of process previously raised.

3.   Pursuant to the agreement between the parties, and notwithstanding any local rules in the District of Delaware to the contrary, the transfer of the Texas suit to Delaware, and the filing of any counterclaims in the Delaware suit, shall not constitute consent to any depositions of Defendant Luv n' care in Delaware.  Any depositions of Luv n' care's fact witnesses shall be held in Monroe, Louisiana, depositions of Munchkin's fact witnesses shall be held in North Hills, California, and depositions of Bamed and Mam's witnesses shall be held in Reston, Virginia, or such other reasonable location designated by those parties.  Additionally, depositions of a party's expert witnesses shall be held in a

reasonably convenient location designated by that party.  The parties acknowledge that Luv n' care's consent to the terms of this stipulation is expressly contingent upon approval of the present provision by the Delaware court.

4.      Upon entry of this stipulation and proposed order and the order before the courts in Texas incorporating the relevant terms of this stipulation, and issuance of notice from the Delaware court that the Texas suit has been transferred and consolidated with the Delaware suit, the applicable parties shall have twenty (20) days to file their Answers to the Complaints previously filed in the Texas and Delaware suits, or such further time as mutually agreed by the parties or granted by the Court.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff
_____
Adam W. Poff (#3990)
Chad S.C. Stover (#4919)
The Brandywine Building,
1000 West Street, 17th Floor
Wilmington, DE  19801
(302) 571-6600
apoff@ycst.com

Neil F. Greenblum
Michael J. Fink
Neal Goldberg
Greenblum & Bernstein, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
(703) 716-1191

*Attorneys for MAM Babyartikel GmbH and Bamed AG*

Dated:  March 6, 2008

RICHARDS, LAYTON & FINGER, P.A.

/s/ Jeffrey L. Moyer
_____
Frederick L. Cottrell, III (#2555)
Jeffrey L. Moyer (#3309)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Moyer@rlf.com

John L. Knoble
Knoble Yoshida & Dunleavy LLC
Eight Penn Center, Suite 1350
1628 John F. Kennedy Boulevard
Philadelphia, PA 19103

*Attorneys for Munchkin, Inc.*

Dated:  March 6, 2008

FINGER & SLANINA, LLC

/s/  David L. Finger

_____
David L. Finger (#2556)
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
dfinger@delawgroup.com

Joe D. Guerriero, Esquire
Luv n' care, Ltd. General Counsel
3030 Aurora Avenue
Monroe, LA 71201
(318) 338-3603
joed@luvncare.com

Morris E. Cohen, Esquire
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue
Suites 216-217
Brooklyn, NY 11230
(718) 859-8009
mcohen@ipcases.com

*Attorrney for Defendant Luv' n care Ltd.*

Dated:  March 6, 2008


_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:06CV486 |
| | § | |
| BAMED AG, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## <u>ORDER</u>

Presently pending before the Court is a Joint Motion for Entry of an Order Transferring Case. The Court having reviewed the Motion, as well as the Stipulation attached thereto as Exhibit A, finds that the Motion is well taken and the Stipulation should be approved. Therefore, it is hereby

ORDERED, ADJUDGED and DECREED that the Stipulation attached as Exhibit A to the parties Motion is incorporated by reference into this Order. It is further

ORDERED that this matter is TRANSFERRED to the District of Delaware. It is further

ORDERED that any and all pending Motions are DENIED.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:06CV486 |
| | § | |
| BAMED AG, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## ORDER

Presently pending before the Court is a Joint Motion for Entry of an Order Transferring Case. The Court having reviewed the Motion, as well as the Stipulation attached thereto as Exhibit A, finds that the Motion is well taken and the Stipulation should be approved. Therefore, it is hereby

ORDERED, ADJUDGED and DECREED that the Stipulation attached as Exhibit A to the parties Motion is incorporated by reference into this Order. It is further

ORDERED that this matter is TRANSFERRED to the District of Delaware. It is further

ORDERED that any and all pending Motions are DENIED.

**SIGNED this 13th day of March, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LUV N' CARE, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:06CV486 |
| | § | |
| BAMED AG, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court is Defendant's Motion to Dismiss Pursuant to Rules 12, 19 and the Federal

Declaratory Judgment Act.  Having considered the Motion, the Court finds that it is well taken.

Therefore, it is hereby

ORDERED, ADJUDGED and DECREED that Defendant's Motion to Dismiss Pursuant to

Rules 12, 19 and the Federal Declaratory Judgment Act is GRANTED.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LUV N' CARE, LTD. <br><br>                Plaintiff, <br><br>      v. <br><br> BAMED AG, <br><br>             Defendant. | **Civil Action No.:** <br><br> 4:06-cv-00486 (MHS)(DDB) |

**ORDER**

Upon review and consideration of Defendant Bamed's Motion to Dismiss Pursuant to Rules 12, 19, and the Federal Declaratory Judgment Act, Plaintiff Luv n' care's Response in Opposition to the Motion, and all of the parties' submissions in connection therewith,

IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED.